UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

### APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant, Hornbeam Corporation ("**Applicant**"), by and through its undersigned counsel, applies for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on Mordechai Korf, Felman Trading Inc., Felman Production LLC, Optima International of Miami, Inc., Optima Fixed Income LLC, Optima Industrial Management, LLC, Georgia American Alloys Inc., Optima Specialty Steel, Inc., Optima Ventures LLC, Optima Acquisitions LLC, Optima Group, LLC, Optima Highland LLC, 5251 36st LLC, CC Metals & Alloys LLC, and Felman Production Inc. (collectively, the "**Discovery Subjects**") for the deposition of the Discovery Subjects' key employee(s) and production of relevant documents in the possession, custody, and/or control of the Discovery Subjects for the use in several contemplated foreign proceedings, all for the reasons set forth in this Application; the Declarations of James H. Power, dated December 23, 2014 (the "**Power Declaration**"); Fabrizio N. Campanile, dated December 23, 2014 (the "**Campanile Declaration**"); Vadim N. Shulman, dated December 17, 2014 (the "**Shulman Declaration**"); and Michael J. Fay, dated December 18, 2014 (the "**Fay Declaration**"); as well as the exhibits thereto; and the Memorandum of Law; submitted contemporaneously with this Application.

Under 28 U.S.C. § 1782, an applicant may be granted discovery in the United States in aid of a foreign proceeding within reasonable contemplation if the applicant is an interested party to the contemplated proceeding and if the information sought is located within the district.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this Application is for discovery involving depositions of key individual(s) and the production of documents located within the Southern District of Florida, discovery relevant and important to assist Applicant in its contemplated foreign court proceeding(s). At all times material herein, Hornbeam is and was a foreign business entity incorporated in the Republic of Panama with its registered address at MMG Tower, 53rd E Street. Urbanizacion Marbella, Panama, Republic of Panama.

Venue in the Southern District of Florida is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from the Discovery Subjects that are located within this Judicial District, along with the documents being presently in this jurisdiction.

## CONTEMPLATED FOREIGN PROCEEDINGS

Applicant seeks discovery with respect to witnesses and documents located in the United States and in this District for use in the following foreign proceedings:

(i) the reasonably contemplated litigation against Halliwel Assets Inc. ("**Halliwel**"), and its other shareholders Marigold Trust Company Limited ("**Marigold**"), and Mr. Panikos Symeou ("**Symeou**"), as agent/trustee for Mr. Igor Kolomoisky ("**Kolomoisky**") for violation of the BVI Business Companies Act of 2004, including, without limitation, an accounting, valuation, shareholder oppression, and

2

buyout, that will be filed in the Commercial Division of the High Court of Justice, British Virgin Islands;

(ii) the reasonably contemplated litigation by Mr. Vadim Shulman ("**Shulman**") or one of the entities to which he is the ultimate beneficial owner, like Hornbeam, against Symeou, in both his capacity as the Director of Halliwel and Secretary of Warren Steel, in a jurisdiction currently unknown,[1] for breach of contract, fiduciary duties, and other duties associated with his positions, as well as for other extra-contractual liabilities; and

(iii) the reasonably contemplated litigation by Shulman, or one of his entities to which he is the ultimate beneficial owner, against Kolomoisky and/or Mr. Genady Bogolubov ("**Bogolubov**"), or one or more of their entities to which either or both are the ultimate beneficial owner(s), in a jurisdiction currently unknown for breach of the Joint Venture Agreement (defined below) arising from Kolomoisky's and Bogolubov's failure to compensate Shulman for his initial investments, including, without limitation, Shulman's purchase of the Steel Factory (defined below) for $13.5 million and his further roughly $15 million investment in the Steel factory, as Kolomoisky and Bogolubov had agreed.

## **RELEVANT FACTS**

The facts giving rise to this Application are set forth in detail in the Power Declaration, the Campanile Declaration, the Shulman Declaration, and the Fay Declaration, as well as the exhibits thereto.

---

[1] While the proper place of jurisdiction for this reasonably contemplated claim is currently unknown, it is likely that this claim will be pursued in either the BVI, Cyprus, Jersey, Ukraine or in some combination of jurisdictions.

According to the declarations, the dispute can be briefly summarized as follows:

While there are multiple entities and individuals involved in the interrelated actions, this dispute is really between three individuals: Shulman, Kolomoisky, and Bogolubov (the "**Principals**"). In 2001, Shulman knew of an investment opportunity in a steel factory, including its equipment and associated real property, in Warren, Ohio (the "**Steel Factory**"), and he shared this opportunity with Kolomoisky and Bogolubov (the "**Other Ultimate Beneficial Owners**").

