UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14 - mc - 24887 - PAS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## ORDER GRANTING HORNBEAM CORPORATION'S APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court by an application for discovery pursuant to 28 U.S.C. § 1782 (the "**Application**") filed by Hornbeam Corporation ("**Applicant**"). Having reviewed the Application and Applicant's supporting memorandum, the declarations of James H. Power, dated December 23, 2014, Fabrizio N. Campanile, dated December 23, 2014, Vadim N. Shulman, dated December 17, 2014, and Michael J. Fay, dated December 18, 2014, as well as the exhibits thereto, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1) The Application is GRANTED.

2) Applicant is authorized to issue and serve subpoenas on Mordechai Korf, Felman Trading Inc., Felman Production LLC, Optima International of Miami, Inc., Optima Fixed Income LLC, Optima Industrial Management, LLC, Georgia American Alloys Inc., Optima Specialty Steel, Inc., Optima Ventures LLC, Optima Acquisitions LLC, Optima Group, LLC, Optima Highland LLC, 5251 36st LLC, CC Metals & Alloys LLC, and Felman Production Inc. (collectively, the "**Discovery Subjects**"), for the testimony of Mordechai Korf ("**Korf**") and/or each Discovery Subject's key employee(s) regarding the following topics:

  a) The Discovery Subject's corporate structure;
  b) The Discovery Subject's financial records concerning Warren Steel Holdings LLC ("**Warren Steel**"), business transactions with Warren Steel, or loans to Warren Steel, including the source of each loans origination and the account from which each loan was made;
  c) The Discovery Subject's business transactions with Warren Steel;
  d) The Discovery Subject's document retention policies; and
  e) The Discovery Subject's communications and relationship with Related Party Lenders, Related Entities, and Related Individuals (all defined below) concerning Warren Steel, business transactions with Warren Steel, or loans to Warren Steel.
3) Applicant is authorized to issue and serve subpoenas to inspect the Discovery Subjects' premises.
4) Applicant is authorized to issue and serve subpoenas on the Discovery Subjects for the production of the following documents:
  a) All documents and communications concerning the Discovery Subjects' corporate structure, including their a corporate organization chart as well as all documents and communications concerning the same.
  b) The Discovery Subjects' officer, employee and department organizational charts and/or lists as well as all documents and communications concerning the same.
  c) All documents and communications concerning all loans and credit transactions to which Warren Steel is a party.
  d) All documents and communications, concerning any transaction, loan, agreement, contract, invoice or understanding with Warren Steel.

e) All documents and communications that are or are concerning internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the liabilities of Warren Steel from January 1, 2006 to the present.

f) All invoices, contracts and agreements concerning Warren Steel.

g) All documents and communications concerning any bank accounts maintained for the benefit of or utilized by Warren Steel.

h) All documents and communications concerning all loans and credit transactions to which Warren Steel is a party.

i) All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following entities that according to the Declaration of Fabrizio N. Campanile, dated December 23, 2014 (the "**Campanile Decl.**"), including the FTI report and appendices thereto (Campanile Decl., Exs. 34-35), are related to Kolomoisky, Bogolubov, and/or Korf and have provided loans to Warren Steel (the "**Related Party Lenders**"):

   i) Divot Enterprises Limited;

   ii) 5251 36th Street LLC;

   iii) CC Metal and Alloys LLC;

   iv) Felman Trading, Inc.;

   v) Mordechai Korf, a/k/a Motti Korf;

   vi) Optima Acquisitions, LLC;

   vii) Optima Fixed Income LLC;

   viii) Optima Group LLC;

    ix) Optima International of Miami, Inc.;

    x) Optima Ventures, LLC;

    xi) Querella Holdings Limited; and

    xii) Felman Production, LLC.

j) All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following entities that according to the Campanile Decl. and the FTI report and appendices thereto (Campanile Decl. Exs. 34-35), are related to Shulman, Kolomoisky, Bogolubov, and/or Korf (the "**Related Entities**"):

    i) Kentucky Electric Steel;

    ii) Felman Trading Inc.;

    iii) Felman Production Inc.;

    iv) Raytrans Management LLC;

    v) CC Metals & Alloys LLC;

    vi) Optima Ventures LLC;

    vii) Optima Acquisitions LLC;

    viii) Optima International of Miami, Inc.;

    ix) Optima Group LLC;

    x) Optima Fixed Income LLC;

    xi) Querella Holdings Limited;

    xii) Optima Industrial Management LLC;

    xiii) Optima Highland LLC;

    xiv) Georgian American Alloys Inc.;

    xv)    Optima Specialty Steel, Inc.;

    xvi)    Divot Enterprises Limited;

    xvii)    Marigold Trust Company Limited;

    xviii)    Divot Enterprises Limited;

    xix)    5251 36th Street LLC;

    xx)    Hornbeam Corporation;

    xxi)    Tectum Trust Management Establishment;

    xxii)    Instrad Limited;

    xxiii)    Plama Limited;

    xxiv)    Bracha Foundation;

    xxv)    Marigold Trust Company Limited;

    xxvi)    Divot Enterprises Limited;

    xxvii)    Privat Intertrading a/k/a ZAO Privat Intertrading;

    xxviii)    Privat Group;

    xxix)    Haftseek Investments Ltd.;

    xxx)    GM Georgian Manganese Holdings Ltd.;

    xxxi)    Georgian Manganese, LLC;

    xxxii)    Optima Industrial Management, LLC; and

    xxxiii)    Vartsikhe 2005, LLC.

k) All documents and communications concerning any transaction, loan, agreement, contract, invoice or understanding with any of the following individuals that according to the Campanile Decl. and the FTI report and appendices thereto (Campanile Decl. Exs.

34-35), are related to Shulman, Kolomoisky, Bogolubov, and/or Korf (the "**Related Individuals**"):

    i)      Vadim Shulman;

    ii)     Verena Ernst;

    iii)    Ronny Pifko;

    iv)    Fabrizio Campanile;

    v)      Neophistos Savvides;

    vi)    Mordechai Korf;

    vii)   Panikos Symeou;

    viii)  Artemis Mildoni;

    ix)    Christou Thanos;

    x)      Timur Novikov;

    xi)    Igor Kolomoisky; and

    xii)   Genady Bogolubov.

5) The Discovery Subjects shall produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

6) The Discovery Subjects shall preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of the Applicant's document request.

7. The Court shall retain jurisdiction over the matter for the purpose of enforcement and assessing any supplemental request for discovery assistance that may be requested by the Applicant.

8. A Copy of this Order shall be served with each discovery demand.

**DONE AND ORDERED** in Chambers at Miami, Florida on this ___ day of February 2015.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Patricia A. Seitz
    Counsel of Record