UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-MC-24887-PAS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

**HALLIWEL ASSETS, INC. AND PANIKOS SYMEOU'S UNOPPOSED MOTION
TO INTERVENE AND REQUEST FOR A COPY OF SEALED HEARING
TRANSCRIPT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Halliwel Assets, Inc. ("Halliwel") and Panikos Symeou ("Mr. Panikos") (together, "the Proposed Intervenors") respectfully move this Court for permission to intervene in this matter pursuant to Federal Rule of Civil Procedure 24 in order to protect their interests in relation to the discovery requested by Applicant Hornbeam Corporation ("the Applicant" or "Hornbeam") in its Application for an Order Granting Discovery Pursuant to 28 U.S.C. § 1782 [DE 1, 4]. The Proposed Intervenors seek to intervene given that Hornbeam admittedly is contemplating initiating litigation against both of them. *See* DE 4 at 1. Additionally, the Potential Intervenors seek the entry of an order directing the Clerk of Court to provide them a copy of the transcript of the February 10, 2015 *ex parte* hearing that is filed under seal. In that hearing, Magistrate Turnoff granted Hornbeam's section 1782 application. Hornbeam does not oppose the relief sought herein. In support hereof, the Proposed Intervenors state as follows:

1.      On December 29, 2014, Hornbeam filed an *ex parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 and Memorandum of Law in Support of that Application [DE 1, 4]. According to Hornbeam, it is contemplating litigation against Halliwel and Mr. Panikos for the alleged violation of the BVI Business Companies Act of 2004 which it intends to file in the Commercial Division of the High Court of Justice, British Virgin Islands. *See* DE 4 at 1.

2. On February 10, 2015, the Court held an *ex parte* hearing on the Application. The hearing transcript currently is filed under seal by the Clerk of Court's office.

3. By order dated February 11, 2015, the Court granted the discovery sought in the Application and retained jurisdiction over the matter [DE 12].

4. The Proposed Intervenors seek to intervene in this matter given that they are potential defendants in the foreign litigation being contemplated by Hornbeam. Courts regularly hold that entities that are being sued or that will be sued in foreign proceedings can intervene in § 1782 actions to protect their rights. *See In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1267 (11th Cir. 2014) (noting that participant in an arbitration for which discovery was being sought pursuant to § 1782 successfully intervened in the § 1782 proceedings); *Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. 1782(a) for Taking of a Deposition of & Prod. of Documents by Stratus Consulting, Inc.*, 2013 WL 2477163, at *1 (D. Colo. 2013) (Chevron was permitted to intervene in § 1782 proceeding because it was "a party to the foreign proceeding that forms the basis for the Application" and "disposition of [the § 1782] action may impair or impede Chevron's ability to protect its interest"); *In re Braga*, 272 F.R.D. 621, 623 (S.D. Fla. 2011) (recognizing that a bank was permitted to intervene in a § 1782 application that sought information from the bank's attorneys).

5. Hornbeam does not oppose the intervention. As such, this Court should permit the Proposed Intervenors to participate in this action.

6. Additionally, the Proposed Intervenors seek the entry of an order directing the Clerk of Court to provide them a copy of the February 10, 2015 *ex parte* hearing transcript that is filed under seal. The Clerk's office has informed the Proposed Intervenors that absent such an

order, it cannot provide a copy of the transcript as the hearing was held *ex parte*. The hearing was not, however, held under seal and thus the transcript should be made available to Proposed Intervenors.

**WHEREFORE**, Halliwel and Panikos Symeou respectfully request that this Court permit it to intervene in this action and that it order the Clerk of Court's office to provide a copy of the February 10, 2015 *ex parte* hearing transcript.

### S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned counsel certifies that he conferred with counsel for Hornbeam in good faith on the issues raised in this motion, and is advised that Hornbeam does not oppose the relief sought in this Motion to Intervene.

Dated: March 14, 2016

Respectfully submitted,

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
*Attorneys for Halliwel Assets, Inc. and Panikos Symeou*
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel.: (305)372-8282

*/s/ Edward M. Mullins*_____
Edward M. Mullins
Fla. Bar No. 863920
Email: emullins@astidavis.com
Arnoldo B. Lacayo
Fla. Bar No. 675482
Email: alacayo@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants in this case listed on the Service List on March 14, 2016.

*s/Edward M. Mullins*
Edward M. Mullins
Florida Bar No. 863920

## SERVICE LIST

Adolfo E. Jiménez
Brian A. Briz
Holland & Knight
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799
Email: adolfo.jimenez@hklaw.com
Email: brian.briz@hklaw.com

James H. Power
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Facsimile: (212) 385-9010
Email: james.power@hklaw.com