UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-24887-MC-SEITZ/TURNOFF

IN RE APPLICATION OF
HORNBEAM CORPORATION,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

**APPLICANTS' MEMORANDUM OF LAW IN OPPOSITION
TO MOVANTS' MOTION FOR A STAY**

Applicant, Hornbeam Corporation ("Hornbeam"), and Intervenor, Bracha Foundation ("Bracha") (collectively, "Applicants"), by and through their counsel, respectfully submit this memorandum of law in opposition to Intervenors Panikos Symeou ("Symeou") and Halliwel Assets, Inc.'s ("Halliwel") (collectively, "Movants") Motion to Stay Proceedings Pending Appeal (ECF No. 28).[1] On April 8, 2016, Respondents CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Specialty Steel, Inc., Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC, (collectively, the "Related Parties" or "Respondents"), each of which are related to Warren Steel Holdings LLC ("Warren Steel") and, with the exception of Mordechai Korf, owned by Igor Kolomoisky and managed by Mr. Korf, joined Symeou and Halliwel's motion to stay. *See* ECF No. 30.

---

[1] Applicants had an opportunity to address the issues raised in the motion for a stay during the April 8, 2016 status conference before the Court and noted their intention to file this written opposition. Applicants now respectfully submit this memorandum in opposition to assist the Court and supplement the record.

## **PRELIMINARY STATEMENTS**

A.  *Under the circumstances, it is equitable to brief the issues before ruling on the motion to stay.*

Applicants do not argue that this Court lacks discretion to control its docket or to issue a stay. Instead, Applicants argue that a stay is not warranted under the circumstances here: where a stay clearly benefits Movants, where it is likely to irreparably harm Applicants, and the Eleventh Circuit's decision is unlikely to be dispositive of this Court's ruling or eliminate the need for briefing. This is compounded by the lack of harm to Movants and Respondents, which is limited to cutting and pasting previous briefs into this caption. Thus, equity cautions against issuing a stay.

Movants argue that a stay is warranted and that there is no harm to Applicants Hornbeam and Bracha by delaying commencing the briefing schedule until the potentially dispositive decision of Eleventh Circuit is issued. It is hard to imagine, however, how a decision by the Eleventh Circuit would eliminate the need for briefing before this Court.

To the contrary, it is highly unlikely that the Eleventh Circuit decision will be dispositive on this Court's ruling. The Section 1782 factors are clear and straight-forward and review is highly discretionary. Additionally, this Court should follow the Northern District of Alabama – the only court that has made findings concerning a motion for a stay concerning this matter – in holding that a stay is likely to cause harm to Applicants. Indeed, based on the highly discretionary nature of Section 1782 decisions, the Eleventh Circuit is unlikely to find that Chief Judge Bowdre abused her discretion or made a clear error of judgment. *See In re Bracha Found.*, 2:15-mc-00748-KOB, 2015 WL 6828677 (N.D. Ala. Nov. 6, 2015).[2]

---

[2] A copy of the decision is attached as **Exhibit A** hereto.

The Court should delay ruling on Movants' motion for a stay until the issues are fully briefed. There are many benefits to this approach without the risk of harm. First, after having the opportunity to review the merits of Movant's arguments, the Court will be better prepared to address whether a stay is warranted. Second, if the Court decides in its well-informed discretion to stay the proceedings pending the Eleventh Circuit's decision, then the parties can submit short, supplemental submissions concerning the impact of the Eleventh Circuit's decision on this case within a reasonable time after the decision's issuance. That will greatly reduce the time after the decision that the issues will be fully briefed (i.e., limit the potential for harm).

The balance of potential harm clearly weighs in favor of such an approach. On one side, the only potential harm to Movants will be having to brief the issues; issues that have been briefed before on many occasions and will need to be briefed in the future. On the other, Applicants face potential irreparable harm, which is discussed in more detail below.

**B.** *Applicants do not oppose staying compliance with the subpoenas until the Court has ruled on the merits.*

As a preliminary matter, Applicants do not oppose a stay of compliance with the subpoenas until this Court has the opportunity to address Respondents' motion to quash and Movants' motion to vacate. As such, Respondents' arguments regarding their burden in complying with the subpoenas – the only burden they claim – are unjustified and should not be considered at this time. Applicants respectfully suggest that the Court delay addressing any issue concerning the stay of compliance with the subpoenas until after the Court rules on Respondents' motion to quash and Movants' motion to vacate.

