## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF HORNBEAM CORPORATION | ) CASE NO. 4:14-mc-00091-PAG<br>)<br>) JUDGE PATRICIA A. GAUGHAN<br>)<br>) <u>MOTION OF WARREN STEEL HOLDINGS,</u><br>) <u>LLC FOR A PROTECTIVE ORDER AND/OR</u><br>) <u>TO QUASH SUBPOENAS</u><br>) |

Warren Steel Holdings, LLC ("Warren Steel"), by and through counsel, pursuant to Fed. R. Civ. P. 26(c) and 45(d)(3), moves for a protective order and/or to quash the subpoenas for a Rule 30(b)(6) deposition and Rule 34 inspection of its premises authorized by the Order dated January 6, 2014 (the "Order") (ECF 7) granting Hornbeam Corp.'s application for discovery pursuant to 28 U.S.C. §1782 (ECF 1). The reasons for this Motion are set forth in the *Memorandum in Support of Warren Steel Holdings, LLC's Motion for Protective Order and/or to Quash Subpoenas*, which is attached to and incorporated in this Motion by reference.

Respectfully Submitted,

*/s/ Richard M. Bain*
RICHARD M. BAIN (0016525)
bain@buckleyking.com
JEFFREY C. TOOLE (0064688)
toole@buckleyking.com
JUSTIN W. WHELAN (0088085)
whelan@buckleyking.com
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)

and

Bruce S. Marks
MARKS & SOKOLOV, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
215-569-8901
215-569-8912 *(facsimile)*

*Attorneys for Warren Steel Holdings, LLC*

## MEMORANDUM IN SUPPORT OF WARREN STEEL HOLDINGS, LLC'S MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENAS

Warren Steel Holdings, LLC ("Warren Steel") moves for a protective order and/or to quash the subpoenas for a Rule 30(b)(6) deposition and a Rule 34 inspection of its premises, in connection with the Order dated January 6, 2014 (the "Order") (ECF 7) that granted Hornbeam Corp. ("Hornbeam")'s *ex parte* application for discovery pursuant to 28 U.S.C. §1782 (the "Application") (ECF 1).[1]  Hornbeam did not serve the authorized subpoenas until late February and early March, 2016.

## PRELIMINARY STATEMENT

A protective order should be issued and/or Hornbeam's subpoenas should be quashed because: **(I)** Hornbeam delayed 14 months after the Order to serve the subpoenas (evidencing that it has no intent to file new British Virgin Islands ("BVI") proceedings); **(II)** The discovery is an impermissible interference with the internal affairs of Halliwel, as the Trumbull County Court of Common Please (the "Ohio Court") found in dismissing Hornbeam's action before that court (the "Ohio Action"); **(III)** Hornbeam has not satisfied the requirements for a pre-filing deposition under §1782; **(IV)** The deposition notice is overly broad and unduly burdensome, and is out of proportion to the needs of the case, because it encompasses every business transaction, financial document and communication, as well as relationships with 57 named entities and persons, over ten years; and **(V)** §1782 does not authorize premises inspections, which Hornbeam's Application has not justified.

## BACKGROUND

Warren Steel adopts the facts set forth in the *Motion to Vacate January 6, 2015, Order*

---

[1] Pursuant to Rule 45, Warren Steel has served objections to the document subpoena and has requested that Hornbeam defer motion practice pending resolution of the Intervenors' motions.

*and Deny 28 U.S.C. §1782 Application* (the "Motion to Vacate"), filed by Intervenors Halliwel

Assets, Inc. ("Halliwel") and Panikos Symeou ("Symeou"), ECF 13.[2]

## THE INSTANT SUBPOENAS

On March 7, 2016, Hornbeam served its Rule 30(b)(6) subpoena. *See* Subpoena, **Ex**. 29.

It seeks testimony on the following topics from January 1, 2006, to the present:

1. Warren Steel Holdings LLC's ("Warren Steel") corporate structure;

2. Warren Steel's financial records,

3. Warren Steel's business transactions;

4. Warren Steel's document retention policies; and

5. Warren Steel's communications and relationships with 12 "Related Party Lenders",[3] 33 "Related Entities",[4] and 12 "Related Individuals".[5]

---

[2] All capitalized terms used but not defined in this Memorandum shall have the same meaning given to them in the Motion to Vacate (and is accompanying memorandum in support). In this Memorandum, "**Ex.** [ ]" are exhibits to the Bruce S. Marks Declaration, ECF 15, and "**Ex**. N-[ ]" are exhibits to the BVI legal expert Robert Nader Declaration, ECF 17.

