**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF<br>HORNBEAM CORPORATION<br><br>REQUEST FOR DISCOVERY PURSUANT TO<br>28 U.S.C. § 1782 | No. 14-24887-CV-SEITZ/TURNOFF |

### APPLICANTS' MOTION FOR LEAVE TO FILE A SUR REPLY OR, IN THE ALTERNATIVE, TO STRIKE THE SYMEOU PARTIES' EXPERT DECLARATION

Applicant Hornbeam Corporation ("**Hornbeam**"), Intervenor Bracha Foundation ("**Bracha**") and Proposed Intervenor Vadim Shulman ("**Shulman**") (collectively, "**Applicants**"), by and through counsel, respectfully move for an Order permitting them to file a sur reply in opposition to the cross-motion to extend the stay filed by Intervenors Panikos Symeou ("**Symeou**") and Halliwel Assets, Inc. ("**Halliwel**" and, together with Symeou, the "**Symeou Parties**"), or, in the alternative, for an Order striking the Symeou Parties' expert reply declaration, which improperly raises new arguments for the first time in connection with a reply brief, and in support thereof states as follows.

### PRELIMINARY STATEMENT

It is well-settled that a party may not sandbag its opponent by omitting an expert opinion from a motion and then filing an expert opinion for the first time on reply. Yet that is exactly what the Symeou Parties did in connection with their meritless cross-motion to extend the stay in this case. The Symeou Parties initially represented to both the Court and to Applicants that they did not oppose lifting the stay in this case. They then changed their minds, filing a new motion to extend the stay based on the existence of a jurisdictional challenge in one of the three cases

this Court authorized discovery to support more than two years ago. The Symeou Parties offered no support for their arguments about the appropriateness of a further stay. On reply, however, they submitted an expert declaration raising numerous new factual and expert assertions, including the erroneous claim that Applicants would not be prejudiced in their English action by a further stay.

The Symeou Parties' conduct is plainly improper, and prejudices Applicants by advancing arguments and facts in support of their stay request that Applicants have not had the opportunity to respond to. Applicants respectfully request permission to file a sur reply so that they can respond to the arguments raised for the first time in the Symeou Parties' reply, or, in the alternative, request that the Court strike the Symeou Parties' expert opinion [ECF 92-1] in its entirety.

## **RELEVANT FACTS**

This action has been stayed since May 2015 based on the pendency of the Symeou Parties' now-resolved Eleventh Circuit appeal in a related case in Alabama federal court involving the same parties. Applicants moved to lift the Stay Order on January 27, 2017 in light of the Eleventh Circuit's decision in their favor, [ECF 59-1], and after conferring with the Symeou Parties, filed a renewed motion to lift the stay on June 16, 2017. [ECF 75]. The Symeou Parties filed a cross-motion seeking to extend the stay, this time based on the existence of a jurisdictional challenge in one of the three foreign proceedings described in the discovery application this Court granted more than two years ago. The Symeou Parties did not include any expert opinion in their cross-motion to extend the stay. In their reply, however, they filed a declaration from a purported expert in English Law, Andrew Fulton, which raises new arguments the Symeou Parties did not advance in their moving brief. [ECF 92-1] Specifically, Fulton

argues that Shulman will not suffer prejudice as a matter of English procedural law if this Court agrees to extend the current stay until the English court resolves the jurisdictional challenge raised by one of the defendants in that case. Applicants seek permission to respond to the arguments raised in Fulton's declaration.

## **ARGUMENT**

It is well-settled that a party may not omit expert evidence from a moving brief and then introduce it for the first time on reply. Courts around the country have found that including new expert argument or other facts "for the first time in a reply declaration is 'a clear-cut form of sandbagging and [i]s simply unfair." *In re Florida Cement & Concrete Antitrust Litig.*, 278 F.R.D. 674, 684 (S.D. Fla. 2012) (striking analysis contained in a reply expert declaration that was not included in the expert's initial declaration) (*citing In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008)). Indeed, the non-moving party has "a due process interest in addressing" new arguments and facts raised for the first time in a reply, because "allowing [the moving party] to have the last word on the matter might constitute sandbagging". *Branch Banking & Tr. Co. v. Weiser*, No. 12-CV-21643, 2013 WL 12093148, at *3 (S.D. Fla. May 14, 2013) (granting leave to file a sur reply).

Here, the Symeou Parties filed their original motion with *no* expert support whatsoever, based on unsubstantiated assertions about English law, and then filed an expert declaration for the first time in connection with their reply. Applicants should be permitted to file a sur reply responding to the arguments raised for the first time in Mr. Fulton's reply declaration. In the alternative, Applicants request that the Court strike Mr. Fulton's declaration in its entirety as improper. There is ample support for the Court's authority to grant that relief. *See In re Florida*, 278 F.R.D. at 684 (striking expert analysis presented for the first time on reply); *Salmans v.*

*Byron Udell & Assocs., Inc.*, No. 12 C 3452, 2013 WL 707992, at *1 (N.D. Ill. Feb. 26, 2013) ("In order to prevent 'sandbagging,' issues presented for the first time on reply that could and should have been raised in an opening brief are generally waived."); *Wike v. Vertrue, Inc.*, No. 3:06-0204, 2007 WL 869724, at *8 (M.D. Tenn. Mar. 20, 2007) (striking new evidence submitted on reply and holding "the Court will not allow [the moving party] to sandbag the Plaintiff by first presenting the evidence in reply."); *see generally Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a ... reply brief.").

WHEREFORE, Applicants respectfully request that the Court enter the attached proposed order granting them permission to file a sur reply or, in the alternative, striking the reply expert declaration of Andrew Fulton [ECF 92-1].

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned hereby confirms that they conferred with counsel for the Symeou Parties, who stated that they would consent to Applicants' request to file a sur reply only on the condition that they be permitted to file a "sur-sur reply."

Respectfully submitted this 26th day of July, 2017.

HOGAN LOVELLS US LLP

/s/ David B. Massey
David B. Massey
600 Brickell Avenue, Suite 2700
Miami, FL  33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
david.massey@hoganlovells.com

4

                                                                  Dennis H. Tracey, III
                                                                  David R. Michaeli
                                                                  875 Third Avenue
                                                                  New York, NY  10022
                                                                  Telephone:  (212) 918-3000
                                                                  dennis.tracey@hoganlovells.com
                                                                  david.michaeli@hoganlovells.com
                                                                  *Admitted Pro Hac Vice*

                                                                  *Attorneys for Applicant Hornbeam*
                                                                 *Corporation, Intervenor Bracha Foundation,*
                                                                 *and Proposed Intervenor Vadim Shulman*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2017, I served a true and correct copy of this document on all counsel of record via electronic filing through the Court's ECF system.

                                                                     /s/ David B. Massey