# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| IN RE APPLICATION OF<br>HORNBEAM CORPORATION<br><br>REQUEST FOR DISCOVERY PURSUANT TO<br>28 U.S.C. § 1782 | No. 14-24887-CV-SEITZ/TURNOFF |

## APPLICANTS' OPPOSITION TO THE SYMEOU PARTIES' EXPEDITED MOTION FOR CLARIFICATION

Applicants Hornbeam Corporation ("**Hornbeam**"), Bracha Foundation ("**Bracha**") and Intervenor Vadim Shulman ("**Shulman**") (collectively, "**Applicants**"), by and through counsel, respectfully submit this opposition to the Expedited Motion For Clarification filed by Intervenors Panikos Symeou ("**Symeou**") and Halliwel Assets, Inc. ("Halliwel") (collectively, the "**Symeou Parties**"), and state as follows:

### PRELIMINARY STATEMENT

The Symeou Parties' motion for clarification is nothing more than a frivolous application for the same relief the Court just denied: a stay that would prolong these proceedings and deprive Shulman of the ability to obtain and use discovery in connection with the English Action. *See* ECF 108 (denying "Symeou and Halliwel's request for a continued stay" and granting Shulman's Motion to Intervene and Proceed with Discovery). The Court issued its ruling denying a further stay after extensive briefing and oral argument, and after considering and rejecting the very same arguments the Symeou Parties now raise for the second and, in many instances, third or fourth time in what they are calling a motion for clarification. There is no

need for clarification as to any of the points the Symeou Parties raise because the Court's rulings are clear.

The Court determined that Shulman was entitled to both intervene and proceed with discovery, and rejected the Symeou Parties' arguments that the case should be further delayed or that discovery should not be produced until after jurisdictional objections are decided in Shulman's English Action. The Symeou Parties cannot raise rejected arguments again by seeking "clarification". Nor would there be any basis to reconsider the Court's rulings, if the Symeou Parties had moved for that relief, as the Symeou Parties raise no new or meritorious arguments. Their motion should be denied, and the Subpoena Recipients ordered to respond to the subpoenas.

The Symeou Parties previously argued that discovery should remain stayed until (1) the jurisdictional challenge in the English Action was decided, which they represented would occur this fall, and (2) the Court decided their still-unfiled vacatur motion. The Court denied that motion, and ruled that Shulman could both intervene and proceed with discovery. The Symeou Parties now argue that for the exact same reasons just rejected by the Court, the Court should stay enforcement of the subpoenas, which is the sole purpose of this action and thus both the equivalent of a stay and the opposite of the Court's order, issued just two weeks ago, to "proceed with discovery." No basis exists to grant that relief.

The Symeou Parties rely primarily on their claim that Applicants agreed to delay enforcement of their subpoenas until the Symeou Parties' vacatur motion was decided, but that is a gross distortion of Applicants' prior agreement. Applicants contacted the Symeou Parties in June to discuss Applicants' intention to seek Shulman's intervention and to lift the stay. As set forth in the attached email chain, the parties initially agreed that in return for the Symeou Parties

2

consenting to having the stay lifted, Applicants would wait to enforce their subpoenas until the Court decided Shulman's intervention motion and the Symeou Parties' vacatur motion, both of which were to have been filed *on or before June 30*.  *See* Email Exchange from June 14-15, 2017, attached as **Exhibit A**.  As Applicants stated at oral argument, that agreement became moot because the Symeou Parties decided not to file a vacatur motion.  The agreement also became moot because the Symeou Parties reneged on their agreement to lift the stay and instead both opposed lifting the stay and filed a cross-motion to extend it.

In sum, there are no issues in the Court's Order requiring clarification.  The Court properly determined that the stay should be lifted and that discovery should proceed.  The Subpoena Recipients have no basis to continue ignoring the subpoenas, and must promptly comply.

