UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  14-24887-CIV-PAS

IN RE:
APPLICATION OF HORNBEAM CORPORATION
REQUEST FOR DISCOVERY PURSUANT
TO 28 USC 1782

Miami, Florida
September 1, 2017
Pages 1-31

_____

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE APPLICANTS:
                    *Hogan Lovells US, LLP*
                    BY:  DENNIS H. TRACEY, III, ESQ.
                    BY:  DAVID R. MICHAELI, ESQ.
                    875 Third Avenue
                    26th Floor
                    New York, New York 10022

FOR THE INTERVENORS:
                    *Reed Smith, LLP*
                    BY:  EDWARD M. MULLINS, ESQ.
                    1001 Brickell Bay Drive
                    Suite 900
                    Miami, Florida 33131

                    *Marks & Sokolov, LLC*
                    BY:  THOMAS SULLIVAN, ESQ.
                    1835 Market Street
                    Philadelphia, Pennsylvania 19103

FOR THE SUBPOENA RESPONDENTS:

                    *Gunster*
                    BY:  WILLIAM KING HILL, ESQ.
                    600 Brickell Avenue
                    Suite 3500
                    Miami, Florida 33131

PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING
TRANSCRIPT PRODUCED BY COMPUTER

**TRANSCRIBED BY:**      **DAWN M. SAVINO, RPR**
                        Official Court Stenographer
                        400 N. Miami Avenue, 10S03
                        Miami, Florida  33128
                        Telephone:  305-523-5598

---

P-R-O-C-E-E-D-I-N-G-S

THE COURT:  In Re: Application of Hornbeam Corporation, case number 14-24887.

I will tell you, you may know, I guess some of you brought computers or something here, and the Marshals called my staff from downstairs and they said are you expecting lawyers from the corned beef case.

Now, let's have appearances please.  You have to speak into the microphones.

MR. TRACEY:  Dennis Tracey from Hogan Lovells for the applicants.

MR. MICHAELI:  David Michaeli from Hogan Lovells also for the applicants.

MR. MULLINS:  Edward Mullins of Reed Smith for the Symeou parties, I'm here with Tom Sullivan of MS Legal.

MR. SULLIVAN:  Good afternoon, Your Honor.

MR. HILL:  William Hill from Gunster on behalf of the Subpoena Respondents.

THE COURT:  Okay.  Give me one second here.  I'm just looking at my notes.

Did you say Thomas Sullivan?

MR. SULLIVAN:  Yes, Your Honor.

**PROCEEDINGS RECORDED BY DIGITAL AUDIO RECORDING**
**TRANSCRIPT PRODUCED BY COMPUTER**

1        THE COURT:  And you're from?

2        MR. SULLIVAN:  Marks and Sokolov in Philadelphia.

3        THE COURT:  In Philadelphia.  Did we cover this before?

4        MR. SULLIVAN:  In depth, Your Honor.

5        THE COURT:  That's the only thing I circled in this 85

6   pages.

7        Did you come down with cheese steaks and hoagies?  And

8   soft pretzels for everybody?

9        MR. SULLIVAN:  I came by way of Denver today, so I

10  didn't have the opportunity.

11       THE COURT:  Okay.

12       MR. SULLIVAN:  And I left in Denver what belongs in

13  Denver.

14       THE COURT:  Yeah.  Marijuana, right?

15       Okay.  All right.  All right.  Let us hear from the

16  movant.  You know what, if you don't mind, step to this

17  microphone, everything is being recorded and I need to hear you.

18       MR. MULLINS:  Good afternoon, Your Honor.  Apologize

19  for being late, but all the elevators broke.  Every one of them

20  was out.

21       THE COURT:  I'm sorry?  Oh, the elevators are out?

22       MR. MULLINS:  Every single one of them.  But eventually

23  the second one started getting -- operated.

24       THE COURT:  We once had, when Yvette started working

25  here and I had a jury trial going on and it spilled over to my

1   criminal duty week and which they had -- you know, it's Miami

2   and we have lot of defendants and lawyers and parties.  And the

3   judges' elevator was out, the Marshal's elevator was out, and

4   Yvette had like a broken leg or something, which she had fallen

5   on the steps that were wet.  So we had to get all these people

6   up to the 11th floor here and separate -- get the prisoners up,

7   separate them from the public, separate the jurors up here, and

8   that was our first day of work.

9          So I'm awfully sorry about -- how did you finally get

10   -- did you have to walk up here?

11          MR. MULLINS:  No, we got here, we got here.  But we had

12   a hard time finding a parking space as well.  So anyway, we made

13   it.

14          THE COURT:  I'm awfully sorry.  It's an embarrassment

15   to the Court and not just in this building, we've had problems

16   across the street and across that street as well.  This is the

17   oldest of the buildings, but they're supposed to have somebody

18   on call all of the time.  But I apologize.  It was not

19   intentional to discourage you guys from filing motions, I'll

20   tell you that.

