UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-24887-MC-SEITZ/LOUIS

IN RE APPLICATION OF HORNBEAM CORPORATION,

Request for Discovery Pursuant to
28 U.S.C. § 1782
_____/

## ORDER VACATING MAGISTRATE JUDGE'S ORDER GRANTING INTERVENOR SHULMAN'S APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE is before the Court on the Order of the Magistrate Judge [DE 153] granting Intervenor Shulman's Application for Discovery pursuant to 28 U.S.C. § 1782. Shulman seeks discovery for use in a claim against Intervenors Kolomoisky and Bogolyubov in England ("English action"). Kolomoisky filed objections [DE 156] and Shulman filed a response [DE 162], to which Kolomoisky replied [DE 181]. Additionally, Kolomoisky filed a Notice [DE 179] regarding developments in the underlying English action. Because of the changed factual circumstances, the Court reviewed the record *de novo*. The Court finds that the English action is no longer pending or reasonably contemplated, and thus Shulman fails to meet the requirements for a § 1782 application. *See Intel Corp. v. Advanced Micro Devices Inc.*, 542 U.S. 241 (2004). Therefore, the Court vacates Magistrate Judge Turnoff's Order granting Shulman's Application, and denies Shulman's Application.[1]

### I. Background

This dispute arises from the purchase of a steel mill in Warren, Ohio by three Ukranian businessmen: Shulman, Kolomoisky, and Bogolyubov. [DE 122 at 3]. Ownership of the mill

---

[1] In the same Order [DE 153], Magistrate Judge Turnoff also denied a motion to vacate Hornbeam's Application for Discovery pursuant to 28 U.S.C. § 1782. Separate objections were filed for this matter. To avoid confusion, the Court will rule on the matter pertaining to Hornbeam's application separately.

1

was then transferred to Warren Steel Holdings, LLC, who transferred ownership to Halliwel, a British Virgin Islands (BVI) company. *Id.* Halliwel's shareholders are: (1) Hornbeam, a Panamanian entity whose beneficiary is Bracha Foundation, a Lichtenstein trust, whose beneficiary is Shulman; (2) Symeou, a Cyprus attorney, who represents Kolomoisky; and (3) Marigold Trust Asset Management, on behalf of Bogolyubov. [DE 156 at 3].

In 2006, a Kolomoisky-controlled entity opened a $90 million line of credit for Warren Steel, and in 2008, companies associated with Kolomoisky, Bogolybov, and Korf (an individual appointed president of Warren Steel) provided over $106 million to Warren Steel. [DE 157 at 3]. Still, due to deteriorating finances, Warren Steel closed in March 2014. *Id.* Again, companies related to Kolomoisky, Bogolybov and Korf provided new financing to reopen the facility. *Id.* Halliwel's shareholders approved this financing at an extraordinary general meeting. *Id.*

However, in August 2014, Hornbeam, one of the shareholders, filed an *ex parte* application seeking to enjoin the extraordinary general meeting and subsequently filed a claim for unfair prejudice under BVI law. [DE 157 at 4]. Hornbeam asked the BVI court to liquidate Halliwel which the court denied. *Id.* On December 10, 2014, the BVI court assessed $846,526 in costs and attorneys' fees against Hornbeam in favor of Halliwel, Symeou, and Marigold. *Id.* On December 29, 2014, Hornbeam filed an application for discovery in this Court under 28 U.S.C. § 1782 for use in the BVI proceedings against Symeou and Halliwel. *Id.* In November 2016, Hornbeam paid the $1.8 million judgment and has not filed any new action in the BVI. *Id.*

### A. Hornbeam's Application

Hornbeam filed its § 1782 discovery application on December 29, 2014 which Magistrate Judge Turnoff approved on February 11, 2015 ("2015 Order"). The 2015 Order made no findings or conclusions that Hornbeam satisfied the requirements for a § 1782 application. [DE

2

12]. After subpoenas were served, a stay was entered due to an appeal pending before the Eleventh Circuit Court of Appeals on a related § 1782 application in Alabama. [DE 157 at 5]. After that appeal was resolved in 2016, Hornbeam requested an extension of the stay, which the Court granted, because it planned to litigate in the BVI. [DE 71; DE 74]. As the stay was set to expire, Hornbeam moved to lift the stay because, while it had not filed any claims in the BVI, Shulman, on his own behalf, had filed claims in England on the same allegations for the same damages. [DE 75]. Shulman also moved to intervene in Hornbeam's § 1782 application granted by the 2015 Order. [DE 79].

In August 2017, Magistrate Judge Turnoff lifted the stay, granted Shulman's motion to intervene, and also required Shulman to file his own § 1782 application. [DE 108]. Intervenors Symeou and Halliwel moved to vacate the 2015 Order and to deny Hornbeam's application [DE 128] and Kolomoisky opposed Shulman's application. [DE 129].

