UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-SEITZ/ MCALILEY

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## STIPULATED PROTECTIVE ORDER

Applicant Hornbeam Corporation ("Hornbeam"), Vadim Shulman, Intervenors Halliwel Assets, Inc., Panikos Symeou (collectively, "Intervenors"), and Subpoena Respondents CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., 5251 36ST, LLC, and Specialty Steel Works Incorporated f/k/a Optima Specialty Steel, Inc. (collectively, "Subpoena Respondents") have agreed to the terms of this Stipulated Protective Order; accordingly, it is ORDERED:

1. Definitions:

    a. **"Attorneys' Eyes Only"** shall refer to any Responsive Material that has been agreed to be designated "Attorneys' Eyes Only" by the Parties, the Responsive Material that has been temporarily designated as such pursuant to Paragraph 3, or ordered to be designated as such by this Court.

    b. **"Confidential Information"** shall refer to any Responsive Material, or the portion of a document generated by or for a Party that discusses, summarizes, analyzes, reflects, discloses, or otherwise contains the Responsive Material.

        Confidential Information does not apply to information otherwise in the public domain.

   c.    **"Courts"** shall mean the trial courts and corresponding appellate courts in the Permitted Litigations.

   d.    **"Party"** and **"Parties"** shall mean Hornbeam, Vadim Shulman for the purposes of this Stipulated Protective Order, Intervenors (separately or collectively), and Subpoena Respondents (separately or collectively).

   e.    **"Permitted Litigation(s)"** shall refer to this Proceeding and the contemplated BVI proceedings to be brought by Hornbeam against Panikos Symeou, Halliwel, Marigold Trust, and/or their successors, agents and affiliates.

   f.    **"Permitted Use(s)"** shall refer to use of the Responsive Material in the Permitted Litigations, and any other use allowed by the Court in this Proceeding.

   g.    **"Proceeding"** shall refer to the above-captioned action.

   h.    **"Receiving Party"** shall refer to any Party receiving Responsive Material.

   i.    **"Responsive Material(s)"** shall refer to any document(s) or information produced in response to the Subpoenas and to any copies or reproductions, whether physical or electronic, of the Responsive Materials.

   j.    **"Subpoena(s)"** shall refer to any subpoena(s) issued pursuant to the S.D. Fla. Authorizing Order dated June 25, 2018 [ECF No. 209] or any further order of the Court in this Proceeding.

2. <u>Designation and Use of Confidential Information:</u>

   a.    Hornbeam and any related person authorized to receive Confidential Information under any Order of this Court, including their counsel, representatives, and

agents, are prohibited from using any Confidential Information, directly or indirectly, in foreign ex parte or attachment (including Maureva and asset freezing) proceedings, without this Court's permission.

b.  A Party must propose Confidential designations as specifically as possible, designating portions of Responsive Materials, as opposed to the whole, wherever possible.

c.  The Confidential Information shall be used solely in connection with Permitted Uses and Permitted Litigations, unless otherwise permitted by the Court.

d.  All bank account numbers, social security numbers, dates of birth, passport numbers, personal addresses, and other personally identifiable information shall be redacted before filing in the Courts and, if applicable, in accordance with the Court's local rules.

e.  Any Confidential Information used by Hornbeam in the 28 U.S.C. § 1782 proceedings brought by Hornbeam shall be filed under seal unless otherwise ordered by the Court.

3. <u>Designation of Responsive Materials as Attorneys' Eyes Only:</u>

a.  A Party may designate any Responsive Material as Attorneys' Eyes Only by stamping or otherwise marking the portion of Responsive Material pursuant to Paragraph 3.d with the words "Attorneys' Eyes Only" or otherwise stamping or marking the produced Responsive Material in a similar manner to the extent practicable.

b. A Party shall have ten business (10) days from the date of this Order or the date that the Responsive Material is produced to make such designations, whichever is longer.

c. A Party must propose "Attorneys' Eyes Only" designations as specifically as possible, designating portions of Responsive Materials, as opposed to the whole, wherever possible.

d. During the ten (10) business day period following the date of this Order or a Receiving Party's receipt of Responsive Materials, whichever is longer, neither Party shall disclose Responsive Material to anyone other than persons described in Paragraphs 4.a and 4.c or the Courts, pending determination of whether such Responsive Materials may be designated Attorneys' Eyes Only.

e. If there is a dispute concerning a Responsive Material's designation as Attorneys' Eyes Only, the non-designating Party must object to the designation within ten (10) business days of the Responsive Material being designated Attorneys' Eyes Only.

f. The Parties shall, within five (5) business days of service of the non-designating Party's written objections, confer concerning the objection, and if unresolved, the designating Party may then seek relief from the Court within five (5) business days of the end of the meet and confer.

g. The designating Party has the burden of demonstrating that the contested Responsive Material should be designated Attorneys' Eyes Only.

