UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-24887-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION,

Request for Discovery Pursuant to
28 U.S.C. § 1782

_____/

## OMNIBUS ORDER ON DISCOVERY DISPUTES

This cause is before the Court on Subpoena Respondents'[1] Motion to Quash Subpoenas, filed on August 23, 2018 (ECF No. 249); and on Applicant Hornbeam Corporation's Motion to Compel, noticed on September 10, 2018 (ECF No. 257). This case was referred to the undersigned United States Magistrate Judge by the Honorable Patricia A. Seitz, United States District Judge, for all proceedings, including trial and the entry of orders, upon the parties' notice and consent (ECF No. 226, 234). A hearing was held on the present discovery disputes on September 20, 2018. Oral rulings were announced at the hearing, and this Order memorializes those rulings.

**I.   Background**

The history of this case is well-reflected in the record. Briefly, the parties' dispute arose from the purchase of a steel mill in Ohio by three Ukrainian businessmen and its ownership by their holding company, Warren Steel Holdings, LLC ("Warren Steel"), and subsequently Halliwel Assets Inc. ("Halliwel"). Over time, the relationship deteriorated and one of the businessmen, Vadim Shulman, alleged that the other two businessmen, Igor Kolomoisky and

---

[1] The "Subpoena Respondents" (or just "Respondents") are Mordechai Korf, CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36 ST, LLC.

1

Gennadiy Bogolyubov, had engaged in self-dealing and had essentially shut Shulman out from the operations of their business. Shulman's allegations implicate several companies, individuals, and other entities—including the Respondents—as involved with Kolomoisky and Bogolyubov's self-dealing scheme. As it pertains to this action, Shulman, through the entity Hornbeam Corporation ("Hornbeam" or "Applicant"), brought a 28 U.S.C. § 1782 action before this Court on December 29, 2014, requesting discovery for use in future foreign proceedings in the British Virgin Islands ("BVI") against Kolomoisky, Bogolyubov, and their related entities Halliwel, Marigold, and Symeou (together, the "Intervenors"). Hornbeam also brought § 1782 actions in other United States district courts, as well as initiated related proceedings in foreign tribunals abroad.

On February 11, 2015, United States Magistrate Judge William C. Turnoff granted Hornbeam's § 1782 application for discovery (ECF No. 12) ("the 2015 Order"). The 2015 Order authorized Hornbeam to serve subpoenas on 15 persons and entities for testimony and documents. Though the case was initially closed shortly thereafter, the litigation did not end there. What followed the 2015 Order was more than three years of filings by both parties that included motions to stay, motions to vacate, motions for reconsideration, objections, and appeals.

On June 25, 2018, United States District Judge Patricia A. Seitz issued an Omnibus Order on numerous pending motions (ECF No. 209) ("the Omnibus Order"). The Omnibus Order reiterated the Court's previous finding that Hornbeam's application for discovery met the requirements of § 1782. The Omnibus Order also quashed the subpoenas previously issued from the 2015 Order and authorized amended subpoenas served with updated parameters, attached to the Order as Exhibit A. In so doing, the Court narrowed the scope of the discovery Hornbeam sought and only authorized Hornbeam to pursue: (1) testimony from the Respondents; and (2)

documents between the Respondents and Warren Steel. The Court gave the parties until October 7, 2018, to complete discovery. Intervenors filed a Motion for Reconsideration of the Omnibus Order (ECF No. 212), which the Court denied (ECF No. 214). Intervenors noticed appeal of both the Omnibus Order and Order denying the Motion for Reconsideration, and moved to stay pending appeal. Their motions to stay have been denied in this Court and by the Eleventh Circuit.

On July 10, 2018, Hornbeam served eleven subpoenas on Respondents, seeking documents and testimony pertaining to their granted § 1782 application and the parameters set by the Omnibus Order. *See* ECF No. 249-1, 249-2. Respondents served their objections to the subpoenas on July 23, 2018. *See* ECF No. 260-3. The motions before the Court relate to the production of this discovery, and/or the lack thereof.

