UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-SEITZ/LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____

**APPLICANT HORNBEAM CORPORATION'S MOTION
TO BRIEF PENDING DISPUTE**

**I.    BACKGROUND**

On November 5, 2018, Intervenors Halliwel Assets, Inc. and Panikos Symeou ("Symeou Parites") and Subpoena Respondents, CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC ("Subpoena Respondents") filed a Motion for Hearing on Pending Disputes. (ECF No. 292).

In a Paperless Order, the Court denied the Motion for Hearing on Pending Disputes, but granted Movants' alternative request to brief the matters in dispute. (ECF No. 293). The Court allowed the Movants to "file a motion, not to exceed ten pages in length, on or before November 30, 2018. Opposition(s) thereto shall be filed on or before December 11, 2018, also not to exceed ten pages in length. No reply shall be filed." *See id.*

Movants' Motion for Hearing on Pending Disputes failed to raise another dispute that is currently pending in this matter. Accordingly, and as set forth in greater detail below, Applicant Hornbeam Corporation hereby requests that it be permitted to brief the pending issue of

Subpoena Respondents' designation of certain information as Attorneys' Eyes Only as part of the briefing schedule laid out in the Court's November 5, 2018 Paperless Order.

## II.    ARGUMENT

During the October 23, 2018 and October 24, 2018 Rule 30(b)(6) depositions of the Subpoena Respondents, and the October 25, 2018 deposition of Mordechai Korf, counsel for Subpoena Respondents designated the testimony concerning the identities of certain individuals (who were shareholders or otherwise involved in one or more entities that were owned by Subpoena Respondents and/or the Intervenors, Igor Kolomoisky, Halliwel Assets, Inc., and Panikos Symeou), as well as certain dollar amounts, as Attorneys' Eyes Only ("AEO"). Counsel for Subpoena Respondents generically cited scope and relevance as the basis for the designation.

Counsel for Applicant Hornbeam Corporation objected to the designations during the depositions and retained the right to raise the issue before the Court. Because Subpoena Respondents failed to cite any valid reason for designating the information as AEO, counsel for Hornbeam formally objected to the AEO designations and requested that they be removed on November 1, 2018. Counsel for Subpoena Respondents refused to remove the designations[1] and therefore counsel for Hornbeam now brings the instant motion.

Pursuant to the Stipulated Protective Order, the designating Party, in this case the Subpoena Respondents, have "the burden of demonstrating that the contested Responsive Material should be designated Attorneys' Eyes Only." (ECF No. 224 at 3(g)). Subpoena Respondents have failed to meet their burden, and instead simply claim that the information designated as AEO is outside of the scope of the Court's Omnibus Order (ECF No. 209) and is irrelevant to the issues.

---

[1] *See* Exhibit 1.

Making vague and inaccurate objections does not form the proper basis for designating information as AEO, a designation which is typically reserved for trade secrets and the like. *See e.g. Core Laboratories LP v. AmSpec*, No. 16-0526, 2017 WL 3585420 at *2 (S.D. Ala. Aug 18, 2017) ("The court may, for good cause, issue an order to protect a party or person requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . . [T]he fact that an AEO designation may sometimes be appropriate does not mean it must be used in all cases involving sensitive or confidential information. The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.") (internal quotation marks and citations omitted); *Rubenstein Law, P.A. v. Friedman Law Associates, P.L.*, 16-cv-1511, 2017 WL 385757 at *2 (M.D. Fla. Jan. 27, 2017) (The standard used to determine whether trade secrets and other confidential information are entitled to protection is whether the disclosure of such information would result in a "specified harm.") (citation omitted).

Subpoena Respondents have failed to explain why the AEO designation applies to the identities of certain individuals and certain dollar amounts, or what specified harm they would suffer without the AEO designation. Subpoena Respondents have also failed to explain why the designation of AEO is necessary when, and if warranted, the less onerous designation of "Confidential" is available. Thus they have failed to meet their burden.

### III. CONCLUSION

For these reasons, Applicant Hornbeam Corporation respectfully requests that it be able to brief this additional pending issue pursuant to the briefing schedule set out in the Court's November 5, 2018 Paperless Order.

Date: November 7, 2018					Respectfully submitted

											Moscowitz & Moscowitz, P.A.
											*Attorneys for Applicant Hornbeam, Intervenor Vadim Shulman, Intervenor Bracha Foundation*
											201 Alhambra Circle, Suite 1200
											Coral Gables, FL  33134
											Telephone:  (305) 379-8300
											Facsimile:  (305) 379-4404

											By: */s/ Jane Moscowitz*
											Jane Moscowitz
											Florida Bar No. 586498
											jmoscowitz@moscowitz.com

											Carol Elder Bruce *[admitted pro hac vice]*
											cbruce@mmlawus.com
											MURPHY & MCGONIGLE
											Robert P. Howard, Jr. *[admitted pro hac vice]*
											rhoward@mmlawus.com
											Alexandra Marinzel *[admitted pro hac vice]*
											alexandra.marinzel@mmlawus.com
											1001 G Street, N.W. Seventh Floor
											Washington, DC 20001
											Telephone: (202) 220-1924

**CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1**

      I HEREBY CERTIFY that Carol E. Bruce, counsel for Applicant Hornbeam Corporation, met and conferred with Bruce Marks, counsel for Intervenors, Jorge Guttman, counsel for Subpoena Respondents, and Andrew Kruppa, counsel for Specialty Steel Works, Inc., regarding the substance and relief sought by this Motion in a good faith attempt at resolving the issue raised herein, but was unable to obtain agreement as of the time of filing this Motion.

                                                  By:    /s/ *Carol E. Bruce*
                                                            Carol E. Bruce

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jane Moscowitz*
Jane W. Moscowitz