UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-SEITZ/LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

_____

**APPLICANT HORNBEAM CORPORATION'S MOTION
TO REMOVE THE ATTORNEYS' EYES ONLY DESIGNATION FROM THE
TRANSCRIPTS OF THE DEPOSITIONS OF THE SUBPOENA RESPONDENTS**

## I.     INTRODUCTION

Applicant Hornbeam Corporation ("Hornbeam"), pursuant to the Court's Paperless Order Granting Applicant's Motion to Brief Pending Dispute (ECF No. 295), respectfully files this Motion to Remove the Attorneys' Eyes Only Designation from the Transcripts of the Depositions of CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC ("Subpoena Respondents").[1]

## II.    PRELIMINARY STATEMENT

On November 5, 2018, Intervenors Halliwel Assets, Inc. and Panikos Symeou ("Intervenors") and Subpoena Respondents filed a Motion for Hearing on Pending Disputes. (ECF No. 292).

---

[1] The depositions of Felman Production, LLC, Felman Trading, Inc., CC Metals and Alloys, LLC, Optima Group, LLC, and Georgian American Alloys, Inc. were held on October 23, 2018.  The depositions of 5251 36ST, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and Optima Acquisitions, LLC were held on October 24, 2018.  The deposition of Mordechai Korf in his personal capacity was held on October 25, 2018.

In a Paperless Order, the Court denied the Motion for Hearing on Pending Disputes, but granted Movants' alternative request to brief the matters in dispute. (ECF No. 293). The Court allowed the Movants to "file a motion, not to exceed ten pages in length, on or before November 30, 2018. Opposition(s) thereto shall be filed on or before December 11, 2018, also not to exceed ten pages in length. No reply shall be filed." *See id.*

Movants' Motion for Hearing on Pending Disputes failed to raise another dispute that is currently pending in this matter—the issue of Subpoena Respondents' Attorneys' Eyes Only ("AEO") designation of certain portions of the deposition transcripts, which Hornbeam sees as an inappropriate and even abusive use of the AEO designation. Accordingly, Hornbeam requested that it be permitted to brief the issue as part of the briefing schedule laid out in the Court's November 5, 2018 Paperless Order. (ECF No. 294). The Court granted the request on November 11, 2018, allowing Hornbeam to, "consistent with the parameters set in the Court's Paperless Order on November 5, 2018," file a motion challenging the confidentiality designations. (ECF No. 295).

### III.    BACKGROUND AND RELEVANT FACTS

This § 1782 case has always been, and continues to be, only about the discovery of documents and testimony from the Subpoena Respondents for use in contemplated foreign litigation. The contemplated foreign litigation is primarily premised upon an alleged scheme to deprive Mr. Vadim Shulman of his investment in Warren Steel Holdings—an entity ultimately owned by Messrs. Shulman, Kolomoisky, and Bogolyubov (the latter two individuals being partial owners of many of the Subpoena Respondents)—through a series of related-party loans, self-dealing transactions, and debt-restructuring. (ECF No. 4 at 11).

After roughly four years of litigation, Hornbeam was finally able to take ten 30(b)(6) depositions of the Subpoena Respondents, as well as a deposition of Mordechai Korf—the eleventh Subpoena Respondent—in his personal capacity.[2]

During the depositions, counsel for Subpoena Respondents designated far too much material as AEO. Counsel for Subpoena Respondents first designated a portion of Mr. Korf's testimony as AEO on Day One when Mr. Korf was testifying as a representative of Felman Trading, Inc. and counsel for Hornbeam asked Mr. Korf to identify the person whose name had been redacted on Exhibit 1, an organizational chart produced by Subpoena Respondents. *See* October 23, 2018 Dep. Tr. at 10.[3] Counsel for Subpoena Respondents objected to the question and instructed Mr. Korf not to answer, but when counsel for Applicant challenged the objection as improper, the parties agreed, as a temporary measure to avoid multiple interruptions of the deposition in order to take this and other "instructions not to answer the question" before the court, that counsel for Subpoena Respondents would allow Mr. Korf to answer with the testimony designated as AEO pending resolution of the dispute by the Court. Counsel for Subpoena Respondents cited scope and relevance as the basis for the designation without specificity. *See* October 23, 2018 Dep. Tr. at 10-14. Counsel for Subpoena Respondents also designated as AEO Mr. Korf's testimony about the identities of redacted individuals and entities on Exhibit 1 during his testimony on behalf of Felman Trading, Inc. and Felman Production, LLC, *id.* at 18-23, and Optima Group, LLC. *Id.* at 26-31.

---

[2] The 30(b)(6) deposition of Specialty Steel Works (f,k.a. Optima Specialty Steel) is scheduled for December 18, 2018.

