UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## ORDER DENYING MOTION TO DISMISS (ECF NO. 237)

This cause comes before the Court on Intervenors Halliwel Assets, Inc. and Panikos Symeou's ("Intervenors") Motion to Dismiss Hornbeam Corporation's § 1782 Application for Lack of Subject Matter Jurisdiction (ECF No. 237). Intervenors aver that Hornbeam's application should be dismissed because Hornbeam's counsel is not authorized to act on behalf of Hornbeam. Upon consideration, the Court DENIES Intervenors' Motion for the reasons set forth below.

### I.   Background

Resolution of the present motion warrants a review of the procedural history of this litigation. Hornbeam filed its application for discovery pursuant to 28 U.S.C. § 1782 over four years ago, on December 29, 2014 (ECF No. 1). The Court granted Hornbeam's application on February 11, 2015 (ECF No. 12). Intervenors moved to vacate the petition. The Court denied Intervenors' motion to vacate and found that Hornbeam's application met the requirements of § 1782 in an omnibus order (ECF No. 209). Intervenors moved the Court to reconsider its order (ECF No. 212), which was similarly denied (ECF No. 214). Intervenors appealed both of these orders to the Eleventh Circuit, and that appeal remains pending as of entry of this Order.

On July 11, 2018, Intervenors moved to stay the case pending resolution of their appeal. Intervenors argued, among other things, that Hornbeam does not meet the "interested person" requirement of 28 U.S.C. § 1782 in order to obtain discovery because it had dissolved as a company and therefore lacked the authority to pursue its claims. The Court heard argument on the motion to stay at a hearing on July 11, 2018, after which Applicant Hornbeam and Intervenors Bracha Foundation and Vadim Shulman (collectively identified as "Applicants") filed a Notice Regarding Corporate Authority (ECF No. 222). Attached to the Notice is a written Power of Attorney, which Applicants advance as express authorization for Vadim Shulman's agents and representatives, Tetyana Ferree and Natalia Luchnikova, to prosecute the action on Hornbeam's behalf (ECF No. 222-1 ("Power of Attorney")). The Power of Attorney was signed by Hornbeam's liquidator, Jose E. Silva, on September 21, 2016, in the presence of a witness (*Id.* at 2). The Court denied Intervenors' motion to stay, noting that "Counsel for Hornbeam has...filed a copy of the power of attorney given by Hornbeam to Shulman to ensure that the liquidator is authorized to wind-up Hornbeam's affairs" (ECF No. 223 at 1).

Intervenors filed the present Motion to Dismiss the § 1782 Application on August 3, 2018 (ECF No. 237). The Motion is premised on the lack of accompanying evidence that a majority of Hornbeam's liquidators had approved the Power of Attorney as required under Panamanian law; Intervenors attached in a support an affidavit by Mario Vlieg, a Panamanian law expert, who contends that evidence that the majority of the liquidators approved the Power of Attorney must be in written form, such as the minutes of a meeting or a written resolution (ECF No. 237-2). Accordingly, Intervenors argue, Hornbeam has not demonstrated that it is represented by counsel and therefore lacks standing to pursue its discovery application, divesting the Court of subject matter jurisdiction over this matter.

Hornbeam filed its Response in Opposition on August 17, 2018 (ECF No. 240), raising two arguments. First, Hornbeam argues that this Court is without jurisdiction to consider Intervenors' Motion because Intervenors filed a notice of appeal on July 13, 2018 (ECF No. 225), thereby divesting the Court of jurisdiction to rule on the present Motion to Dismiss.[1] Second, Hornbeam contends that the Power of Attorney is valid and is supported by the requisite supporting documents: the written meeting minutes, in which a majority of Hornbeam's directors approved the Power of Attorney; and a certification from one of Hornbeam's liquidators, attesting to the authenticity of these minutes. Hornbeam attached both of these supporting documents to its Response (ECF Nos. 240-4, 240-5). Thus, Hornbeam maintains that it has sufficiently established the authority of its counsel to represent it.

Intervenors' Reply insists that this Court does have jurisdiction over their Motion to Dismiss because it is a collateral matter that "has nothing to do with the issues on appeal." Intervenors raise the following challenges to the evidence advanced by Hornbeam in support of its Power of Attorney. First, Intervenors present an additional declaration by their expert who testified that the POA is invalid because it was not authorized under Panamanian law. Intervenors further contend that Hornbeam's documents are unsworn and unauthenticated, and therefore still do not show that Hornbeam's counsel has authority to represent it.

Following completion of the briefing on Intervenors' Motion, the parties have since completed the discovery authorized by the Court granting Hornbeam's § 1782 application.

---

[1] As of the date of this Order, Intervenors' appeal is still pending before the Eleventh Circuit, with both Intervenors and Hornbeam having filed their appellate briefs. *See In Re: Applicant Hornbeam Corp*, 18-12990 (11th Cir.).