The Principals subsequently agreed to enter into a Steel Factory-related joint venture (the "**Joint Venture**"). It was the overall idea that the Principals would act for the benefit of the Joint Venture and contribute and share in the aggregate of all investments, all profits, and all losses to which the three agreed (the "**Joint Venture Agreement**"). Relying on the Joint Venture Agreement, Shulman initially allocated roughly $28.5 million on behalf of the Joint Venture into the Steel Factory.

The Steel Factory was later transferred to Warren Steel, the entity which is the subject of this dispute, which is a wholly owned subsidiary and the sole asset of Halliwel. Hornbeam, which is ultimately beneficially owned by Shulman, is a one-third owner of Halliwel. Kolomoisky and Bogolubov each ultimately beneficially own the other two-thirds of Halliwel. Accordingly, the Principals ultimately beneficially own Halliwel, one-third each.

Despite their obligation to do so, the Other Ultimate Beneficial Owners never compensated Shulman for his initial $28.5 million investment. Instead of compensating Shulman, the Other Ultimate Beneficial Owners appear to be using entities and individuals under their control to execute an elaborate self-dealing scheme focused on exploiting Warren Steel. It appears that the Other Ultimate Beneficial Owners are forcing Warren Steel to transact with related parties on terms unfavorable to Warren Steel and to accept ill-advised on-demand loans secured by Warren

Steel's assets and revenues from parties related to Kolomoisky, Bogolubov, or Warren Steel's president, Mordechai Korf ("**Korf**"), but not Shulman. Moreover, the Other Ultimate Beneficial Owners kept Shulman and Hornbeam in the dark as to the extent of these interested transactions and related-party loans totaling roughly $62 million now enjoy security in Warren Steel alleged to be in priority to other unrelated parties, which may have potentially legitimate interests.

In August 2014, after years of investigation and requesting information, Hornbeam received a limited disclosure of financial documentation related to Warren Steel, which was reviewed by FTI Consulting LLP ("**FTI**"), a financial forensic and litigation consultant.

FTI determined that the limited disclosure was incomplete and appeared to contain significant anomalies. FTI notes that there are significant discrepancies in terms of Warren Steel's books and ledgers, ranging from unbalanced debits and credits, to suspicious round-number payments to "related" counterparties including Korf personally, and most importantly, a potential undervalue transfer scheme (selling goods to related parties for less than their true value and/or buying goods from related parties for more than their true value as a means of covertly transferring funds).

Accordingly, it appears that Kolomoisky and Bogolubov have breached the Joint Venture Agreement and are manipulating Warren Steel, Halliwel's sole asset, for their benefit to the detriment of Shulman and Hornbeam. However, more information is necessary to determine the extent of their scheme and its specific details before a fair value of Hornbeam's shares can be determined.

## REQUEST FOR DISCOVERY ASSISTANCE

Applicant respectfully requests that the Court provide discovery assistance with respect to the Non-U.S. Proceedings. Applicant requests that the Discovery Subjects, including their key

employee(s), that are present in the Southern District of Florida, be directed to provide discovery, described below, for use in the contemplated Non-U.S. proceedings. As more specifically described in Applicant's Memorandum of Law in Support of an Application for Discovery Pursuant to 28 U.S.C. § 1782, assistance is appropriate here because: (i) each of the Discovery Subjects "resides" at or is "found" in this District; (ii) Applicant is an "interested person" (as a party to the contemplated Non-U.S. Proceedings); and (iii) the Non-U.S. proceedings are reasonably contemplated to be commenced before a "foreign or international tribunal," and the information obtained will be for use in and in support of the foreign proceedings.

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicant requests that this Court enter an Order:

1) Authorizing Applicant to issue and serve subpoenas on the Discovery Subjects for the testimony of Mordechai Korf ("**Korf**") and/or each Discovery Subject's key employee(s) regarding the following topics:

   a) The Discovery Subject's corporate structure;

   b) The Discovery Subject's financial records concerning Warren Steel, business transactions with Warren Steel, or loans to Warren Steel, including the source of each loans origination and the account from which each loan was made;

   c) The Discovery Subject's business transactions with Warren Steel;

   d) The Discovery Subject's document retention policies; and

   e) The Discovery Subject's communications and relationship with Related Party Lenders, Related Entities, and Related Individuals (all defined below) concerning Warren Steel, business transactions with Warren Steel, or loans to Warren Steel.

2) Authorizing Applicant to issue and serve subpoenas to inspect the Discovery Subjects' premises.