## INTRODUCTION

Movants employ a clear and obvious all-or-nothing strategy of delay and opposition. Despite their admitted self-dealing and insider transactions (e.g., Mr. Korf signed multiple loan

3

agreements as both borrower on behalf of Warren Steel and lender on behalf of the Related Parties, and Warren Steel transacted business with many Korf-managed and Kolomoisky-controlled Related Parties), they have opposed at all costs disclosing any meaningful financial or bank documents that Applicants could use to support their reasonably contemplated foreign claims including the bank records of Warren Steel itself.  It must be assumed that Movants would not employ such a strategy and expend such resources to conceal their admitted dealings with a purportedly insolvent and now shuttered Warren Steel unless they had something to hide.  The motion for a stay is simply the most recent step towards that end.

Movants motion is also disingenuous because Movants will appeal any grant of discovery in this case regardless of how the Eleventh Circuit rules.  As noted by the Northern District of Alabama, Movants remarkably appealed the very scope of discovery that they previously suggested:

> The court recognizes that the movants would prefer that the court had rejected entirely the application for discovery pursuant to § 1782.  However, given that the court, in its discretion, granted that application, the court finds curious and unpersuasive the movants' current position that the scope of the discovery is overly broad: that scope is precisely what the movants suggested in their supplemental brief and during the hearing.

Ex. A, p. 6.

As such, Applicants oppose a further delay in briefing the issues – which would provide this Court with a better understanding of Movants' likelihood of success on the merits – until after the Eleventh Circuit has issued its opinion.[3]  Movants' brief fully disregards the harm to Applicants based on the recent closure of Warren Steel, the possible sale of Warren Steel sale, Movants

---

[3] The oral argument has been rescheduled until the week of July 11-15, 2016 and it will likely take the Eleventh Circuit months to issue a written opinion.  If, as expected, the Eleventh Circuit rules in Applicant's favor, Applicants should not have to then begin the long process of addressing Movants and Respondents' motions to vacate and quash which will take many more months and perhaps more than a year before Respondents hand over any documents.

4

attempt to execute on Hornbeam's Halliwel shares in the active BVI litigation, and the New York protective order that limits undue delay. Movants could have agreed to stay the sale of Warren Steel, the transfer of Warren Steel's assets, and their attempt to execute on Hornbeam's Halliwel shares pending the Eleventh Circuit decision. They did not. As such, Movants seek a stay while simultaneously seeking to harm Applicants. It addition Movants attempt to prolong their avoidance of proper discovery of relevant records in possession of Respondents in this District as they have done in other Districts with other subpoena recipients.

Moreover, Movants raised their argument concerning the Applicants nonpayment of the BVI judgment before two federal courts; both courts found it unpersuasive. In fact, the Southern District dismissed Movants argument as implausible and found that payment of the judgment "is a fairly trivial obstacle":

> I do not find it plausible that these monetary requirements would stop Hornbeam from litigating in the BVI again. The underlying controversy among the Oligarchs is a vigorous, and perhaps even bitter, dispute over tens of millions of dollars, among extraordinarily wealthy men. **Assuming** it is true that Hornbeam would need to pay $1.1 million to pursue its BVI claims, this requirement is a fairly trivial obstacle in context.

ECF No. 28-2, Ex. 9, p. 15 (internal footnote and citations omitted) (emphasis added).[4] This alone should be dispositive of Movants request for a stay pending payment of the BVI judgment.

Additionally, it is not clear that Applicants would need to pay the entire amount to commence proceedings in the BVI. In any event, these issues regarding the BVI judgment are being addressed in the BVI and will be addressed by a BVI court once Applicants commence the foreign proceeding.

Movants attempt to delay beginning the briefing before this Court until after the Eleventh Circuit issues its opinion is a clear delay tactic. There is no reason to delay the briefing of issues

---

[4] A copy of the decision is also attached as **Exhibit B** hereto.

that have already been fully briefed multiple times by the Movants. Indeed, Movants even double-captioned filings before this Court with the Ohio proceeding. *See* ECF Nos. 28-5, 28-7.

## ARGUMENT

Applicants generally oppose Movants' factual allegations and would instead direct the Court to the findings made by Southern District of New York and the Northern District of Alabama. Exs. A and B. Any allegation that Applicants have unreasonably delayed this proceeding is contrary to the ongoing multidistrict litigation and Movants' all-or-nothing strategy of delay and opposition. As soon as Applicants verified that the Warren Steel was permanently closed, Applicants filed the subpoenas in Ohio and Florida.