[3] The 12 Related Party Lenders are: Divot Enterprises Limited; 5251 36th Street LLC; CC Metal and Alloys LLC; Felman Trading, Inc.; Mordechai Korf, a/k/a Motti Korf; Optima Acquisitions, LLC; Optima Fixed Income LLC; Optima Group LLC; Optima International of Miami, Inc.; Optima Ventures, LLC; Querella Holdings Limited; and Felman Production, LLC.

[4] The 33 Related Entities are: Kentucky Electric Steel; Felman Trading Inc.; Felman Production Inc.; Raytrans Management LLC; CC Metals & Alloys LLC; Optima Ventures LLC; Optima Acquisitions LLC; Optima International of Miami, Inc.; Optima Group LLC; Optima Fixed Income LLC; Querella Holdings Limited; Optima Industrial Management LLC; Optima Highland LLC; Georgian American Alloys Inc.; Optima Specialty Steel, Inc.; Divot Enterprises Limited; Marigold Trust Company Limited; Divot Enterprises Limited; 5251 36th Street LLC; Hornbeam Corporation; Tectum Trust Management Establishment; Instrad Limited; Plama Limited; Bracha Foundation; Marigold Trust Company Limited; Divot Enterprises Limited; Intertrading a/k/a ZAO Privat Intertrading; Privat Group; Haftseek Investments Ltd.; GM Georgian Manganese Holdings Ltd.; Georgian Manganese, LLC; Optima Industrial Management, LLC; and Vartsikhe 2005, LLC.

[5]The 12 Related Individuals are: Vadim Shulman; Verena Ernst; Ronny Pifko; Fabrizio Campanile; Neophistos Savvides; Mordechai Korf; Panikos Symeou; Artemis Mildoni; Christou Thanos; Timur Novikov; Igor Kolomoisky; and Genady Bogolubov.

On February 20, 2016, Hornbeam served its subpoena commanding inspection of the premises at 4000 Mahoning Avenue, Warren, Ohio. *See* Notice of Service, ECF 10. That subpoena set forth no other specifics.

<u>**MEET AND CONFER**</u>

On Tuesday, March 22, 2016, counsel for Warren Steel conferred with counsel for Hornbeam, requesting that Hornbeam agree to stay these proceedings and discovery until (a) the state court appeal of the Ohio Court's judgment that Hornbeam and others initiated has been decided, and (b) Hornbeam pays the $846,526 BVI judgment that the BVI court awarded against it. Counsel for Hornbeam followed up by email the same day. Hornbeam has not agreed to Warren Steel's request. *See* Certification of Bruce Marks, a copy of which is attached as <u>Exhibit A</u>.

<u>**STANDARD OF RELEVANCE AND PROPORTIONALITY**</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*[6]

"[I]t is well-settled … that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Johnson v. Guards Mark Sec.*, 2007 U.S. Dist. LEXIS 97915, *3 (N.D. Ohio March 30, 2007). Rule 26's limitations also apply to §1782

---

[6] "'Restoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano v. Goodman Mfg. Co., L.P.*, 2015 U.S. Dist. LEXIS 165040, *19 (S.D. Ohio Dec. 9, 2015).

discovery. *See Applications of Heraeus Kulzer, GMBH For Orders Compelling Discovery In Foreign Proceeding*, 633 F.3d 591, 595 (7th Cir. 2011) ("discovery sought under section 1782 must (in the absence of a contrary order by the district court) comply with Rule 26 and the other rules governing discovery in federal courts"); *Bayer AG v. Betachem, Inc*., 173 F.3d 188, 192 (3d Cir. 1999) ("[S]ection 1782 . . . incorporates by reference the scope of discovery permitted by the Federal Rules of Civil Procedure.").