**I.     The Court Has Already Ruled that Shulman May Proceed with Discovery**

The Symeou Parties first "clarification" argument is that even though the Court ruled that "Shulman's Motion to Intervene and Proceed with Discovery (**ECF No. 79**) is **GRANTED**," Shulman should not actually be allowed to proceed with discovery, and should instead be forced to waste time and judicial resources by filing a duplicative 1782 application seeking the exact same discovery.  The Symeou Parties made this exact same "piggybacking" argument in their unsuccessful opposition to Shulman's motion to intervene and proceed with discovery, as well as at oral argument, and the Court properly rejected it.  There is nothing to clarify.

In his Motion to Intervene and Proceed with Discovery, Shulman stated expressly that "Applicants seek to promptly move forward with discovery, pursuant to this Court's Order, so that the discovery is available to be used in Shulman's recently filed English Action and any other actions described in Hornbeam's original § 1782 application." [ECF 79 at 2]  The Symeou

3

Parties filed opposition, acknowledging that Shulman had "argue[d] the merits of his claim to discovery" in his motion but claiming the motion should be denied as an attempt to "piggy-back" on the original application, and further claiming that Shulman should be forced to file a separate 1782 application.  [ECF 93]   The parties then presented oral arguments on this issue.  *See* Transcript of August 15, 2017 oral arguments, attached as **Exhibit B**, at 30-31.

It is plainly improper for the Symeou Parties to raise the same arguments the parties already briefed and argued under the guise of a motion for clarification.  The Court considered the Symeou Parties' argument and rejected it.  And while the Symeou Parties have not filed a motion for reconsideration, it is clear that any such motion would be improper, for it is well-settled that "[a] motion for reconsideration is not an opportunity to simply reargue an issue the Court has once determined."  *Farias v. U.S. Bank Nat'l Ass'n*, No. 15-21827-CIV, 2015 WL 5016828, at *2 (S.D. Fla. Aug. 25, 2015) (internal quotations and citations omitted).  *See also United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (Seitz, J.) ("Because the reconsideration motion merely reargues points raised in the earlier motion to dismiss, it is not well-taken and must be denied."); *Am. Univ. of Caribbean, N.V. v. Carital Healtcare, Inc.*, No. 08-20374-CIV, 2011 WL 13174780, at *1 (S.D. Fla. Mar. 17, 2011) ("In the motion for reconsideration, [Plaintiff] attempts to reargue its previous position. That is simply not allowed . . . [p]arties cannot file motions for reconsideration that ask the Court to rethink what the Court ... already thought through—rightly or wrongly.") (internal quotations and citations omitted).

As Applicants set forth in their briefing on this issue, Shulman has always been a party in interest to this case, satisfied all intervention requirements, and was entitled to the formality of intervention and to proceed with the discovery authorized by the Court.  The Court considered

and rejected the Symeou Parties' argument that Shulman should be forced to file a new, entirely duplicative 1782 application for the very same discovery this Court already authorized, and no basis exists to re-open that issue.

## II. The Court Properly Denied a Stay Pending the Symeou Parties' Unfiled Motion

The Symeou Parties next argue that the case should be stayed pending a vacatur motion they haven't even filed and apparently don't plan to file for at least a month. That argument was also raised and rejected in connection with the parties' recently decided briefs, and may not be raised again in a reconsideration motion styled as a motion for clarification. Further, the argument lacks merit, for it is beyond dispute that a party is not entitled to a stay based on a motion that hasn't even been filed, as Applicants demonstrated in their reply in support of lifting the stay [ECF 82 at 2-3] and their opposition to the Symeou Parties' cross-motion for a stay [ECF 91 at 15-16].

According to the Symeou Parties, they plan to base their vacatur motion on the argument that the Applicants are not "interested persons" under § 1782. However, the Eleventh Circuit has already found that "it is undisputed that Hornbeam is an interested party", *In re: Application of Bracha Found.,* 663 F. App'x 755, 765 n.2 (11th Cir. 2016), and there is no serious dispute that Shulman, as the sole plaintiff in the English Action, is also an interested party for 1782 purposes, as Shulman set forth more fully in his Motion to Intervene and Proceed with Discovery. It is therefore clear that any vacatur motion will be frivolous. The Symeou Parties' final vacatur argument is that the discovery ordered by the Court "should be narrowed or abated (i.e., depositions should be vacated, or, at a minimum, stayed until the BVI claims are filed or the English court upholds jurisdiction)." [ECF 112 at 7 n. 4]  That is a discovery objection, not a

5

vacatur argument, and can easily be addressed in the context of the Subpoena Recipients' responses to the outstanding subpoenas.