21          MR. MULLINS:  Well Your Honor, it's a good segue

22   because we feel like we're being appreciative of your time and

23   we tried to avoid having this motion as much as possible.  In

24   fact, we did come to some agreement yesterday on intervention.

25          THE COURT:  Okay.

1        MR. MULLINS:  But we do have a critical distinction

2  here, and honestly we've tried to work with opposing counsel and

3  we think their position is untenable and we would like to go

4  through it.

5        We think the order that you entered August 17th is

6  clear.  You allowed the intervention and you allowed the stay to

7  be lifted.  Your Honor, if you look --

8        THE COURT:  To make it clear here for the record, who

9  do you represent specifically?

10        MR. MULLINS:  Your Honor, we represent the -- what we

11  call the intervenors of the Panikos Symeou and Halliwel Assets.

12  I will, just for the record, yesterday Mr. Bogolyubov --

13  Mr. Kolomoisky and Mr. Bogolyubov had been allowed to intervene

14  by agreement, and they are, you know, basically principals

15  behind some of these companies.  I suspect we will be

16  representing them, but they were just agreed to be allowed to be

17  intervened yesterday by agreement with counsel.  We filed a

18  stipulation yesterday.  Last night.

19        THE COURT:  Okay.

20        MR. MULLINS:  I suspect we'll be representing all of

21  them, and what we want to do, Your Honor, is file a motion to

22  vacate the initial ex-parte order allowing discovery.  Until

23  this point, until the Court lifted the stay, there was no

24  opportunity for us to follow -- file, rather, the motion to

25  vacate.  And Your Honor, the position of the other side, we

1   thought your order was clear.  We asked for clarification, and

2   so the record is clear, we did file an appeal yesterday to just

3   preserve the record because our appellate time was due

4   yesterday, and this is the only time you had on your calendar.

5   I think if we can resolve this today, we can moot out almost all

6   of that appeal.

7         The issue, Your Honor, is we believe that your order

8   was clear, it simply gave the applicants what they asked for.

9   They asked to lift the stay, they asked for Mister -- the

10   intervention to be had of the -- sorry?

11         THE COURT:  Shulman.

12         MR. MULLINS:  Mr. Shulman.  Okay.  Now, Your Honor, if

13   you look at what -- the motion they filed and look at the --

14   what they represented to the Court, it's clear.  And just going

15   back a little bit, Judge Seitz, in the Docket Entry 69 and order

16   February 15th, clearly recognized we were going to file motions

17   to vacate.  The applicants themselves moved to extend that stay

18   on May 5th.  But looking specifically, Your Honor, at the motion

19   that was filed by the applicants, now this is seven months after

20   they could have asked the stay to be lifted.  They said

21   applicants conferred with opposing counsel about the relief they

22   were requesting herein and select all dates in the proposed

23   briefing schedule based upon requests from opposing counsel, but

24   were unable to secure opposing counsel's consent to the language

25   of an agreed motion.  So they represented that we did not agree

1    to their dates that they propose.  And in fact, they pointed to

2    e-mails yesterday -- they filed yesterday.  I have e-mails later

3    that show that we did not agree, and Your Honor, it's clear from

4    the motion that we did not agree to their dates.

5          But let me go on to what they said in the motion.  They

6    said counsel for the Intervenors, that's us, have previously

7    represented to the Court that Intervenors do not oppose lifting

8    the stay -- this is important -- so long as Applicants do not

9    seek to enforce their subpoenas until the Court have resolved

10   their pending motion to vacate.  As set forth below, Applicants

11   agree, agree, to delay enforcement of their subpoenas until the

12   parties' anticipated motions are decided.  That's on their own

13   motion, Your Honor.  This is Docket Entry 75.

14         Then on Page 3, they say, this is the Applicants, Page

15   3, Applicants agree that the Subpoena Recipients' deadline to

16   serve objections to the subpoenas may be extended until after

17   the Court issues a decision on the parties' anticipated motions,

18   and anticipates that the parties will include arguments in their

19   briefs about whether the Subpoena Recipients are entitled to any

20   additional extensions based on proceedings taking place in the

21   English action.

22         Then they asked for three things and you asked about

23   this at the last hearing in the wherefore clause.  They ask,

24   Number 1, an order lifting the stay; Number 2, to continue to

25   extend the deadline for Subpoena Recipients to respond to the

1  subpoenas pending a determination of the parties' motions which

2  had yet to be filed because the case was stayed; and 3, enter an

3  order attached as Exhibit A setting the deadlines for the

4  parties to file their anticipated motions by June 30th,

5  oppositions by July 19th, replies by July 28th.  Your Honor, you

6  granted Number 1, you granted Number 2, you never entered the

7  proposed order Number 3.  You did not set deadlines for us to

8  file.  And so what happens is we fully briefed the stay motion,

9  and now all we're asking is for a deadline for us to file the

10  motions for -- to vacate, which is what they asked you to do.