**B. Shulman's English Action**

On May 12, 2017, Shulman sued Kolomoisky and Bogolybov in England regarding Warren Steel. In compliance with Magistrate Judge Turnoff's Order [DE 108], Shulman filed his own § 1782 application in September 2017 to obtain the discovery that the 2015 Order authorized for Hornbeam and to "use that discovery in the recently filed English [a]ction." [DE 122 at 2]. Shulman claimed to satisfy the § 1782 requirements because the discovery is for "use in the English [a]ction, which is indisputably a proceeding in a foreign or international tribunal." [DE 122 at 13].

Kolomoisky opposed Shulman's application arguing that the Court should stay this matter until the English court decided jurisdiction. On January 22, 2018, Magistrate Judge Turnoff issued an Order: (1) denying the motion to vacate the 2015 Order granting Hornbeam's

3

application; and (2) granting Shulman's application because he "initiated legal proceedings in the British courts and it is clear he is seeking evidence for use in said proceedings." [DE 153 at 3].

However, on February 2, 2018, after Magistrate Judge Turnoff entered his Order, the English court determined it had no jurisdiction to try the underlying claims and dismissed Shulman's claim. [DE 156]. On February 21, 2018, the English court orally denied permission to Shulman to appeal. [DE 181 at 3]. On March 2, 2018, the English court entered a written order on the February 2018 decision, stating that Shulman could appeal this latest decision by filing a notice of appeal by March 15, 2018. [DE 179-1]. Shulman has not provided any notice to this Court indicating he filed a timely appeal.

## II. STANDARD OF REVIEW

The parties debate whether the Court should apply a *de novo* review, allowing the Court to consider a change in factual circumstances, or review the Order for clear error. The appropriate standard of review of a § 1782 decision is determined by whether the ruling is dispositive. If dispositive, the Magistrate Judge is to enter a report and recommendation, which the District Court reviews *de novo* and can consider new evidence. Fed. R. Civ. P. 72 (b). If it is not dispositive, the Magistrate Judge is to enter an order, which the District Court only reviews for clear error. Fed. R. Civ. P. 72 (a). The parties' extensive caselaw does not resolve whether a § 1782 decision is dispositive; the Court's own review of caselaw was inconclusive.[2]

The reason for the parties' "dispositive issue" controversy goes to the question of whether this Court can consider new information related to the English action which is the basis

---

[2] The Court reviewed carefully the caselaw submitted by the parties. None of the cases provided make clear the standard of review the District Court should apply to a Magistrate Judge's finding on a § 1782 application.

4

of Shulman's application. This information, unavailable to Magistrate Judge Turnoff, relates to whether Shulman has satisfied a requirement for an application under § 1782. Because the change in factual circumstances is material to the resolution of the matter, the Court will apply a *de novo* review in an abundance of caution and finds it unnecessary to resolve the issue of whether a § 1782 decision is dispositive.[3] *See In re Cohen,* No. 16-MC-2947 (MKB), 2016 U.S. Dist. LEXIS 169622, at *7 n.3 (E.D.N.Y. Dec. 6, 2016) (applying *de novo* review "in an abundance of caution" without resolving the "unsettled question" of whether motions under § 1782 are dispositive).

### III. DISCUSSION

A district court may grant a § 1782 application for discovery for use in a foreign proceeding if four requirements are met: (1) the request was made by a foreign or international tribunal, or by an interested person; (2) the request seeks evidence, whether it be the testimony or statement of a person; (3) the evidence is to be used in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought resides or is found in the district ruling on the § 1782 application. *See Intel Corp. v. Advanced Micro Devices Inc.,* 542 U.S. 241 (2004)). If these requirements are met, a district court has discretion to grant a § 1782 application.[4] *Id.* at 264.

---

[3] Regardless of whether the Court applied *de novo* or clear error review, the Court reviewed the new factual information. If the Court reviewed the Order for clear error, it would construe Kolomoisky's Notice [DE 179] as a motion for relief under Federal Rule of Civil Procedure 60(b)(5) (where relief is available when applying the judgment prospectively is no longer equitable). The *de novo* review of the record enables the Court to consider the English court's ruling. *See* Fed. R. Civ. P. 72(b)(3) (District Judge may receive further evidence when reviewing *de novo* a Magistrate Judge's disposition).

[4] There are four factors to consider in exercising discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the tribunal and the receptivity of the foreign government to the United States' assistance; (3) whether the request conceals an attempt to

5

The parties' primary focus is whether Shulman satisfies the third requirement—that the requested evidence is for use in "a proceeding in a foreign or international tribunal." *See In re Clerici,* 481 F.3d at 1324, 1332 (11th Cir. 2007). Shulman's response admits, "Once discovery has been obtained, Shulman will use it in the English [a]ction if it is still ongoing and his appellate rights have not been exhausted. Otherwise, the issue of Shulman's use of the discovery materials will be moot, because there will be no action for him to use it in." [DE 162 at 9]. Because Shulman concedes that his application is moot if the English action is no longer ongoing, the core issue is whether the English action is currently pending or reasonably contemplated.