h. Pending resolution of this dispute, the Responsive Material may not be disclosed to anyone other than persons described in Paragraphs 4.a and 4.c or the Courts.

i. Any Responsive Material filed in a Permitted Litigation within the first ten (10) business day period following a Receiving Party's receipt of Responsive Materials shall be temporarily deemed attorneys' eyes only and filed in accordance with the procedures for filing a document under seal as described in Paragraph 8.

j. The failure of any Party to designate Responsive Materials as Attorneys' Eyes Only shall not preclude that Party from thereafter in good faith proposing to make such a designation (according to the procedure described in Paragraphs 3.a - 3.f) after discovering the inadvertent omission of the designation. A Receiving Party, however, shall incur no liability for disclosures made prior to notice of such proposed designation.

4. <u>Restrictions on Confidential Information</u>: No Confidential Information shall be disclosed to any person other than:

   a. Attorneys of record and instructing attorneys and employees of such attorneys of record (such as paralegals, clerks, secretaries and attorneys) involved in Permitted Litigations;

   b. The Parties, Vadim Shulman, Halliwel Assets, Mordechai Korf, Gennady Bogolubov, Igor Kolomoisky, or a trustee of Marigold Trust, as well as each of the following individuals and entities' non-attorney agents and non-attorney representatives, provided that each person to which information is provided complies with the procedures specified below which requires any persons receiving Confidential Information to execute a Certification;

  c. Consultants, experts and vendors who are utilized by counsel to either Party to furnish services in connection with Permitted Litigations, provided that the Party seeking to disclose the Confidential Information to any such person complies with the procedures specified below which requires any persons receiving Confidential Information to execute a Certification; and

  d. Trial and appellate Courts in which the Permitted Litigations may be pending.

5. <u>Restrictions on Attorneys' Eyes Only Information:</u>

  a. Responsive Materials classified as Attorneys' Eyes Only are subject to the same protections as Responsive Materials classified Confidential.

  b. Responsive Materials designated as Attorneys' Eyes Only are subject to the further restriction that they may be disclosed only to persons identified in Paragraphs 4.a and 4.c, or to the Courts, provided that the procedures specified in Paragraph 8 are followed.

  c. Responsive Materials agreed to be, or ordered by the Court to be, designated Attorneys' Eyes Only that have already been disclosed to any person other than persons identified in Paragraphs 4.a and 4.c must be destroyed by such person.

6. <u>Counsel of Record of a Party Disclosing Confidential Information:</u>

  a. Should counsel of record in this Proceeding desire to disclose Confidential Information subject to this Stipulated Protective Order to a person identified in Paragraphs 4.a, 4.b, or 4.c, such counsel shall cause that person to complete and sign the Certification, attached as Exhibit A (the "Certification").

  b. With respect to Responsive Materials designated Confidential that have already been disclosed to any person other than counsel of record in this Proceeding or the

Court, counsel of record who provided such Confidential Information shall cause that person to sign a Certificate within ten (10) business days of the date of this Order, which will retroactively govern the use of the Confidential Information.

    c.    Each Certification shall be retained by counsel to the Parties until after the Permitted Litigations are completed.

    d.    Counsel of record in this Proceeding need not complete and sign the Certification.

    e.    The Court and its staff will not be required to complete and sign the Certification.

    f.    Certifications will be produced to and kept on file by the Court, and the non-disclosing Party may make an application to have the Certifications produced for good cause.

7. <u>Securing Confidential and Attorneys' Eyes Only Information</u>: Any person receiving Confidential Information or information designated Attorneys' Eyes Only pursuant to this Stipulated Protective Order shall maintain such information in a secure and safe manner, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Stipulated Protective Order.

8. <u>Use of Confidential or Attorneys' Eyes Only Information in Court Proceedings:</u>

    a.    In the event that a Party wishes to use information designated as Confidential or Attorneys' Eyes Only in any document filed in a Permitted Litigation, such party shall apply to the Court for permission to file a document containing information designated as Confidential or Attorneys' Eyes Only under seal, or by the foreign equivalent of a non-public filing, and shall comply with the relevant rules

    concerning the filing of sealed or non-public documents, unless otherwise directed by the Court.

  b. Notwithstanding any of the other provisions of this Stipulated Protective Order, the confidentiality of any information designated as Confidential or Attorneys' Eyes Only offered into evidence in the Permitted Litigations shall be determined by such orders the Court receiving such information may issue. The continued confidentiality of any information designated as Confidential or Attorneys' Eyes Only offered into evidence at trial or any other evidentiary hearing shall be determined by the Court receiving such information at such time.