## II.     Subpoena Respondents' Motion to Quash Subpoenas (ECF No. 249)

On August 23, 2018, the Subpoena Respondents moved to quash the subpoenas ordering them to appear for deposition. In their motion and at hearing, Respondents argue that the deposition subpoenas are unduly burdensome because the same witness would have to appear for all twelve depositions (one that names him individually and eleven corporate representative depositions). Respondents further contend that they cannot be deposed if they will eventually be named as parties in Applicant's future BVI proceedings, as § 1782 discovery provides a vehicle to obtain discovery from non-participants in the contemplated foreign proceeding. *See In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). They further argue that, to the extent that Hornbeam seeks pre-suit depositions for its contemplated litigation, it must satisfy the requirements of Federal Rule of Civil Procedure 27, but has failed to do so. Finally, Respondents contend that it would be

inherently unfair to permit unilateral discovery by one party against another potential party without the benefit of a filed complaint defining the allegations against the deponents. Intervenors joined Respondents' Motion to Quash on September 4, 2018 (ECF No. 252).

Respondents and Intervenors have raised these arguments before. The Court has already ordered, on multiple occasions, that testimonial discovery of the Respondents is appropriate under § 1782. *See* 2015 Order at 1-2 ("Applicant is authorized to issue and serve subpoenas on [Respondents] for the testimony of Mordechai Korf…and/or each [Respondent]'s key employee(s)…"); Omnibus Order ("There are three main areas of discovery Hornbeam is authorized to pursue: (1) testimony from the [Respondents]…"). While the Respondents/Intervenors do not overtly challenge the Court's prior order, they argue that a change in circumstances necessitates a revisiting of the § 1782 requirements for discovery. Specifically, they argue that Applicant's hiring of new counsel, Applicant's failure to confirm that it would not sue the Respondents in its contemplated litigation, and the parties' amended protective order all tend to show that Applicant intends to name Mr. Korf as a party in its contemplated foreign proceedings, which Respondents and Intervenors argue would preclude applicant from now pursuing discovery against Mr. Korf and his related entities.

The Court does not find that any of the Respondents' proffered changed circumstances warrant revisiting whether Applicant can take the depositions of the Respondents. The Court's decision on this point has been made clear, and the undersigned will not disturb the Court's prior rulings on what may be captioned as a motion to quash, but is truly a successive motion to vacate.

Nor does the Court find that Rule 27 is applicable here. First, Respondents'/Intervenors' Rule 27 argument has been raised several times, *see* ECF No. 128, 212, and been rejected each

4

time. *See* ECF No. 153, 209, 214. In the present challenge, Respondents have not identified any case in which a court applied the Rule 27 standard for pre-suit depositions to a proceeding governed by § 1782. At the hearing, Intervenors cited *In re Rivada Networks*, 230 F. Supp. 3d 467 (E.D. Va. 2017), for the proposition that Rule 27 governs the taking of depositions pursuant to § 1782. More specifically, *In re Rivada Networks* stands for the proposition that Rule 27 (and Rules 30 and 45) require that an expectant party to the foreign litigation is entitled to notice of a deposition order pursuant to § 1782. That notice requirement has been satisfied in this case. It is noteworthy that the case advanced by Intervenors granted relief to the party objecting to the use of the deposition in the form of affording that objector an opportunity to examine the deponent. Similarly here, Intervenors will be afforded the opportunity for examination at the depositions.

Accordingly, the Court finds that the deposition subpoenas are valid and the Motion to Quash is **DENIED**. Respondents' alternative Motion for Protective Order is **GRANTED IN PART**. Consistent with the Court's oral rulings at hearing, Applicant will be limited to a total of 21 hours to take these depositions: one day for the deposition of Mordechai Korf, individually; and up to 14 hours in total for the depositions of the corporate representative of the other Respondent entities. The parties may, without leave of the Court, agree to extend that time, as necessary.