[3] The portions of the Day One transcript that have been designated AEO are attached hereto as Exhibit 1 in a redacted format. If the Court grants Hornbeam's Motion to File Under Seal, Exhibit 1 will be produced to the court in an unredacted format.

On Day Two, while Mr. Korf was acting as a corporate representative for 5251 36ST, LLC, counsel for Subpoena Respondents designated testimony regarding the identities of certain individuals as AEO.  October 24, 2018 Dep. Tr. at 11-14.[4]  Counsel for Subpoena Respondents also designated Mr. Korf's testimony about the identities of certain individuals as AEO during his testimony on behalf of Optima Fixed Income.  *Id.* at 51-60, 62-63.  Counsel for Subpoena Respondents did the same regarding the identities of individuals who had been redacted on Exhibit 48 (an organizational chart produced by Subpoena Respondents) during testimony for Optima Ventures, LLC, *id.* at 85-87, and Exhibit 61 (another organizational chart produced by Subpoena Respondents) during testimony for Optima International of Miami, Inc.  *Id.* at 128-29.

On Day Three, while Mr. Korf was being deposed in his personal capacity, counsel for Subpoena Respondents designated certain financial information as AEO.  October 25, 2018 Dep. Tr. at 30-40.[5]

Counsel for Applicant Hornbeam Corporation objected to all of the AEO designations during the depositions and retained the right to raise the issue before the Court.  October 23, 2018 Dep. Tr. at 12.  Because Subpoena Respondents failed to cite any valid reason for designating the information as AEO, counsel for Hornbeam formally objected to the AEO designations and requested that they be removed on November 1, 2018.  Counsel for Subpoena Respondents refused to remove the designations[6] and therefore counsel for Hornbeam now brings the instant motion to remove the AEO designation from the transcripts.

---

[4] The portions of the Day Two transcript that have been designated AEO are attached hereto as Exhibit 2 in a redacted format.  If the Court grants Hornbeam's Motion to File Under Seal, Exhibit 2 will be produced to the court in an unredacted format.

[5] The portions of the Day Three transcript that have been designated AEO are attached hereto as Exhibit 3 in a redacted format.  If the Court grants Hornbeam's Motion to File Under Seal, Exhibit 3 will be produced to the court in an unredacted format.

[6] *See* ECF No. 294 Ex. A.

## IV.     ARGUMENT

Pursuant to the Stipulated Protective Order, the designating Party, in this case the Subpoena Respondents, have "the burden of demonstrating that the contested Responsive Material should be designated Attorneys' Eyes Only." (ECF No. 224 at 3(g)).  Subpoena Respondents have failed to meet their burden, and instead simply claim that the information designated as AEO is outside of the scope of the Court's Omnibus Order (ECF No. 209) and is irrelevant to the issues.

As set forth below, the information designated AEO does not meet the standard set by Eleventh Circuit caselaw, and Subpoena Respondents have provided nothing to the contrary. Additionally, the questions asked by counsel for Hornbeam were explicitly permitted under the Omnibus Order.  Thus, the information contained in the responses should not be marked AEO.

### a. Subpoena Respondents Have not Provided Evidence that the Information Designated as AEO Meets the Standard Set by Eleventh Circuit Precedent.

Making vague and inaccurate objections does not form the proper basis for designating information as AEO, a designation which is typically reserved for trade secrets and the like.  *See e.g. Core Laboratories LP v. AmSpec*, No. 16-0526, 2017 WL 3585420 at *2 (S.D. Ala. Aug 18, 2017) ("The court may, for good cause, issue an order to protect a party or person requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . . [T]he fact that an AEO designation may sometimes be appropriate does not mean it must be used in all cases involving sensitive or confidential information. The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.") (internal quotation marks and

citations omitted); *Rubenstein Law, P.A.*, 2017 WL 385757 at *2 (The standard used to determine whether trade secrets and other confidential information are entitled to protection is whether the disclosure of such information would result in a "specified harm.") (citation omitted).

Courts have recognized the harsh effects that an AEO designation can have in litigation or on an attorney-client relationship. *See Global Material Technologies, Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F.Supp.3d 1079, 1084 (N.D. Ill. 2015) ("The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious."); *Meharg v. I-Flow Corp.*, 2009 WL 3032327 at *6 (S.D. Ind. Sept. 18, 2009) ("Attorneys'-eyes-only disclosure puts attorneys in a very difficult position in which they cannot disclose important information to their clients. This difficult situation should be avoided when possible."); *Ragland v. Blue Cross Blue Shield of North Dakota*, 2013 WL 3776495 at *1 (D. N.D. June 25, 2013) ("[an attorneys' eyes only designation] limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions.").

Furthermore, AEO designations run afoul of the public policy whereby transparency in court proceedings is favored. *See Rubenstein Law, P.A. v. Friedman Law Associates, P.L.*, 16-cv-1511, 2017 WL 385757 at *3 (M.D. Fla. Jan. 27, 2017) ("There is a general common law right to inspect and copy judicial records and public documents.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)); *AIG Annuity Ins. Co. v. Law Offices of Theodore Coates, P.C.*, 2009 WL 728462 at *1 (D. Colo. Mar. 18, 2009) (Judges have a responsibility to

avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society.") (quoting *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996)).

Subpoena Respondents have failed to explain why the AEO designation should apply to the identities of certain individuals and certain dollar amounts, or what "specified harm" they would suffer without the AEO designation. Additionally, there are no "trade secret[s], or other confidential research, development[s], or commercial information" involved such that Subpoena Respondents would be at a competitive disadvantage were the information not designated as AEO. Finally, and importantly, such an unwarranted AEO designation creates potentially insurmountable burdens for applicant in its use of the evidence going forward in the contemplated foreign litigation upon which this § 1782 action is based, or any related litigation matter.

Subpoena Respondents have also failed to explain why the designation of AEO is necessary when, and if warranted, the less onerous designation of "Confidential" is available. Instead, Subpoena Respondents simply argue that the questions and subsequent responses are outside the scope of what this court provided in the Omnibus Order and that they are not relevant to the relationship or discovery at issue. Subpoena Respondents' unsupported position is also completely contrary to the public policy in favor of transparency in court proceedings.

For these reasons, Subpoena Respondents have failed to meet their burden of demonstrating why the AEO designation is appropriate.

### b. The Questions Asked by Counsel for Hornbeam were Permitted by the Omnibus Order and the Information Contained in the Responses Should not be Designated as AEO.

The Omnibus Order very clearly states that Hornbeam was "authorized to issue and serve subpoenas on [Subpoena Respondents] for the testimony of Mordechai Korf and/or each of these entities' key employees regarding…[t]he discovery subject's corporate structure[.]" (ECF No. 209 Ex. A). Thus, questions regarding the identities of parties *on the corporate structure charts* are not outside of the scope of the order. Hornbeam is permitted to ask, and know, who the shareholders, owners, and parties related to the Subpoena Respondents are. Their status on the corporate structure charts make them *per se* relevant under the Omnibus Order.

Additionally, questions regarding Mr. Korf's financial and business history are permitted pursuant to the language in the Omnibus Order authorizing the testimony of: "The discovery subject's financial records concerning Warren Steel, business transactions with Warren Steel, or loans to Warren Steel, including the source of each loans origination and the account from which each loan was made." *Id.* The complexity of the related party loans and self-dealing scheme makes it pertinent for Hornbeam to understand where the loan funds originated and whether the loans were made in the ordinary course of the Subpoena Respondents' business, or if there was outside and, perhaps, illicit funding. Furthermore, Mr. Korf served as the President of Warren Steel, the entity at the heart of this matter, and thus his business history is certainly relevant.

Therefore, the questions asked by counsel for Hornbeam during the depositions were asked pursuant to the language in the Omnibus Order, are relevant to this matter, and should not be designated as AEO.

**V.     CONCLUSION**

For these reasons, Applicant Hornbeam Corporation respectfully requests that this Court remove the AEO designation from the deposition transcripts of Subpoena Respondents.

Date: November 30, 2018                        Respectfully submitted

                                                                           Moscowitz & Moscowitz, P.A.
*Attorneys for Applicant Hornbeam, Intervenor Vadim Shulman, Intervenor Bracha Foundation*
201 Alhambra Circle, Suite 1200
Coral Gables, FL  33134
Telephone:  (305) 379-8300
Facsimile:  (305) 379-4404

By: */s/ Jane Moscowitz*
Jane Moscowitz
Florida Bar No. 586498
jmoscowitz@moscowitz.com

Carol Elder Bruce *[admitted pro hac vice]*
cbruce@mmlawus.com
MURPHY & MCGONIGLE
Robert P. Howard, Jr. *[admitted pro hac vice]*
rhoward@mmlawus.com
Alexandra Marinzel *[admitted pro hac vice]*
alexandra.marinzel@mmlawus.com
1001 G Street, N.W. Seventh Floor
Washington, DC 20001
Telephone: (202) 220-1924

## **CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1**

I HEREBY CERTIFY that Carol E. Bruce, counsel for Applicant Hornbeam Corporation, met and conferred with Bruce Marks, counsel for Intervenors, Jorge Guttman, counsel for Subpoena Respondents, and Andrew Kruppa, counsel for Specialty Steel Works, Inc., regarding the substance and relief sought by this Motion in a good faith attempt at resolving the issue raised herein, but was unable to obtain agreement as of the time of filing this Motion.

By:    /s/ *Carol Elder Bruce*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jane Moscowitz*