## II. Discussion

### a. The Court has jurisdiction to consider Intervenors' motion to dismiss.

First, the Court rejects Hornbeam's contention that this Court is divested of jurisdiction to decide this motion due to the pending appeal. Hornbeam's argument is premised on the Eleventh Circuit's finding in *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, where the court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." 341 F.3d 1292, 1309 (11th Cir. 2003); *see also Wellington v. Royal Caribbean Cruises Ltd.*, No. 11-23489-CIV, 2012 WL 2502786, at *2 (S.D. Fla. June 28, 2012). However, the court also found that "an interlocutory appeal does not completely divest the district court of jurisdiction" and that "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal." *Id.* In so holding, the Eleventh Circuit determined that the district court did not have jurisdiction to rule on a motion to amend the complaint, which directly affected issues pending before the appellate court on an interlocutory appeal, but did have jurisdiction to rule on a 12(c) motion that was unrelated to the appeal. In *Wellington*, the district court case that Hornbeam relies on, the court determined that it lacked jurisdiction to rule on a motion to dismiss a notice of appeal.

Here, Intervenors appeal the Court's grant of Hornbeam's § 1782 application, and their appeal raises the following issues: that Hornbeam is not an "interested person;" that proceedings in the British Virgin Islands are not reasonably contemplated; and that pre-filing depositions are not permitted in a § 1782 action. Intervenors' stay pending appeal was denied by both this Court and the Eleventh Circuit. Since then, discovery has been completed – while the appeal remains pending. Whether the Eleventh Circuit determines that the discovery application was granted

4

properly or not based on Intervenors' raised grounds does not impact this Court determining whether Hornbeam is currently properly represented by counsel. Accordingly, the Court finds that it is not divested of jurisdiction to hear Intervenors' motion.

### b. Dismissal is not warranted.

In this sequential attack on applicant's petition, Intervenors again challenge Applicants' standing and this Court's attendant jurisdiction to grant the relief sought. The motion advances no cognizable grounds for dismissal and is due to be denied.

Intervenors raise a factual attack on Hornbeam's counsel's authority to represent its client. Judge Seitz already reviewed the Power of Attorney in the context of Intervenor's last challenge to Hornbeam's right to pursue discovery and, satisfied with that Power of Attorney, denied the motion to stay and ordered prompt completion of the discovery. The present motion is functionally a motion for reconsideration on the grounds that Intervenors have identified additional bases for attacking Hornbeam's authority to pursue discovery. Intervenors have failed to meet their burden or overcome the presumption Hornbeam currently enjoins on this record that it is authorized and represented by counsel, as a result of Judge Seitz's prior rulings. Intervenors efforts to impeach or call into doubt the facially adequate documentation presented have failed.

Moreover, the additional documentation that Hornbeam has submitted—the meeting minutes and certification—demonstrate that the Power of Attorney was enacted by a majority of Hornbeam's liquidators, as opposed to unilaterally by Mr. Silva. Intervenors have not advanced any evidence as to why the Court should doubt the authenticity of the Power of Attorney, the

meeting minutes, or the certification of Hornbeam's liquidator. To the extent that Hornbeam has a burden to show that it is represented by counsel, the Court finds that that burden has been met.[2]

To the extent that Intervenors challenge the Court's subject matter jurisdiction to hear Hornbeam's § 1782 Application, Judge Seitz has already determined that Applicant is an interested person within the meaning of the statute sufficient to confer standing to Applicant.

Notwithstanding, Intervenors contend that the "appropriate remedy" for the alleged absence of representation by authorized counsel "is to dismiss the lawsuit for lack of subject matter jurisdiction." Mot. at 3. Intervenors rely on *Office of Dep't of Fla. v. Bertoncot Fin. Tr.*, 4:17CV155-MW/CAS, 2017 WL 1788684, at *2 (N.D. Fla. Apr. 5, 2017) for this proposition. To read such a proposition from this case is a stretch. Though the Magistrate Judge there did recommend dismissal of the removed complaint for lack of subject matter jurisdiction, the recommendation for dismissal was wholly unrelated to the apparent absence of attorney representation.

Accordingly, the Motion to Dismiss Hornbeam Corporation's § 1782 Application for Lack of Subject Matter Jurisdiction (ECF No. 237) is DENIED.

**DONE AND ORDERED** in Chambers this 25th day of March, 2019, in the Southern District of Florida.

*[signature]*

The Honorable Lauren F. Louis
United States Magistrate Judge

---

[2] Intervenors also argue that Hornbeam must produce a new power of attorney that extends past September 21, 2018, the date on which the Power of Attorney at issue purportedly expired. At the time Hornbeam filed its response to Intervenors' motion to dismiss, Hornbeam contended that it was in the process of issuing a replacement power of attorney that extended past September 21, 2018. *See* ECF No. 240 at 6 n.4. Since the filing of the briefs, however, neither party has advanced whether or not a new power of attorney was ever produced, or still needs to be produced. Accordingly, the undersigned is not in a position to adjudicate whether Hornbeam has a current obligation to produce a new power of attorney.