3) Authorizing Applicant to issue and serve subpoenas on the Discovery Subjects for the production of the following documents:

   a) All documents and communications concerning the Discovery Subjects' corporate structure, including their a corporate organization chart as well as all documents and communications concerning the same.

   b) The Discovery Subjects' officer, employee and department organizational charts and/or lists as well as all documents and communications concerning the same.

   c) All documents and communications concerning all loans and credit transactions to which Warren Steel is a party.

   d) All documents and communications, concerning any transaction, loan, agreement, contract, invoice or understanding with Warren Steel.

   e) All documents and communications that are or are concerning internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the liabilities of Warren Steel from January 1, 2006 to the present.

   f) All invoices, contracts and agreements concerning Warren Steel.

   g) All documents and communications concerning any bank accounts maintained for the benefit of or utilized by Warren Steel.

   h) All documents and communications concerning all loans and credit transactions to which Warren Steel is a party.

i) All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following entities that according to the Declaration of Fabrizio N. Campanile, dated December 23, 2014 (the "**Campanile Decl.**"), including the FTI report and appendices thereto (Campanile Decl., Exs. 34-35), are related to Kolomoisky, Bogolubov, and/or Korf and have provided loans to Warren Steel (the "**Related Party Lenders**"):

  i) Divot Enterprises Limited;

  ii) 5251 36th Street LLC;

  iii) CC Metal and Alloys LLC;

  iv) Felman Trading, Inc.;

  v) Mordechai Korf, a/k/a Motti Korf;

  vi) Optima Acquisitions, LLC;

  vii) Optima Fixed Income LLC;

  viii) Optima Group LLC;

  ix) Optima International of Miami, Inc.;

  x) Optima Ventures, LLC;

  xi) Querella Holdings Limited;

  xii) Felman Production, LLC;

j) All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following entities that according to the Campanile Decl. and the FTI report and appendices thereto (Campanile Decl. Exs. 34-35), are related to Shulman, Kolomoisky, Bogolubov, and/or Korf (the "**Related Entities**"):

  i) Kentucky Electric Steel;

ii) Felman Trading Inc.;

iii) Felman Production Inc.;

iv) Raytrans Management LLC;

v) CC Metals & Alloys LLC;

vi) Optima Ventures LLC;

vii) Optima Acquisitions LLC;

viii) Optima International of Miami, Inc.;

ix) Optima Group LLC;

x) Optima Fixed Income LLC;

xi) Querella Holdings Limited;

xii) Optima Industrial Management LLC;

xiii) Optima Highland LLC;

xiv) Georgian American Alloys Inc.;

xv) Optima Specialty Steel, Inc.;

xvi) Divot Enterprises Limited;

xvii) Marigold Trust Company Limited;

xviii) Divot Enterprises Limited;

xix) 5251 36th Street LLC;

xx) Hornbeam Corporation;

xxi) Tectum Trust Management Establishment;

xxii) Instrad Limited;

xxiii) Plama Limited;

xxiv) Bracha Foundation;

9

    xxv)    Marigold Trust Company Limited;

    xxvi)    Divot Enterprises Limited;

    xxvii)    Privat Intertrading a/k/a ZAO Privat Intertrading;

    xxviii)    Privat Group;

    xxix)    Haftseek Investments Ltd.;

    xxx)    GM Georgian Manganese Holdings Ltd.;

    xxxi)    Georgian Manganese, LLC;

    xxxii)    Optima Industrial Management, LLC; and

    xxxiii)    Vartsikhe 2005, LLC.

k)    All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following individuals that according to the Campanile Decl. and the FTI report and appendices thereto (Campanile Decl. Exs. 34-35), are related to Shulman, Kolomoisky, Bogolubov, and/or Korf (the "**Related Individuals**"):

    i)    Vadim Shulman;

    ii)    Verena Ernst;

    iii)    Ronny Pifko;

    iv)    Fabrizio Campanile;

    v)    Neophistos Savvides;

    vi)    Mordechai Korf;

    vii)    Panikos Symeou;

    viii)    Artemis Mildoni;

    ix)    Christou Thanos;

    x)    Timur Novikov;

      xi)     Igor Kolomoisky; and

      xii)    Genady Bogolubov.

4) Directing the Discovery Subjects to produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

5) Directing the Discovery Subjects to preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of the Applicant's document request.

6) Retaining jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by Applicant.

*****

In summary, based on the reasons set forth in this Application; the Declarations of James H. Power, dated December 23, 2014; Fabrizio N. Campanile, dated December 23, 2014; Vadim N. Shulman, dated December 17, 2014; and Michael J. Fay, dated December 18, 2014; as well as the exhibits thereto; and the Memorandum of Law; Applicant clearly meets the requirements of 28 U.S.C. § 1782, and this Application for the Order should be granted.

Dated:        Miami, Florida
                December 29, 2014

HOLLAND & KNIGHT LLP

By: /s/Adolfo E. Jimenez
Adolfo E. Jiménez (FBN 869295)
Brian A. Briz (FBN 657557)
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799
Email: adolfo.jimenez@hklaw.com
Email: brian.briz@hklaw.com

James H. Power
(*Pro Hac Vice* to be submitted)
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Facsimile: (212) 385-9010
Email: james.power@hklaw.com

*Attorneys for Hornbeam Corporation*