### A.     *It is highly unlikely the Eleventh Circuit decision will be dispositive.*

Movants overstate the likelihood that the Eleventh Circuit decision will be dispositive of this Court's discretion to grant discovery pursuant to Section 1782. Movants' argument misses two crucial points: (1) there are well-established statutory and discretionary factors that the Eleventh Circuit is not likely to disturb; and (2) district courts have broad discretion to determine whether to grant discovery.

First, the statutory and discretionary factors that this Court must consider when determining whether to grant the requested discovery are well-established and have been recently considered by the Eleventh Circuit. Stated simply, the law applicable to Section 1782 is clear.

The Eleventh Circuit consistently applies the same statutory factors and discretionary factors provided by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), and strongly supports the discretion of the district courts to determine whether to grant or deny an application. Since the issuance of the *Intel* decision, the Eleventh Circuit has addressed a grant of Section 1782 discovery on multiple occasions, each time affirming the decision of the

6

district court. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1275 (11th Cir. 2014) (affirming district court's application of the statutory and discretionary factors)[5]; *In re Kivisto*, 521 Fed. Appx. 886, 889 (11th Cir. 2013) (affirming district court's application of the statutory and discretionary factors); *Weber v. Finker*, 554 F.3d 1379 (11th Cir. 2009) (affirming district court order granting discovery); *Kang v. Noro-Moseley Partners*, 246 Fed. Appx. 662, 664 (11th Cir. 2007) (affirming district court's application of the statutory and discretionary factors); *In re Clerici*, 481 F.3d 1324, 1137 (11th Cir. 2007) (affirming district court's application of the statutory and discretionary factors); *Lopes v. Lopes*, 180 Fed. Appx. 874, 878 (11th Cir. 2006) ("The District Court properly interpreted § 1782 and the factors from *Intel* in issuing its order. Finding no abuse of discretion we affirm."); *In re Xavier*, No. 05-12218, 2006 WL 858489, at *1 (11th Cir. 2006) (affirming district court's application of the statutory and discretionary factors).[6] Thus, it is highly unlikely the Eleventh Circuit's decision will be dispositive here. Once this Court applies the well-established statutory and discretionary factors – factors that will not be changed by the Eleventh Circuit decision – it is well within this Court's discretion to grant discovery.

Rather than meaningfully engage with controlling law and the proper standard of review, Movants seek to misdirect the analysis. Movants argue that there are three potentially relevant dispositive issues before the Eleventh Circuit:

---

[5] In the *Consorcio* decision, 747 F.3d 1262, the Eleventh Circuit *sua sponte* vacated the prior Eleventh Circuit opinion in the case, *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012), which similarly affirmed the district court ruling.

[6] Although the Eleventh Circuit reversed the district court in *Glock v. Glock, Inc.*, 797 F.3d 1002 (11th Cir. 2015), the Court of Appeals was not determining whether the district court properly applied the statutory and *Intel* factors. The *Glock* decision centered one whether a party could use discovery properly obtained via Section 1782 in a later U.S.-based proceeding. The Circuit ruled in favor of allowing use of the discovery.

(1) whether Hornbeam reasonably contemplates future proceedings in the BVI;

(2) whether Hornbeam is entitled to pre-filing discovery; and

(3) whether the internal affairs doctrine limits this Court's exercise of discretion.  ECF No. 28 at 14.  Each of these arguments fail:

(1) It is beyond dispute that the Alabama court properly applied the correct standard (i.e., whether or not the foreign proceeding was reasonably contemplated).  As such, the court's application of a properly interpreted rule of law will only be reversed if the court makes a clear error of judgment.  *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280 (11th Cir. 2010).  Such a finding is highly unlikely considering *inter alia* the opportunity for a full briefing of the issues, the extensive record before the court, the sworn declarations that support on the issue of the contemplated action, that Movants failure to request testimony for a witness made available during the hearing, and the protective order limiting the use of information.

(2) The Supreme Court, *see Intel*, 542 U.S. 241, and the Eleventh Circuit, *see Consorcio* 747 F.3d 1262, have held that pre-filing discovery is allowed under Section 1782.  It is highly unlikely that the Eleventh Circuit will depart from its own prior precedent, let alone the precedent of the Supreme Court.  Additionally, again, the Alabama Court indisputably applied the correct statutory and discretionary factors.

(3) Finally, two separate federal courts have found Movants' internal affairs doctrine argument unavailing.  In fact, in response to this argument, the Southern District of New York stated: "This argument also ***makes no sense*** because a § 1782 request is merely a discovery device not a pleading or means of actually litigating a dispute about Halliwel's internal affairs." Ex. B, pp. 17-18 (emphasis added).  Obtaining discovery for use in civil litigation in no way addresses the internal affairs of a foreign corporation.  Movants attempt to exempt an entire class of

applicants from discovery. This is contrary to the purposes of Section 1782. *See In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) ("The Court will not attempt to conduct a detailed analysis of foreign law, but rather focuses primarily on fostering the twin aims of the statute: providing an efficient means of assistance to participants in international litigation and encouraging foreign countries to provide reciprocal assistance to our courts.").

Second, this Court has broad discretion to determine whether to grant discovery pursuant to 28 U.S.C. § 1782. As such, assuming the Court applies the well-established statutory and discretionary factors, the scope of that grant "highly deferential" and may be overturned "only for abuse of discretion." *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001)).

Thus, it is highly unlikely the Eleventh Circuit decision will be dispositive.

**B.     Stay Factors**

A court must consider four factors when considering whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The issues then become (1) what harm will likely result from a stay and (2) is the Eleventh Circuit decision likely to be dispositive of the issues before this Court.

*1.     Applicants will be harmed by a stay.*

First, Applicants will be harmed by a delay of the briefing schedule until after the Eleventh Circuit decision is issued, which is unlikely to occur any earlier than August 2016. After a full briefing of the issues, the Northern District of Alabama found that Hornbeam and Bracha would be irreparably harmed by a stay pending appeal:

> [G]ranting the stay runs a great risk of harming Hornbeam and Bracha as the clock is ticking on their ability to effectively use that discovery. The Ohio court's TRO enjoining the sale of Warren Steel to related parties is no longer in place. Further, the movants acknowledge that they are currently attempting to execute on Hornbeam's Halliwel shares to satisfy a cost judgment against Hornbeam in the BVI, which they hope will result in Hornbeam no longer having shares in Halliwel, and will moot future litigation. This court has already granted one stay of a subpoena directed at Regions Bank pursuant to the § 1782 discovery while it addressed the motion to vacate. A further delay pending appeal threatens to prevent that discovery until after the Warren Steel sale and after the execution on Hornbeam's Halliwel shares, when Hornbeam and Bracha may not be able to use the discovery effectively. Thus, the court FINDS that the balance of irreparable harm weighs against granting the stay.

Ex. A, p. 9. The Alabama court similarly found that the public interest disfavored a stay:

> [T]he court FINDS that the public interest favors allowing the discovery, as it supports the truth in foreign actions and encourages open disclosure among shareholders, investors, and corporations where allegations of misconduct are raised.

*Id*. p. 9.

### 2. *Movants will not be harmed by briefing the issues.*

There is no reason to delay briefing of the issues because they have already been fully briefed multiple times. Initially, Movants fully briefed these issues before the Southern District of New York. In a detailed and highly persuasive opinion, the New York court affirmed its prior grant of discovery, *see In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2014 WL 8775453 (S.D.N.Y. Dec. 24, 2014), by again finding that the statutory factors were met and the discretionary factors weighed in favor of discovery. Ex. B.[7] Additionally, Movants fully briefed these issues before the Northern District of Alabama. In a similarly detailed and persuasive opinion, the Northern District of Alabama joined the Southern District of New York by finding that the statutory factors were met and the discretionary factors weighed in favor of discovery. *In re Bracha Found.*, 2:15-mc-00748-KOB, 2015 WL 6123204 (N.D. Ala. Oct. 19, 2105). Each of

---

[7] Movants filed a Rule 60(b) motion that is fully briefed. An opinion has not been issued.

these courts issued protective orders that limited the use of any information obtained to the types of proceedings the applicants stated they would bring. Movants appealed from the Northern District of Alabama decision and that appeal has been fully briefed.

Finally, at the end of March, Movants filed a motion to vacate and Warren Steel Holdings LLC ("Warren Steel") filed a motion quash in the Northern District of Ohio.[8] Before this Court, Movants have filed a motion to stay (ECF No. 28), with numerous attachments. Considering that these issues have been briefed multiple times and Movants are fully prepared to address the issues, there will be at most a *de minimis* burden in briefing the issues for this Court. Again, in the words of the Southern District of New York: "The underlying controversy among the Oligarchs is a vigorous, and perhaps even bitter, dispute over tens of millions of dollars, among extraordinarily wealthy men." Ex. B, p. 15.

Movants argue that a stay should be used to avoid duplicative litigation. ECF No. 28 at 13. However, 28 U.S.C. § 1782(a) requires applications be made in each "district court of the district in which a person resides or is found." Thus, if there is any argument that this litigation is duplicative, it is the result of Movants and Respondents purported decisions to loan money and transact business with Warren Steel through various individuals and entities (the Related Parities) in different jurisdictions. Under these circumstances, the statute contemplates, requires, and authorizes discovery proceedings in multiple Districts. Applicants should not be disadvantaged based on Section 1782's requirements and the indirect manner that Movants and Respondents decided to conduct business through Warren Steel.

---

[8] A copy of the Ohio 1782 briefing is attached as **Exhibits C and D** hereto. Movants also filed a motion for a stay. The parties agreed to a stipulated briefing schedule whereby all three motions would be briefed on the same schedule: responses due Monday May 16, 2016 and reply briefs due Monday June 6, 2016. On April 12, 2016, the Court granted this request. This is exactly what Applicants are asking from this Court.

> **3.    There is no evidence the Eleventh Circuit concluded a stay would not harm Applicants.**

Contrary to Movants' allegations that "[b]y granting the motion to stay, the Eleventh Circuit appears to have concluded that Movants likely were to succeed on the merits," ECF No. 28 at 15, "it appears that the Circuit concluded discovery would irreparably harm Movants because of the difficulty of undoing it," *id*. at 16, and "it appears that the Circuit concluded a stay would not harm Bracha or Hornbeam," *id*. at 17, there is ***absolutely no evidence*** in the record that the Eleventh Circuit considered Movants' likelihood of success on the merits when it issued a one-line order on the same day and mere hours after that the motion for a stay was filed. *See* ECF No. 28-3, Ex. 27 ("The 'Intervenors-Appellants' Emergency Motion for Stay Pending Appeal and Temporary Administrative Stay' is GRANTED pending further order of this court."). In fact, it is more plausible to assume that the temporary administrative stay was inadvertently converted into a stay pending appeal. Regardless, Movants are misleading the Court as to the import of the Eleventh Circuit's "conclusions", which are nonexistent and lack any support of Movants' positions much less conclusory statements offered by Movants in support of the stay application.

## CONCLUSION

Although Applicants' motion to expedite the appeal was granted on February 4, 2016, the hearing is not scheduled until the week of July 11-16, 2016. Movants disregard the likely harm that will result from and public interest against a stay, as found by the Northern District of Alabama, because: "it is reasonable to believe that the Eleventh Circuit Appeal *may* be dispositive of, or at least greatly affect, this §1782 action." *See* ECF No. 28 at 15 (emphasis added). Even Movants cannot argue in good faith that a dispositive ruling is likely. Thus, the likely harm outweighs the likely benefits of granting Movant's request.

For the foregoing reasons, the Court should deny the motion for a stay.

Dated: Miami, Florida
April 19, 2016

           HOLLAND & KNIGHT LLP

By: /s/ Brian A. Briz
Adolfo E. Jiménez (FBN 869295)
Brian A. Briz (FBN 657557)
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799
Email: adolfo.jimenez@hklaw.com
Email: brian.briz@hklaw.com

James H. Power - *Pro Hac Vice*
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Facsimile: (212) 385-9010
Email: james.power@hklaw.com

*Attorneys for Applicants **Error! No document variable supplied.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants in this case listed on the Service List on April 19, 2016.

        /s/ Brian A. Briz
Brian A. Briz
Fla. Bar No. 657557

## SERVICE LIST

Edward M. Mullins
Arnoldo B. Lacayo
Astigarraga Davis Mullins & Grossman, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel.: (305) 372-8282
Email: emullins@astidavis.com
Email: alacayo@astidavis.com

Bruce S. Marks
Thomas C. Sullivan
Marks & Sokolov, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel.: (215) 569-8901
Fax.: (215) 569-8912
Email: marks@mslegal.com
Email: Tsullivan@mslegal.com

William King Hill
Jorge David Guttman
Gunster
600 Brickell Avenue
Suite 3500
Miami, FL 33131
Tel.: (305) 376-6092
Fax: (305) 376-6010
Email: whill@gunster.com
Email: jguttman@gunster.com