## ARGUMENT

I.  **THE SUBPOENAS SHOULD BE QUASHED AND A PROTECTIVE ORDER ISSUED BECAUSE THE CASE HAS BEEN CLOSED FOR MORE THAN ONE YEAR**

Warren Steel should be protected and Hornbeam's subpoenas should be quashed as stale because federal proceedings are not open-ended; they have discovery end-dates terminating the use of subpoenas. *See Ghandi v. Police Dept. of the City of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984) (affirming order to quash Rule 45 subpoena that was served after the discovery deadline had passed and where ample opportunity had been provided to complete discovery). Recognizing this case was closed on January 7, 2015, and that Hornbeam should be afforded a reasonable period of time to have made service, such period should not exceed 100 days -- the discovery period for a Northern District of Ohio "Expedited" DCM track case. Hornbeam's Application failed to disclose it would not immediately serve subpoenas, let alone delay service until late February and early March, 2016, nearly fourteen months after the January 6, 2015, Order, and five months after the Ohio Action was dismissed.[7]  This demonstrates that Hornbeam

---

[7] Presumably, Hornbeam did not serve the subpoena in January 2015 because it did not want to alert Symeou, Halliwel, and other defendants to the proposed BVI proceedings for which it was secretly taking §1782 discovery in New York and obtaining highly confidential commercial and personal information from banks in violation of Rule 45, as the New York federal court found. *See* NY Opinion at 11-12, **Ex. 9**.

had no real intent to file new BVI proceedings because it *must* pay the $846,526 BVI judgment to do so. *See* Ala. Opinion at 8-9 (Hornbeam "would first have to pay the large BVI cost judgment" before proceeding there"); Nader Dec. ¶53-59. Delay of service for fourteen months was likely not within the Court's contemplation when it entered its Order.

### A. WARREN SHOULD BE PROTECTED AND THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY INTERFERE WITH HALLIWEL'S INTERNAL AFFAIRS, AS THE OHIO COURT HELD

Warren Steel should be protected, and the subpoenas should be quashed, because the subpoenas interfere with the internal affairs of Halliwel and its subsidiary, Warren Steel, as the Ohio Court ruled. As more fully set forth in the Motion to Vacate (ECF 13), the internal affairs doctrine applies to a variety of shareholders' rights, including "rights to examine corporate records." *PHP Liquidating, LLC v. Robbins*, 128 F. App'x 839, 844 (3d Cir. 2005) (quoting Restatement (Second) of Conflict of Laws § 302 cmt. a (1971)). Thus, as the Ohio Court found, Halliwel's internal affairs are squarely at issue because any inspection of the books and records of its subsidiary, Warren Steel, not authorized by its sole director Symeou or compelled by a BVI court "*would interfere with the internal management of Halliwel*." Ohio Decision at 7 (emphasis added), **Ex**. 28. Thus, based upon the internal affairs doctrine, the Ohio Court did not exercise jurisdiction over Hornbeam's request for Warren Steel's records or Hornbeam's substantive claims for damages. Ohio Decision at 5. Having lost in the Ohio Court, Hornbeam is now attempting to circumvent that ruling with its recently-served subpoenas to obtain documents, depositions, and an inspection.

### II. WARREN STEEL SHOULD BE PROTECTED, AND THE DEPOSITION SUBPOENA SHOULD BE QUASHED, BECAUSE HORNBEAM HAS NOT SATISFIED §1782'S REQUIREMENTS

#### A. Hornbeam Has Not Satisfied The Requirements of Rule 27

Section 1782 provides that "[t]o the extent that the order does not prescribe otherwise, the

testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. §1782. This Court's January 6, 2015, Order made no exception to the application of the Federal Rule of Civil Procedure to depositions. Rule 27 governs pre-suit depositions, under which the petitioner must: "demonstrate that he expects to bring an action … but cannot currently do so; … describe the facts he intends to establish … and the reasons for needing to perpetuate that testimony … [and] show that 'the perpetuation of the testimony may prevent a failure or delay of justice . . .'" *In re Andrews*, 2011 U.S. Dist. LEXIS 153013,*2 (S.D. Ohio Dec. 2, 2011), *adopted and confirmed at* 2012 U.S. Dist. LEXIS 15751 (S.D. Ohio Feb. 8, 2012)("Petitioner has not demonstrated that he is entitled to the deposition he seeks under Rule 27."). Hornbeam has not satisfied these requirements.

*First,* Hornbeam failed to show why it "cannot presently bring … or cause it to be brought" the BVI action for which it seeks to perpetuate testimony. *See* Fed. R. Civ. P. 27(a)(1)(A); *Ky. Cmtys. Econ. Opportunity Council, Inc. v. Administration for Children and Families*, 2005 U.S. Dist. LEXIS 12263, *7 (E.D. Ky. June 17, 2005) ("Since Petitioner has failed to establish that it is 'presently unable to bring or cause [an action] to be brought', it fails to satisfy the first element of Rule 27(a).").

*Second*, pre-filing depositions are only permitted "in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3$^{\text{d}}$ Cir. 1975). Hornbeam made no showing testimony may be lost. Waiting fourteen months to issue subpoenas confirms that Hornbeam has no immediate need to perpetuate testimony. *See Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995) (Rule 27 requires a showing that there is "an immediate need to perpetuate testimony" and that "petitioner must

6

establish danger that testimony may be lost") (citations omitted).

*Third*, Hornbeam made no showing that a deposition is necessary "to prevent a failure or delay of justice." *See Biddulph v. United States*, 239 F.R.D. 291, 293 (D. D.C. 2007 ("To satisfy the court that the testimony is needed to protect against a failure or delay of justice, the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony.").

*Finally*, "permitting discovery to 'enable a person to fish for some ground for bringing suit' is an abuse of Rule 27." *Zuelsdorf v. Oiler*, 2014 U.S. Dist. LEXIS 65587,*4 (S.D. Ohio May 13, 2014) (denying Rule 27 deposition). *See In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999)("Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint").

B.  **Hornbeam Has Not Otherwise Justified A Pre-Filing Deposition Under §1782**

Putting aside Rule 27, §1782 foreign applicants should not be entitled to greater latitude for discovery than domestic litigants, absent a compelling need to take testimony to file a foreign proceeding. *See In re Ishihara Chem. Co.*, 121 F. Supp.2d 209, 224 (E.D.N.Y. 2000) ("Congress could hardly have intended to subject its citizens to broader discovery demands in foreign litigation than in domestic litigation."). It is clear that §1782 "is not designed to provide potential litigants with information that will help them decide whether and where to commence proceedings." *Jiangsu S.S. Co. v. Success Superior Ltd.*, 2015 WL 3439220, *6 (S.D.N.Y. Feb. 5, 2015) (denying § 1782 application for pre-filing discovery). When §1782 discovery is a "'fishing expedition' or a vehicle for harassment, the district court should deny the request." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988), *abrogated on other grounds by Intel Corp.*, 542 U.S. at 249. *See In re*

*Harbour Vict. Inv. Holdings Ltd.*, 2015 U.S. Dist. LEXIS 87912,*29 (S.D.N.Y. June 29, 2015) (denying pre-filing §1782 discovery "because it appears that Petitioner is engaging in a fishing expedition to identify other foreign venues in which to bring suit"). Nothing in the Application suggests that Hornbeam ***must*** submit testimony to the BVI Court when it files new proceedings; in fact, it is not required to submit any evidence, as BVI legal expert Robert Nader explains in his Declaration. *See* Nader Dec. ¶68-72.

## III.   WARREN STEEL SHOULD BE PROTECTED, AND THE DEPOSITION SUBPOENA SHOULD BE QUASHED, BECAUSE IT IS OVERLY BROAD, UNDULY BURDENSOME, AND OUT OF PROPORTION TO THE NEEDS OF THE CASE

### A.   Hornbeam Has Failed to Comply With Rule 30(b)(6)'s "Reasonable Particularity" Requirement

Rule 30(b)(6), "implies an ... obligation on the deposing party to designate with painstaking specificity, the particular subject areas that are intended to be questioned." *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007); *see e.g., Hartford Fire Ins. Co. v. P & H Cattle Co.*, 2009 U.S. Dist. LEXIS 82667, *7 (D. Kan. Sept. 10, 2009) ("the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."); *Newman v. Borders, Inc.*, 257 F.R.D. 1, 3 (D. D.C. 2009) ("the party who had noticed the 30(b)(6) deposition [is required] to define as clearly as possible the topics for the deposition.").

Hornbeam's subpoena violates the "reasonable particularity" requirement, because it designates every business and financial transaction of Warren Steel, plus all of its "communications and relationships" with 57 Related Parties, Related Entities and Related Individuals, since January 1, 2006. *See Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (quashing subpoena because catch-all language "turns the subpoena into an

overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (quashing subpoena because "overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.").

        **B.**    **Hornbeam's Deposition Subpoena Imposes Undue Burden**

Rule 30(b)(6) deposition topics must not be "so overly broad that they subject [the respondent] to an undue burden." *Bowers v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 138782, *7 (D. Kan. Dec. 2, 2011). A notice is overly burdensome if the "breadth and number of topics" identified therein are excessive, even if every single topic is relevant to the litigation. *See, e.g., Apple Inc. v. Samsung Elecs. Co.,* 2012 U.S. Dist. LEXIS 9921, *2-3 & n.6 (N.D. Cal. 2012). Rule 30(b)(6) "does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation. This would render unworkable the obligation of the responding party … [which] becomes … increasingly impossible as the number and breadth of noticed subject areas expand." *Id.* Hornbeam's Rule 30(b)(6) deposition notice violates these principles, rendering it impossible for Warren Steel to "adequately prepare an appropriate corporate representative[s]." *Brown v. W. Corp.*, 287 F.R.D. 494, 505 (D. Neb. 2012). For several reasons, the burden on Warren Steel is grossly out of proportion to any benefit Hornbeam might derive for use in new BVI proceedings, which Hornbeam cannot commence until and unless it pays the BVI judgment.

*First*, Hornbeam's notice covers every conceivable business transaction and financial record since January 1, 2006, which encompasses tens of thousands of transactions with hundreds of customers, suppliers, vendors, consultants and employees, and tens of thousands of pages of accounting and tax records. Collecting and organizing 10 years of these records in paper and electronic format, and then reviewing and adequately preparing witnesses for deposition would require hundreds of hours' work, plus substantial legal fees.

***Second***, Hornbeam's notice covers every conceivable "communication and relationship" by ostensibly any one of hundreds of employees or agents of Warren Steel over ten years with an unknown number of employees or agents of the 12 Related Parties, 33 Related Entities and 12 Related Individuals. Attempting to prepare corporate deponents to testify regarding tens of thousands of communications and an unknown number of relationships would be a gargantuan task, requiring thousands of hours to locate every employee and agent of Warren Steel and interview them regarding every conversation they had since January 1, 2006, with any of the numerous employees or agents of the 12 Related Parties, 33 Related Entities and 12 Related Individuals.

***Third,*** the essentially unlimited time span from January 1, 2006, through the present is unduly burdensome. This defect alone renders Hornbeam's subpoena overbroad. *See Murray v. Geithner*, 2010 U.S. Dist. LEXIS 33236, *6 (S.D.N.Y. Mar. 25, 2010) (quashing subpoena because "it contains no limitation as to time. If enforced, it at least nominally would require [the defendant] to produce every document concerning and a witness prepared to testify on its behalf with respect to the entire history of its existence."). Here, more than 10 years is no less a burden.

## IV.   THE INSPECTION SUBPOENA SHOULD BE QUASHED AND WARREN STEEL SHOULD BE PROTECTED

### A.   § 1782 Does Not Provide For Entry And Inspection Of Premises

Although the Application requests an order authorizing a subpoena for inspection of "Warren Steel's premises", Application, p. 6, ECF 1, Hornbeam's Memorandum of Law, ECF 1-1, does not mention a need for inspection of Warren Steel's premises, nor set forth any legal grounds for permitting such inspection. In fact, §1782 does not provide for the inspection of premises. It provides only that a "district court … may order [a person] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or

international tribunal." 28 U.S.C. §1782(a). Nothing in §1782 speaks to a premises inspection. This is hardly surprising, given the difference between an inspection -- which cannot be readily used or used at all in foreign proceedings -- and the production of "documents or other things" and testimony which can be copied or transcribed and then used in a foreign court. In an analogous situation, numerous courts have held that §1782 does not include interrogatories or requests for admissions.[8]

      B.      **The Inspection Subpoena Should Be Quashed And Warren Steel Protected Because Hornbeam's Application Lacks Grounds For Inspection**

Rule 34 requests are denied when the requesting party has not "articulated, much less proven, a need for inspecting and photographing the premises." *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538 (N.D. Tex 2005)(denying Rule 34 motion). "Absent a showing of relevance, courts have repeatedly denied requests to inspect property pursuant to [Rule 34]." *Ehrilch v. The Incorporated Village of Sea Cliff*, 2007 U.S. Dist. LEXIS 39824, at *19 (E.D.N.Y. 2007). *See, e.g., Prison Legal News, v. Bezotte*, 2015 U.S. Dist. LEXIS 48531, *7 (E.D. Mich. 2015) (Rule 34 motion to compel denied with no showing inspection was relevant to its claims).

Neither Hornbeam's Application nor its Memorandum of Law set forth any need or grounds for an inspection. Other than harassment, it is hard to conceive of any legitimate basis that Hornbeam could have to inspect a closed Plant, let alone ***before*** filing suit in the BVI. Needless to say, a premises inspection subpoena is not a vehicle to enter the Plant and search for documents. *See Bethea v. Comcast*, 218 F.R.D. 328, 330 (D. D.C. 2003) (denying inspection of

---

[8] *See, e.g., Siemens AG v Western Digital Corp.*, 2013 U.S. Dist. LEXIS 159266 (C.D. Cal. 2013) ("Because this statutory language refers only to testimony and the production of documents … [t]here is no authority however, for a court to order a 'person' within the district (party of nonparty) to respond to interrogatories."); *Ishihara, supra,* 121 F. Supp.2d at 220 (concluding §1782's text does not permit interrogatories or requests for admissions after extensive review of caselaw and legislative history).

premises to determine whether additional documents have not been produced). To the extent Hornbeam seeks documents, it has done so through a document subpoena. Given that Hornbeam has not articulated any reasons for inspection, let alone reasons to which Warren Steel can respond, the inspection subpoena should be quashed.

### C. A Protective Order Should Issue Until Hornbeam Pays the $846,526 BVI Judgment

As more fully set forth in the *Motion to Stay Proceedings and the January 6, 2015, Order*, separately filed with this Court (the "Motion to Stay"), courts addressing §1782 often consider "(1) international comity; (2) fairness to litigants; and (3) judicial efficiency." *In re Pinchuk*, 2014 U.S. Dist. LEXIS 43686, *8 (S.D. Fla. Mar. 31, 2014). Each of those factors strongly supports the issuance of a protective order until Hornbeam pays the BVI judgment, for the reasons more fully described in the Motion to Stay.

The critical predicate for the burdensome discovery Hornbeam seeks is that Hornbeam allegedly will utilize the results of that discovery to initiate a new action in the BVI. However, the BVI court would ***not*** be receptive to any such litigation, because it would not permit new claims to proceed until Hornbeam pays the $846,526 judgment. *See* Alabama Decision at 8-9; Nader Dec. ¶59. Consequently, given that Hornbeam presently is unable to commence the new BVI litigation that it described to this Court in its Application, Warren Steel should be relieved and protected from responding to this costly and unnecessary discovery exercise, unless Hornbeam pays the BVI judgment and evidences its ability to proceed with new BVI litigation.

### CONCLUSION

For the foregoing reasons, a protective order should be issued and that Hornbeam's subpoenas for a Rule 30(b)(6) deposition and the Rule 34 inspection of the Plant should be quashed.

Respectfully Submitted,

*/s/ Richard M. Bain*
RICHARD M. BAIN (0016525)
bain@buckleyking.com
JEFFREY C. TOOLE (0064688)
toole@buckleyking.com
JUSTIN W. WHELAN (0088085)
whelan@buckleyking.com
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)

and

Bruce S. Marks
MARKS & SOKOLOV, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
215-569-8901
215-569-8912 (*facsimile*)

*Attorneys for Warren Steel Holdings, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing *Motion of Warren Steel Holdings, LLC for a Protective Order and/or to Quash Subpoenas* was filed with the United States District Court of Northern District of Ohio Eastern Division's electronic filing system on the 29th day of March, 2016. Parties may access this filing through the Court's electronic filing system.

*/s/ Richard M. Bain*

1936613_3

13