In sum, the Court's ruling denying a stay was both clear and correct, and no basis exists to disturb it.

### III.   Applicants Did Not Agree to the Indefinite Stay the Symeou Parties Claim

The Symeou Parties' final argument is that the Subpoena Recipients' obligation to respond to Applicants' subpoenas should be stayed because Applicants supposedly agreed to an indefinite stay pending resolution of their still-unfiled and evidently meritless vacatur motion. That assertion is false.

As set forth in the email chain attached as Exhibit A, Applicants originally agreed to await the Court's decision on a vacatur motion before enforcing their subpoenas on the condition that (1) "[t]he parties agree the stay can be lifted" and (2) "[t]he deadline for Shulman to file an intervention motion, intervenors to file a vacatur motion, and the subpoena recipients to file objections and/or a vacatur motion will be June 30." The purpose of the proposed agreement was to consolidate all arguments of all parties before the Court in motions filed on June 30 and to allow Applicants to move to lift the stay on an unopposed basis. Although Applicants filed their motions on June 30, for unknown reasons and without explanation the Symeou parties chose not to file a vacatur motion and instead to file a new motion to stay. Thus, as Applicants stated at oral argument, the agreement became moot when the Symeou Parties failed to file any vacatur motion by June 30. *See* Exhibit B at 8-11.

Further, the Symeou Parties' suggestion that this court should set a "deadline" for them to file their vacatur motion, and then set a briefing schedule, is a red herring that is only intended to create delay (and ignores the practices in this District). What the Symoeu Parties really seek is

6

not a briefing schedule, which this Court's Local Rules provide automatically, but an extension of the stay until they file their long-delayed motion – relief the Court just denied.  It is plainly improper for the Symeou Parties to sit on the sidelines, seek delay with one stay motion, and then file a repackaged motion for the same relief after receiving an unfavorable ruling.

## **CONCLUSION**

Two weeks ago, the Court ruled that Shulman be permitted to intervene and proceed with discovery, and denied the Symeou Parties' request for a further stay.  For discovery to proceed as ordered by the Court, the Subpoena Recipients must respond to the subpoenas.  Indeed, as Shulman set forth in his motion, it is critical that the Subpoena Recipients comply and begin producing documents promptly so that Shulman will be able to obtain and use discovery relevant to current proceedings in England.  The Subpoena Recipients, which did not even join the Symeou Parties' motion, are in willful defiance of the Court's Order by refusing to even serve subpoena responses, let alone proceed with discovery.  Applicants respectfully request that the Court enforce its ruling and order the Subpoena Recipients to promptly comply with the subpoenas so that discovery may proceed as ordered.

In light of the frivolous nature of the Symeou Parties' motion, and their history of filing frivolous and vexatious pleadings, Applicants also respectfully request that the Court require future motions to be approved by the Court following submission of short pre-motion letters, in the hopes that the Symoeu Parties can be dissuaded from seeking undue delay with further baseless filings.

Respectfully submitted this 31st day of August, 2017.

7

HOGAN LOVELLS US LLP

<u>/s/ David B. Massey</u>
David B. Massey
600 Brickell Avenue
Suite 2700
Miami, FL  33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
david.massey@hoganlovells.com

Dennis H. Tracey, III
David R. Michaeli
875 Third Avenue
New York, NY  10022
Telephone:  (212) 918-3000
dennis.tracey@hoganlovells.com
david.michaeli@hoganlovells.com
*Admitted Pro Hac Vice*

*Attorneys for Hornbeam Corporation, Bracha Foundation, and Intervenor Vadim Shulman*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of August, 2017, I served a true and correct copy of this document on all counsel of record via electronic filing through the Court's ECF system.

/s/ David B. Massey