11       And I point out too, Your Honor, on the intervention,

12  the same thing is true.  All they asked on intervention is that

13  they be allowed to intervene and look at the wherefore clause,

14  allow them to intervene, Mr. Shulman to intervene, and then have

15  the motions heard.

16       Your Honor, this is a matter of due process.  The

17  ex-parte order for allowing discovery was done ex-parte.  We had

18  -- we have an absolute right under the case law and under due

19  process to be able to file motions to vacate.  We'll file those

20  motions, and just like they agreed to, we'll have at that point

21  -- when they're decided, we'll have the Subpoena Recipients

22  respond.  I think there was -- Mr. Hill will talk about his

23  side, why he needs the time as well.

24       Unless the Court has any questions?

25       MR. HILL:  Thank you, Your Honor.  May it please the

1    Court.  Your Honor, William Hill again on behalf of the Subpoena

2    Respondents.

3           THE COURT:  Will you lower your microphone?  Thank you.

4           MR. HILL:  Are you calling you short?

5           UNIDENTIFIED SPEAKER:  He's calling you tall.

6           MR. HILL:  I'm sorry.

7           THE COURT:  I would be making fun of myself.

8           MR. HILL:  Your Honor, the Subpoena Respondents join in

9    all the arguments made by the Intervenors.  We would ask you to

10   hold the Applicants to both the agreement that they had with us

11   throughout this whole thing, in which they stated to the Court

12   on a number of occasions that they were not looking to force my

13   clients to respond to subpoenas until motions to vacate were

14   heard and decided.  They made numerous representations which

15   Mr. Mullins just recited.  So we ask that you hold them to that.

16          Second, Your Honor, my clients will be prejudiced if

17   we're forced to move forward with discovery at this time prior

18   to determination of what are, in essence, dispositive motions.

19   The issue in this case is whether or not they get to proceed

20   with discovery in aid of foreign actions.  They're looking for

21   the discovery from my clients.  It will take work to get that

22   discovery together, it will take work not just to produce it,

23   but to evaluate what's there and to make legitimate objections

24   to the discovery.  And we ask, as we have been through out, that

25   we not be put through that until it is certain that this

1    discovery is going to go forward.  That's what they agreed to as

2    well, and then they reneged, Your Honor.  So my clients will be

3    prejudiced if, as they are demanding, we go forward at this time

4    and make objections to discovery that may not ultimately be

5    required.

6            Second, Your Honor, we've asked simply if we are not

7    given what we think has been previously agreed and what was

8    asked of Your Honor, which is that the responses to the

9    subpoenas be -- the time for the response to be extended to the

10   time after determination of motions to vacate, that at least we

11   get time through October 20th to respond given the upcoming

12   Jewish holidays.  My clients are all observant.  I can list the

13   three holidays that are coming up, I actually made good notes of

14   them.  But there -- as Your Honor is probably aware, there are a

15   number of -- two holidays coming up in September and then

16   another one in October, Sukkot.  So there are a number of days

17   unavailable.  My clients are observant and would need --

18           THE COURT:  Are you saying the next holiday is Sukkot?

19           MR. HILL:  Sukkot, Your Honor.

20           THE COURT:  No, the next holiday is Rosh Hashana.

21           MR. HILL:  No, no, no.  Sukkot is in October.  Rosh

22   Hashana, September 20th through 22nd.  Yom Kippur starting

23   sunset September 29th, and then Sukkot is October 4th through

24   7th, and then there's a second part of it the following week.

25           THE COURT:  What's that?

1          MR. HILL:  It's related to Sukkot, Your Honor.  I don't

2    have --

3          THE COURT:  It's what?

4          MR. HILL:  It's related to Sukkot.  That's all I know,

5    Your Honor.

6          THE COURT:  So you're arguing if I don't rule in your

7    favor, lightning is going to strike me right now, right?

8          MR. HILL:  Your Honor, I leave that to a higher power.

9          THE COURT:  Okay.

10         MR. HILL:  Your Honor, there is no prejudice to the

11   Applicants in allowing some additional time, and I would urge

12   you to allow the time that we've asked for which is to --

13         THE COURT:  If you would, put on the record

14   specifically what you and your colleague -- what relief you're

15   requesting from the Court by way of an order after this hearing.

16         MR. HILL:  Extend the time for the Subpoena Respondents

17   to respond to the subpoenas until a brief, but reasonable, time

18   20 days after determination of motions to vacate, which will be

19   filed according to a schedule set forth today.  That's what

20   we're asking for.  Respond reasonable time after motions to

21   vacate are decided.

22         MR. MULLINS:  And Your Honor, just because you asked,

23   we would ask to the September 28th to file the motion to vacate.

24   We have now new clients that are coming in and we had to file --

25   get expert reports for these motions to vacate, so we would like

1    to file our motion to vacate by September 28th.

2          THE COURT:  Well, I'm looking at your prayer for relief

3    in conclusion Page 10 of the motion before me, right?

4          MR. HILL:  Mine, Your Honor?  Or the other?

5          THE COURT:  This is Mr. Mullins.  I would take it it's

6    the same thing, but correct me if I'm wrong.

7          MR. HILL:  It is.

8          THE COURT:  Okay.  Shulman should be required to file

9    his own Section 1782 application.  The motion to vacate the

10   ex-parte order and opposition to Shulman seeking discovery

11   should be filed within 30 days of Shulman filing his

12   application.  And the Subpoena Recipients should not be required

13   to respond to subpoenas until the motions to vacate in

14   opposition are decided.

15          Is that the relief that you're requesting?

16          MR. MULLINS:  We are, Your Honor.  But to the extent

17   that the Court is not going to require Mr. Shulman to file a

18   separate motion or own application, and to the extent that the

19   Court believes that this is a fair characterization of the order

20   that the Court has already entered, we would ask that the Court

21   -- we talked to the other side about this -- allow us until

22   September 28th to file our motion to vacate.  Then we would

23   brief the standing and other issues of Mr. Shulman in the

24   context --

25          THE COURT:  I'm not ruling in advance, of course, but I

1    want to -- my experience has taught, I want to put these things

2    on the record while you're here.

3              MR. MULLINS:  Sure.

4              THE COURT:  My understanding was that you didn't want

5    Shulman to be able to piggyback and that he should file his own

6    motion.  Was that your initial position?

7              MR. MULLINS:  That was our initial position, correct.

8              THE COURT:  Okay.  Now, assuming I agree with you, and

9    I'm not ruling now, wouldn't it be cleaner to make him file his

10   own application and everything should be from that?

11             MR. MULLINS:  100% agree, Your Honor.

12             THE COURT:  Okay.  Am I missing something here?  I know

13   the other side's position, but am I missing something here, if

14   that's what I end up doing?

15             MR. MULLINS:  You are not missing anything, Your Honor.

16             THE COURT:  So then if I order that he is to file his

17   own application, then is there any need for me to put a

18   timetable on your filing -- let me see, your objections to his

19   application and everything that flows there from?

20             MR. MULLINS:  You don't need to put a timetable.  If

21   the Court wants to give us a timetable to do it, we'll be

22   agreeable to do it.  We had offered to do that, I think we

23   offered to do it within 30 days of his filing the application,

24   but whatever the Court's pleasure.

25             THE COURT:  So the Court needs to address, amongst

1    other things, whether Shulman has to file his own 1782

2    application, and then I'm thinking in case I do that, and I'm

3    not ruling yet --

4             MR. MULLINS:  Sure.

5             THE COURT:  -- whether I should put any time limitation

6    on your filing objections, one, to the application itself,

7    right?  And then two, to the subpoenas?

8             MR. MULLINS:  Correct, Your Honor.  And for purposes of

9    the Intervenors.

10            THE COURT:  In other words, the ruling would have to be

11   on your objections to the application and then if that's

12   overruled, then the issued subpoenas would come into play?  I

13   don't mean to confuse things.

14            MR. MULLINS:  Your Honor, that would be accurate.  They

15   would file their own application.  We would be responding to

16   that.  We would also, at the same time, be moving to vacate the

17   original application which we think -- it's maybe even moot at

18   this point because I don't think they're ever going to file the

19   BVI.

20            THE COURT:  The original application being the one that

21   you say Shulman is trying to piggyback on.  Is that what you're

22   saying?

23            MR. MULLINS:  Correct, Your Honor.

24            THE COURT:  I don't mean to confuse.  I'm trying to be

25   helpful.  I'm just confusing things more.

1          MR. MULLINS:  You're not.  Your Honor, it's a pretty

2     confusing record.  Hornbeam originally got an application to

3     file an action in BVI and in three years, he's never done it.

4     Now Mr. Shulman wants to proceed in England.

5          Our point was you're 100% right, that Mr. Shulman can

6     file his own application, similar to what the New York court did

7     when they did allow him to intervene there.  But at the end of

8     the day, we do believe no matter what, if it's in the context of

9     him trying to piggyback on the prior application or it's in the

10    context of us vacating his, you know, attempt to piggyback, as

11    you said in our motion what we asked for is he file his own

12    application, you have to follow the factors.  He has to show he

13    meets all the statutory and discretionary factors in order for

14    him to get discovery to file for the action he is pursuing in

15    England.

16          THE COURT:  Okay.

17          MR. HILL:  Your Honor, I'll be brief to finish.  I

18    agree with what Mr. Mullins has set forth.  A couple more points

19    for the record, Your Honor.

20          There will be no prejudice to the Applicants if there

21    is an additional time schedule set up for response to the

22    subpoenas.  First and foremost, the Subpoena Recipients have had

23    a litigation hold in place since we became aware of these

24    subpoenas quite some time ago, so the documents aren't going

25    anywhere.

1      Second, there's no urgency from the English court.  As

2   I understand it, and based on what they said at the last

3   hearing, there are two defendants in that action.  One hasn't

4   even been served, so I assume there's some international service

5   of process that's going to take some time.  The other defendant

6   has moved to dismiss for lack of jurisdiction.  So that English

7   case is not going to grow wings any time soon.  Second --

8      THE COURT:  It's not going to what?

9      MR. HILL:  It's not going to grow wings.  It's not

10  going to move with great alacrity, Your Honor.

11      THE COURT:  I see.

12      MR. HILL:  Second, the subpoena in our case was not

13  served for over a year, and then the stay was lifted back in

14  November and not until June did they move to lift it.  So

15  there's difficult -- it's difficult to see what urgency there is

16  now to rushing forward and putting my clients through the cost

17  and expense of responding to these subpoenas without the chance

18  to brief dispositive motions.

19      Your Honor, one last thing just in Mr. Shulman's motion

20  for intervention, and this is why I'm flummoxed by their

21  position now.  Mr. Shulman said in the very first paragraph,

22  this is Docket Entry 79, the following:

23      Intervenor, Shulman, by and through counsel,

24  respectfully moves for an order permitting Shulman's

25  intervention prior to Shulman and the other discovery Applicants

1    proceeding with the discovery previously authorized by this

2    Court's order.

3            In other words, just as we expected they were trying to

4    do, let Shulman in, and then whatever flows from that flows from

5    that, but they want him in prior to moving forward with

6    discovery.  It's not that Shulman comes in and immediately the

7    discovery goes forward without any further briefing.

8            So with that Your Honor, we would like, as I said

9    before, an extension until after briefing on dispositive motions

10   before the Subpoena Respondents have to respond to the

11   discovery.  Alternatively, a reasonable period of time, but our

12   principle relief is that we not be required to respond until

13   after these dispositive motions are decided.

14           Thank you, Your Honor.

15           THE COURT:  I'm sorry.  I don't want to confuse things.

16           MR. HILL:  Yes, sir.

17           THE COURT:  Respond to the subpoenas; is that correct?

18           MR. HILL:  Yes.

19           THE COURT:  What dispositive motion are you talking

20   about?

21           MR. HILL:  Motions to vacate the subpoenas based on

22   various factors that they are no longer proper subpoenas based

23   on the factors required for 1782.  It's a motion to vacate.

24           THE COURT:  I don't want to confuse things and don't

25   allow me to confuse things, but you want to vacate the

1    subpoenas, right?

2            MR. HILL:  Correct.

3            THE COURT:  Among other things.

4            MR. HILL:  Correct.

5            THE COURT:  What about the 1782 application itself?

6            MR. HILL:  Same thing, Your Honor.  We think the

7    application would no longer support the issuance of the

8    subpoenas.  It's --

9            THE COURT:  Is it something without a distinction?  Do

10   you want something to happen to the 1782 application or that's

11   just --

12           MR. HILL:  I'll let Mr. Mullins respond.

13           MR. MULLINS:  I think you had it right the first time.

14   If the Court rules that Mr. Shulman needs to file his own

15   application, we will be responding to that.  We don't think it

16   will be ex-parte, we're all now in the case, it can't be

17   ex-parte.

18           THE COURT:  You will be filing a motion with respect to

19   that, right?

20           MR. MULLINS:  Correct.

21           THE COURT:  Okay.

22           MR. MULLINS:  At the same time, we would deal -- to the

23   extent that they're still riding under the original application,

24   we would be responding and moving to vacate that under that

25   because we never had a chance to do that.

1      THE COURT:  To vacate.  That's where I got that from.

2      MR. MULLINS:  Yeah.  So the procedure is these orders

3   are entered ex-parte with the full idea that anybody can come in

4   who has an interest, whether or not they're a subpoenaed party

5   or you're being sued in the case to vacate it, because you

6   weren't there.  That's what the procedure is.

7      THE COURT:  I understand.  Vacate and that takes care

8   of it.  Are you also contemporaneously filing a motion and he's

9   talking about subpoenas?  If you move to vacate and that would

10  take care of the problem if it was vacated, right?

11     MR. MULLINS:  Correct.

12     THE COURT:  And you would get your day in court, right?

13     MR. MULLINS:  Correct.

14     THE COURT:  Would that moot out the subpoena,

15  responding to the subpoenas?

16     MR. MULLINS:  If it's granted in full, it would.  If

17  there's some kind of modification, which sometimes happens, then

18  it may or may not, depending on what happens with the order.

19     THE COURT:  So it's possible that you would file them

20  at the same time, motion to vacate 1782, as well as any

21  subpoenas that have been filed?

22     MR. MULLINS:  We would, Your Honor.  We would.  We

23  would.  And at the end of the day, the subpoenas authorize

24  certain discovery.  We would be saying shouldn't have any

25  discovery at all, but if you are going to have discovery,

1   shouldn't have, for example, depositions, which going to be a

2   fight.  You know, we'll be fighting over that kind of thing.

3            And so, for example, it may very well be the whole

4   thing is knocked out, or a portion is knocked out.  And what

5   they're saying is look, they shouldn't have to respond if the

6   whole thing is knocked out, or if a portion is knocked out they

7   should deal with whatever is knocked out and they would respond

8   to that after all the dust has cleared when Mr. Shulman files

9   his own application, and we get a chance to file our motion to

10  vacate the original application, to the extent they're still

11  riding under it.

12           THE COURT:  The reason I'm raising this is -- again,

13  I'm not ruling yet, I want everything on the record here, you

14  follow me?  And so in the event that I agree with you, in the

15  event, in whole or in part, the order is going to have to be

16  specific.  You know, the record is complicated enough, but you

17  want to be clear that if there is a -- it may be a distinction

18  without a difference, but I want to be clear, the opportunity

19  you're asking is to vacate the 1782, also any subpoenas that

20  flow from that.

21           MR. MULLINS:  Yes.

22           THE COURT:  Okay.  Don't read anything into that, I'm

23  just trying to make a clear record here and give you an

24  opportunity to respond.

25           MR. MULLINS:  Unless Your Honor has any questions?

1        THE COURT:  No, I don't.

2        MR. MULLINS:  Thank you, Your Honor.

3        THE COURT:  Thank you very much, Counsel.  Do you know

4    what, Yvette, if it's possible, I know Judge McAliley -- this

5    was much louder, this thing.  If they could increase the volume

6    on this.  Here?  What he should do is come in and increase the

7    volume and move the microphone where it should be.  How's that?

8        I'm sorry, Counsel.

9        MR. TRACEY:  Thank you, Your Honor.  Dennis Tracey for

10   the Applicants and for Intervenor Shulman.  And because it is

11   such a complicated record, I'm going to go a little bit

12   chronologically just to set the table.

13       THE COURT:  Just for what it's worth, I reviewed the

14   file, so notwithstanding my inarticulate --

15       MR. TRACEY:  No, no.  It's a very complicated file.

16       But the simple fact is that Shulman, of course, and

17   Hornbeam, believe that they have been defrauded by the two

18   principals of the other side and asked for discovery of

19   Florida-based participants.  They believe they were defrauded by

20   related parties to Warren Steel who entered into fraudulent loan

21   agreements with Warren Steel and sucked all the money out of it

22   and left it insolvent.  And the related parties, who we believe

23   entered into those agreements, are the Subpoena Recipients.  And

24   Mr. Korf, also a Subpoena Recipient, is the principal of those

25   entities and an agent of Mr. Kolomoisky, and he's actually the

1    one who signed all of these loan agreements, both, believe it or

2    not, as borrower and lender.  So that's why we're here.  That's

3    why this is important.

4        And so what we have been wrestling with is motion after

5    motion saying -- over the last year and a half saying you can't

6    take discovery because you haven't filed a case.  It's

7    premature, you haven't shown you're going to file a case.  So in

8    June we filed a case in England.  It covers exactly these

9    issues.  It requires exactly the discovery that we were

10   originally granted a year and a half ago, and that discovery is

11   now urgently imminent because having made us wait a year and a

12   half, we have now filed the case.  The pleading is in, we are

13   due to respond to this jurisdictional motion this month.  It's

14   going to be heard in November or December, and we need these

15   documents.

16       THE COURT:  You're talking about in England?

17       MR. TRACEY:  In England, yes.  And we need the

18   documents in order to respond to the jurisdictional issue and to

19   establish our evidence on the merits.

20       And so what we have done is originally this was filed

21   by Hornbeam who is the agent of Shulman.  Shulman is the

22   principal.  And in June, when it became clear that Shulman would

23   be the Plaintiff, not Hornbeam in that particular case, we moved

24   to intervene on behalf of Mr. Shulman who is, you know, the

25   principal of Hornbeam.  And so what we moved for was

1    intervention of Mr. Shulman and to proceed with discovery.  That

2    is the motion that we made on June 16, 2017, it's document 79.

3    In that motion, we didn't just say hey, we'd like to intervene

4    because we've got an interest in this; we said Mr. Shulman is an

5    interested party under Section 1782, and he satisfies all of the

6    statutory and discretionary requirements necessary to proceed

7    with discovery as a Section 1782 Applicant in this case.  That

8    is document Number 79.

9        And as you'll see, Your Honor, we addressed every

10   single issue that could possibly be raised.  We established that

11   all four factors under 1782 were met by Mr. Shulman.  We

12   established that the four discretionary factors in the *Intel*

13   decision were also met by Mr. Shulman, that's all in document

14   79, and we attached to that two expert reports that supported

15   all of our contentions.

16       So we're not just piggybacking on something else, we

17   made a substantive application under Section 1782 to intervene

18   in this case and to participate in discovery because Mr. Shulman

19   is the interested party. The argument that he's not an

20   interested party is amazing.  The Supreme Court has said that of

21   course a litigant in a foreign proceeding is an interested

22   person.  That is what an interested person is.  Mr. Shulman is a

23   litigant in a foreign proceeding who requires this discovery in

24   order to prove his case in the foreign proceeding.  So this is

25   the classic Section 1782 case, we have established all of the

1    requirements.  Your Honor granted that motion and unless this is

2    a motion for reconsideration of that, that issue is done.

3           So then the only question is given that Mr. Shulman has

4    been granted the right to intervene and proceed with discovery

5    which Your Honor granted, what is the scope of discovery that is

6    required?  And as we have advised the other side, we're happy to

7    discuss with them the scope of the discovery that's required.

8    If they have objections on grounds of burden, we're happy to

9    discuss those with them.  We also said that we would be happy to

10   extend their time to respond to whatever is reasonable and I

11   think, you know, given the amount of work that's required, you

12   know, in the matter of, you know, weeks, I think would make

13   sense, maybe a month, maybe, you know, five weeks, as long as

14   the extension is designed to have them respond with documents

15   and testimony and not just more objections.

16          And so we made that very clear to them.  We've told

17   them we'll be reasonable with time frames and burdensomeness,

18   but it's time to get discovery done because if we don't, we are

19   not going to have this discovery for the pending proceeding.

20          Let me just briefly address two other things.  One is

21   whether this should have been brought as a separate 1782

22   application on the docket of the Court rather than as an

23   intervention motion.  As I said last time we were here, Your

24   Honor, we could have done it that way and if Your Honor believed

25   that that was the better way to do it, we would be happy to do

1    it.  But it really doesn't matter because the key thing is the

2    Court has to be satisfied that the Intervenor -- as long as the

3    Court is satisfied that the Intervenor is an interested person

4    and satisfies the *Intel* requirements, it doesn't matter whether

5    he does it as an Intervenor in this proceeding or in his own

6    separate proceeding.  And Your Honor heard those arguments and

7    granted the motion, so I think we're past that.

8         The second issue is whether there was an agreement to

9    stay all discovery after Your Honor ruled on the last motions,

10   and there was no such agreement.  There was an agreement that if

11   the Respondents filed a motion to vacate by June 30th, that the

12   Applicants would not enforce their subpoenas until Your Honor

13   ruled on that motion.  That's in writing.  And we agreed to

14   that.  But they never filed the motion to vacate on June 30th as

15   they agreed to do.  And so while our position is they can file a

16   motion to vacate any time they want, there's no agreement in

17   place to stay all discovery until that gets decided, and we

18   believe we should move forward.  That was the whole point of the

19   briefing that was just completed.  Multiple briefs, oral

20   argument, and Your Honor ruled that discovery should proceed and

21   I believe that is well supported by the record.

22        Unless Your Honor has any questions?

23        THE COURT:  No, I don't.

24        MR. HILL:  Thank you, Your Honor.

25        THE COURT:  I don't need any response at this point.

1   I'd ask my law clerk to come up here.

2   Counsel, thank you very much.  One thing is clear, that

3   everybody is represented by the best available counsel and

4   that's for sure.

5   Now, I've carefully considered everything, I've

6   reviewed the record in this case and I will just note at the

7   last hearing, I granted Shulman the right to intervene.  That's

8   all I did.  I granted him the right to intervene.  And now with

9   respect to what is before me, it's at Docket Entry 112, it's

10  Intervenors Panikos Symeou and Halliwel Asset Inc.'s expedited

11  motion for clarification of the August 17, 2017 order and

12  request for telephone conference and memorandum of law.  By the

13  way, I would love to do the telephone conference, but not in

14  this case.  Sorry.  But I did give you the expedited hearing and

15  thank you for making yourself available.  This is too

16  complicated for the telephone.

17  What I'm going to do is here's my intention, okay?  And

18  you're going to stay here and do the scrivenering and agree to

19  the dates and you're going to come back into court.  I'll hear

20  the next case, okay?  And you'll come back and we'll put this

21  all on the record.

22  It's my conclusion that Shulman should be required to

23  file his own Section 1782 application.  I think that's

24  appropriate for a lot of reasons, including to try to make one

25  thing less complicated in this case, because you have a bench

1   warrant and I think the law, the case law requires it.  And I

2   think the Court should be able to have the means to determine

3   whether Shulman's qualified to 1782 discovery in the BVI or

4   English case.  And in that connection, clarify whether he's

5   seeking discovery in the English or the BVI case or both,

6   whatever.  Now, this is among other things that I'm noting.

7          Now, there should also be a -- there's a request for

8   relief, which makes sense, for a briefing schedule with the

9   would-be Shulman application, which would be followed by the

10  motions to vacate which I've alluded to earlier and the motion

11  to vacate would include, I guess, the underlying ex-parte order

12  as well as the position with respect to any Shulman application.

13  And I don't mean to complicate things, but you know best how

14  that ties into any subpoenas that flow from the application.

15  Okay?  I'm trying to be helpful here and not artificially limit

16  you here.  Of course, you're looking for a resolution of the

17  substance.  Okay?

18         So what I would like you to do is -- this my order, but

19  while you're here, I want to make it the dates and the

20  scheduling part of the order.  So what I would like you to do --

21  Yvette, is the jury room open?

22         COURTROOM DEPUTY:  No, Judge.  I can open it.

23         THE COURT:  Okay.  We're going to open the jury room

24  for you, okay?  The historic jury room where people have lost

25  their liberty over the years.  And I want you to agree upon a

1    schedule, a briefing schedule for what I've just ruled upon that

2    would be the Shulman application followed by any motions to

3    vacate the underlying ex-parte order, etcetera, and anything

4    else that you want to put into the scheduling order.  I want you

5    to agree upon that.  You'll come back into court and you'll

6    announce your agreement and then we'll see whether we need you

7    to scrivener it or my brilliant law clerk can scrivener.

8            Now Maria, have I covered everything that I wanted to

9    cover?

10           THE CLERK:  Yes, you have.

11           THE COURT:  Okay.  Folks, you represent to your clients

12   that you guys are all brilliant lawyers.  I've done the best I

13   can to rule on this, okay?  But your clients are really very

14   well represented.

15           So I'm going to ask you -- we'll recess briefly, my

16   deputy, Ms. Alexander, will open up the jury room.  I want you

17   to agree to these things and give us a draft, you'll agree upon

18   a draft and then you'll come back into court and we'll put it on

19   the record and we'll take it from there since you're already

20   down here, right?  Some of you guys come from New York, right?

21   Philly, right?  Anybody from New York?  Right?  We know where

22   Mr. Sullivan's coming from.

23           Let us go then off the record for a second.

24           (Recess)

25           THE COURT:  Now, we're going to agree on a timetable.

1          Counsel, state your appearance again for the record.

2          MR. HILL:  William Hill on behalf of the Subpoena

3  Respondents.

4          THE COURT:  All right.  And you've agreed upon a

5  timetable?

6          MR. HILL:  We have, Your Honor.

7          THE COURT:  Would you state it very carefully for the

8  record.

9          MR. HILL:  If I may, we agreed on the language of a

10  formal order and I can just read it into the record.

11          THE COURT:  That would be great.  Okay, Maria?

12          THE CLERK:  Sure.

13          MR. HILL:  This cause --

14          THE COURT:  Read slowly.

15          MR. HILL:  Or we can submit it.  Let me read it and

16  make sure.

17          THE COURT:  You can read it and submit it.

18          MR. HILL:  We'll do both.  This cause having come

19  before the Court -- you know what, I'll just give you the dates,

20  Your Honor.

21          THE COURT:  No, you can do that, that's good.  Read it

22  exactly.

23          MR. HILL:  This cause, having come before the Court at

24  a hearing on September 1, 2017 on Intervenor Panikos Symeou and

25  Halliwel Asset, Inc.'s expedited motion for clarification of the

August 17, 2017 order and request for telephone conference and memorandum of law, Docket Entry 112, and the Court having reviewed the record, heard argument of counsel and being otherwise advised in the premises, orders and adjudges that the motion is granted as follows:

One, Shulman shall file an application for discovery on or before September 15, 2017.

Two, Subpoena Respondents and Intervenors shall respond to the application and file motions to vacate the original ex-parte order granting discovery on or before October 13, 2017.

Three, Shulman's and Applicants' response to the motion to vacate and Shulman's reply in support of his application for discovery shall be filed on or before October 27, 2017.

Five, Subpoena Respondents and Intervenor's reply in support of their motions to vacate shall be filed on or before November 13, 2017.

Six, Subpoena Respondents shall not be required to respond to the subpoenas previously served until resolution of the above-described application and motions.

THE COURT:  That is great.  That's better than I could have written it.  Maria?  Is that okay?

THE CLERK:  Sounds good to me.

THE COURT:  Now, here's what I'm going to ask you if you don't mind.  I'm going to leave and in just another minute you'll meet off the record with my career law clerk, Ms.

1    Morgado.  I want to get a copy of it, okay?  So she'll tell you

2    how to do it whether it's filed, you e-mail it or what.  But

3    it's on the record, it's in effect as we speak.  Just on this

4    record I want to be crystal clear.  Everybody okay with that

5    procedure and what's just been read?

6              MR. HILL:  Yes, Your Honor.

7              THE COURT:  Again, please, I'm ordering you to tell

8    your clients, they're well represented, but they're not to

9    confuse litigation with quality.  Okay?  The quality they have

10   in the litigation, but I want to make sure they understand that.

11   Okay?  But you guys are excellent and a real delight,

12   professionally speaking.

13             All right.  We'll be in recess.

14             (PROCEEDINGS CONCLUDED)
                        *  *  *  *  *

15
                        C E R T I F I C A T E
16   I certify that the foregoing is a correct transcript from the
     digital audio recording of proceedings in the above-entitled
17   matter.

18
     9-20-2017            /s/ Dawn M. Savino
19   Date                 DAWN M. SAVINO, RPR

20

21

22

23

24

25