### A. Foreign Proceeding Must Be Reasonably Contemplated

It is noteworthy that, for the purposes of § 1782, a proceeding does not need to be actually "pending" but only needs to be "reasonably contemplated." *Intel,* 542 U.S. at 259. However, the future proceeding must be more than speculative; there must be "reliable indications" of the likelihood that proceedings will be instituted within a reasonable time. *See Consorcio Ecuatoriano de Telecomunicaciones, S.A. v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262 (11th Cir. 2014).

While the Eleventh Circuit Court of Appeals has not provided factors or a standard to evaluate whether "reliable indications" exist, caselaw shows that reliable indications exist where the parties provided support to demonstrate their intention to litigate. For example, reliable indications existed where the applicants specified they would file their claim within forty-five days, and provided the court with specific evidence to support their claims. *Furstenberg Finance*

---

circumvent policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices Inc.,* 542 U.S. 241 (2004)).

*SAS v. Litai Assets,* 877 F.3d 1031, 1035 (11th Cir. 2017). Likewise, there were reliable indications where the parties articulated a theory of the case upon which they intended to litigate in a foreign country. *Bracha Foundation v. Hornbeam Corporation,* 663 Fed. App'x 755, 763-64 (11th Cir. 2016). Finally, there were reliable indications where the applicant provided substantial information to the court including: (1) a legitimate and detailed explanation of the investigation that served as the basis for the claim; (2) the applicant's intent to file a lawsuit; and (3) valid reasons to obtain the requested discovery under § 1782 before commencing suit. *Consorcio Ecuatoriano de Telecomunicaciones,* 747 F.3d at 1271. On the other hand, the Second Circuit Court of Appeals did not find reliable indications where the applicant had retained counsel and only discussed the *possibility of* initiating litigation. *Certain Funds, Accounts, And/Or Inv. Vehicles vs. KPMG, L.L.P.,* 798 F.3d 113, 124 (2d. Cir. 2015).

Moreover, it is significant that where the underlying claim has been dismissed, there is no reliable indication of a future proceeding. In *In re Pott,* No. 12-24515, 2013 WL 3189262, at *3 (S.D. Fla. June 20, 2013), three separate courts in Argentina had dismissed the underlying action and the applicant was hoping for a reconsideration or the possibility of using arbitration. The court found that such a "nebulous consideration" was not a reliable indication that the evidence was going to be used in a future proceeding, or that a future proceeding was likely. *Id.* at *4.

### B. Shulman Does Not Have a Pending Proceeding

In this case, Shulman's § 1782 application only references the English proceeding as the basis for satisfying the third requirement of § 1782. [DE 122 at 9, 10, 13]. No other action is mentioned in Shulman's application to support his request. Therefore, the only issue is whether the English action is currently pending or reasonably contemplated.

A review of the record shows that the English action is not currently pending. On March 2, 2018, the English court entered a written order of its decision dismissing Shulman's claim for lack of jurisdiction and notified him of his right to file a notice of appeal by March 15, 2018. *See supra* at 4. Shulman has not filed anything in this Court regarding his intention to appeal or whether he even filed an appeal by the March 15, 2018 deadline.

Moreover, no proceeding is reasonably contemplated. Shulman has not provided any indication of his intent to continue to litigate the underlying claim in England that would satisfy the Eleventh Circuit precedent. *See Bracha Found.*, 663 Fed. App'x at 763-64; *Furstenberg Finance SAS*, 877 F.3d. at 1035. There is no information regarding the underlying claims against Kolomoisky, whether Shulman intends to commence an action against Kolomoisky elsewhere, or how he plans to proceed given the English dismissal. *See Consorcio Ecuatoriano de Telecomunicaciones*, 747 F.3d at 1271. Moreover, there is no reliable indication of a future proceeding because the underlying claims have been dismissed. *See In Re Pott*, 2013 WL 3189262, at *3.

Therefore, because Shulman has not demonstrated intent to appeal or to continue to litigate this matter and the underlying claims have been dismissed, the Court finds that the English action is not currently pending or reasonably contemplated. Thus, because Shulman has not met the third requirement of a § 1782 application, the Court denies Shulman's application and need not reach the other *Intel* requirements. Therefore, it is

ORDERED THAT:

(1) Intervenor Kolomoisky's Objections [DE 156] that Shulman does not satisfy the "foreign proceeding" requirement of a § 1782 application are **SUSTAINED**. All other objections are **OVERRULED AS MOOT.**

(2) The Order entered by Magistrate Judge Turnoff [DE 153] is **VACATED** as to the granting of Shulman's § 1782 Application. The Court will address the Order with regard to the Motion to Vacate Hornbeam's § 1782 Application in a separate order.

(3) Shulman's § 1782 Application [DE 122] is **DENIED.**

DONE AND ORDERED in Miami, Florida, this 27th day of April, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record