9. <u>Inadvertent Disclosure of Privileged Documents</u>: The inadvertent production of Responsive Material containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity shall be without prejudice to the right of any Party to claim that such Responsive Materials are protected from disclosure and to request that such Responsive Material be returned or destroyed. The inadvertent delivery of such Responsive Material shall not be used as a basis for claiming a waiver. In the event of any dispute with respect to whether such Responsive Material are protected from disclosure, the Party claiming that such Responsive Material are protected from disclosure must notify the Receiving Party in writing of the nature of the claim, including specifically identifying the Responsive Material at issue. The Parties shall then confer in good faith as to whether such Responsive Material is protected from disclosure. If the Parties are unable to reach agreement, within thirty days after an impasse is reached, the Party claiming that such Responsive Material is protected from disclosure may file a letter or motion seeking appropriate relief from the Court. At all times, the Party claiming that the Responsive

Materials are protected from disclosure shall have the burden of establishing such claim. In the meantime, the Responsive Material in dispute shall be treated as Confidential Information and also not disclosed to any persons who had not already received it prior to being informed of the inadvertent disclosure until the issue is resolved by the Court.

10. <u>No Waiver of Trade Secrets</u>: The disclosure of information designated as Confidential or Attorneys' Eyes Only, whether inadvertent, pursuant to court order, or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

11. <u>Attorney Advice</u>: Nothing in this Stipulated Protective Order shall bar counsel from rendering advice to their clients with respect to the Permitted Litigations and/or relying upon any information designated as Confidential or Attorneys' Eyes Only. However, no transmission verbally or written shall be made regarding the specifics of transactions that have been designated Attorneys' Eyes Only.

12. <u>Subpoenas</u>: Notwithstanding the above, if any person possessing Responsive Materials be required to produce or turn over Responsive Materials by subpoena, order of court, or where a regulatory or governmental entity so required, such person will within five (5) days of receipt of the subpoena, order of court, or demand for production of a regulatory or governmental entity notify counsel for the Parties of such requirement and allow ten (10) days for counsel for the Parties to seek relief from this Court and/or from the court or entity requiring production before complying with such subpoena, order of a court, or demand from a regulatory or governmental entity. The non-subpoenaed Party shall be solely responsible for asserting any objection and/or obtaining a court order relating to the requested production.

13. <u>Violation</u>: The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by this Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Protective Order had been entered by the Court. The terms of this Stipulated Protective Order shall begin at the date of execution of this Stipulated Protective Order, continue in full force and effect for the duration of the Permitted Litigations, including any appeals, and shall remain in full force and effect after the termination of the Permitted Litigations. Each Party shall be responsible for any damages caused by a violation of this Order by any person to whom it disclosed the Confidential or Attorneys' Eyes Only information which may be recovered against the shares of Halliwel that are held by that Party.

14. <u>Relevance and Return of the Responsive Materials</u>: This Stipulated Protective Order does not affect any Party's right to seek relief concerning the relevance or return of Responsive Materials.

15. <u>Destruction of the Responsive Materials</u>

    a. This Stipulated Protective Order does not affect any Party's right to seek relief concerning the destruction of Responsive Materials.

    b. Any Party may seek the destruction of Responsive Materials that it reasonably believes will not be relevant to the litigation Hornbeam reasonably contemplates initiating shortly in the British Virgins Islands (the "BVI Litigation) by notifying the other Party in writing of that objection and specifying the designated Responsive Materials to which the objection is made. The Parties shall, within ten (10) business days of service of the written objections, confer concerning the

    objection, and if unresolved, the objecting Party may then seek relief from the Court in this Proceeding.

  c. The Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of the issuance of this Amended Protective Order. The one-year period shall be tolled during any time period this Court or the United States Court of Appeals for the Eleventh Circuit stays the use of the Responsive Materials. Any Party may request an extension of this one-year deadline by motion to this Court, and non-requesting party can object by letter within three business days.

  d. Unless otherwise ordered by the Court, any person permitted to review and maintain Responsive Materials containing information designated as Confidential or Attorneys' Eyes Only shall either return or destroy such Responsive Materials no later than sixty (60) days following the conclusion of the Permitted Litigations, including any appeals, and shall so certify in writing, within ten days following the Responsive Materials' return or destruction or the sixty (60) day period, whichever is earlier, and such certification shall be provided to the other Party within five (5) days thereof.

16. <u>Change of Control</u>: If Symeou ceases to hold shares in Halliwel, Symeou or Marigold Trust shall have the right to designate the person to whom such shares are transferred to accede to this Stipulated Protective Order in place of Symeou.

17. <u>Participation of Additional Persons</u>: Any person named as a plaintiff or defendant in the Permitted Litigations may accede to this Stipulated Protective Order by executing it and providing a copy to the Parties, provided they execute a Certification.

18. <u>Jurisdiction:</u>   The parties agree to submit to the jurisdiction of this Court for the resolution of any violations of this Stipulated Protective Order.   Vadim Shulman shall be responsible for any violations of this Stipulated Protective Order by Hornbeam.

**DONE AND ORDERED** in Miami, Florida this 12th day of July, 2018.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record