### III.   Applicant's Motion to Compel (ECF No. 257)

On September 10, 2018, Applicant noticed the Court for a hearing on a dispute over Respondents' failure to produce documents or a privilege log. At issue is Respondents' production of electronically stored information ("ESI"). Respondents have, since receipt of Applicant's subpoena, sought assurance that Applicant would bear the cost of their production of ESI. In the absence of agreement that Applicant would pay for the cost, including attorneys' fees

incurred in the review and preparation of a privilege log, Respondents have made no production from ESI.[2]

Respondents challenge Applicant's ability to raise this dispute as untimely. Relying on Local Rule 26.1(g), Respondents contend that the Notice of Dispute is untimely because it was not raised within thirty days of service of their objections, which were served on July 23, 2018. Respondents' argument fails to appreciate that the period within which to raise a discovery dispute under the Local Rule may also begin to run on the date by which the compelling party knew or should have known about the deficiency. *See* S.D. Fla. L.R. 26.1(g) ("All disputes related to discovery shall be presented to the Court…within (3) days from…(c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials…"). The challenge is timely, and an explanation of the precise nature of the dispute reveals why.

Respondents' present refusal to conduct searches and produce ESI is apparently predicated on their objection to bearing the cost of the review and production, an objection that, as noted above, pre-dates even service of their written objections. Respondents' counsel has also twice raised this objection in open court, on July 11 and July 23, and both times the Court observed that Applicant could not be expected to commit to bearing the expense without an estimate of those costs. On both occasions, Respondents' counsel acknowledged his present inability to estimate the cost. Finally, on both occasions, on questioning by the Court, Respondents' counsel explained the status of the ESI searches and obstacles to timely completing that production separate and apart from their objection to bearing the cost.

To the extent that Respondents now contend that Applicant's failure to seek a ruling on their objection to cost-shifting within thirty days of service of the objections bars Applicant from

---

[2] Respondents have produced the categories of documents previously identified in open court.

pursuing discovery, the argument fails. Notably, Respondents themselves sought a prospective ruling on the objection, twice, and the Court declined in both instances to rule on the objection as premature. And having failed to obtain relief on the objection, Respondents represented to the Court and to Applicant that they were conducting ESI discovery. Applicant was entitled to rely on that representation, as was the Court.

Respondents raised other objections to the subpoena, for example, to the breadth of the requests, and to the production of privileged documents (ECF No. 260-3). Despite these objections, Respondents produced documents and conferred with Applicant's counsel in effort to narrow the scope of requests and reach agreement on search terms and custodians of ESI. In fact, correspondence between the parties shows that several weeks after serving the objections, Respondents' counsel advanced a summary of results obtained by applying search terms advanced by counsel for Applicant; correspondent reflects Respondents' preparedness to proceed with the review and production of the documents resulting from those searches—again, contingent only on the agreement by applicant to bear the cost of the review.[3]

The Court's position on this objection is unchanged: Respondents' continued demand for repayment in the abstract is insufficient for the Court to rule on the propriety of shifting in this case. The volume of resulting ESI to be reviewed and logged as privileged is relatively modest, and the Court has imposed further date restrictions to reduce the number of presumptively privileged documents. Respondents are thus ordered to produce the documents described and identified in open court, and as follows.

The relevant period shall be narrowed to documents created or stored on or before August 14, 2014. There is no patent relevance to documents created after that date and continuing to the

---

[3] And again, at the hearing, Respondents' counsel could not estimate the cost that he contends Applicant should commit to bear.

present day. In the event that Applicant can demonstrate the relevance of and need for documents created or stored after that date, the Court will consider extending the cutoff after also taking into whether such an expansion is proportional to the need in this case.

Accordingly, Applicant's Motion to Compel is **GRANTED IN PART**. Respondents shall begin production of the ESI immediately and on a rolling basis. The first production must be made by no later than **September 27, 2018**. All production must be completed by no later than **October 2, 2018**. If this October 2 deadline cannot be met, Respondents must inform the Court by **September 26, 2018**, and explain what impediments prevent completion of the production.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 21, 2018.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE