UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## ORDER DENYING MOTION TO DISMISS (ECF NO. 253)

This cause comes before the Court on Halliwel Assets, Inc. and Panikos Symeou's ("Symeou Parties") Motion to Dismiss Bracha Foundation ("Bracha") and Vadim Shulman ("Shulman"), Or, Alternatively, Motion for Protective Order (ECF No. 253). The Symeou Parties moved pursuant to Federal Rules of Civil Procedure 12(b)(6) and 24 to dismiss Bracha and Shulman from further proceedings in this case and for the Court to terminate their status as intervenors; alternatively, the Symeou Parties moved for a protective order to preclude Bracha and Shulman from participating in depositions. Upon consideration, the Court DENIES the Symeou Parties' Motion for the reasons set forth below.

### I. Background

Hornbeam filed its application for discovery pursuant to 28 U.S.C. § 1782 over four years ago, on December 29, 2014 (ECF No. 1). The Court granted Hornbeam's application on February 11, 2015 (ECF No. 12). Bracha filed an unopposed motion to intervene on March 17, 2016 (ECF No. 17), which the Court granted on April 11, 2016 (ECF No. 33). Shulman also filed a motion to intervene, which was opposed, on June 30, 2017 (ECF No. 79). The Court granted Shulman's motion to intervene on August 17, 2017 (ECF No. 108). The Symeou Parties responded with a motion for clarification (ECF No. 112).

Shortly thereafter, the Symeou Parties filed a Stipulation Regarding Intervention, signed by all parties in this action ("Stipulation") (ECF No. 117). The Stipulation states that the parties "seek to resolve disputes concerning intervention to avoid the need for an appeal of the aspect of the order granting Shulman's intervention," and also that Igor Kolomoisky ("Kolomoisky") and/or Gennadiy Bogolyubov ("Bogolyubov") sought to intervene in this case as well. Stipulation at 1. The parties stipulated and agreed that "[t]he Symeou Parties and the Subpoena Recipients hereby consent to Shulman's intervention, without prejudice to their rights to oppose any requests Shulman makes for relief other than intervention or to all other rights they may assert to seek relief." *Id.* The parties further agreed that Hornbeam and Bracha likewise consented to Kolomoisky and Bogolyubov's intervention, under the same reservation of rights as with Shulman. *Id.* at 2.

Thereafter, Shulman filed a separate application for discovery on September 15, 2017 (ECF No. 122). Shulman sought to obtain discovery for use in a claim against intervenors Kolomoisky and Bogolyubov in England (the "English action"). The Court ultimately denied Shulman's application, finding that the English action was "no longer pending or reasonably contemplated, and thus Shulman fails to meet the requirements for a § 1782 application" (ECF No. 196 at 1). The Court did not, however, dismiss Shulman from the action as an intervenor.

The Symeou Parties filed the present Motion to Dismiss or for a Protective Order on September 4, 2018 (ECF No. 253). The Motion avers that both Bracha and Shulman should be dismissed from the case as intervenors because neither meets the statutory requirement as "interested persons" under § 1782—Bracha having never filed an application, and Shulman having his application denied. The Symeou Parties represent that they had only agreed to Bracha and Shulman intervening "in order for them to prove their right to discovery" (ECF No. 253 at

2

1). They contend that because the Court has only granted Hornbeam's application, neither Bracha nor Shulman may use discovery for any purpose and thus must be dismissed from the case, or, alternatively, precluded from participation in depositions by way of a protective order.

Hornbeam filed a Response in Opposition on September 18, 2018 (ECF No. 264), raising several arguments. First, Hornbeam contends that, because the Symeou Parties consented to Shulman's intervention and did not oppose Bracha's motion to intervene, their ability to challenge Shulman and Bracha's intervenor status is foreclosed now. Second, Hornbeam asserts that intervenor status is not dependent on a whether a party is an "interested person" pursuant to § 1782. Finally, Hornbeam argues that the Symeou Parties have failed to provide any legal basis for why Bracha or Shulman should be dismissed from this case, or grounds for the Court to enter a protective order.

The Symeou Parties' Reply (ECF No. 266) points out that only Hornbeam filed a response to their motion, not Bracha or Shulman, and contends that this failure to respond warrants the Court granting the motion. The Reply also argues that Bracha's lack of "interested person" status necessitates its dismissal, relying on the related case, *In re: Application of Bracha Found.*, 663 F. App'x 755 (11th Cir. 2016), which involves these same parties and similar issues. The Symeou Parties contend that their stipulation and lack of opposition to Shulman and Bracha's intervention were based on their § 1782 applications, and, because they were never granted or filed, "new facts change the circumstances that warranted their intervention" (ECF No. 266 at 3). Movants maintain that there is no reason that Bracha and Shulman should still be parties to the case where the Stipulated Protective Order (ECF No. 220) only allows Hornbeam to use the authorized discovery, not Bracha or Shulman.

Following completion of the briefing on Symeou Parties' Motion, the parties have since

3

completed the discovery authorized by the Court granting Hornbeam's § 1782 application.

II. **Discussion**

    a. **Rule 12(b)(6)**

The Symeou Parties move to dismiss Bracha and Shulman from further proceedings "pursuant to Fed. R. Civ. P. 12(b)(6)." A motion to dismiss brought under Rule 12(b)(6) asserts that a pleading fails to state a claim upon which relief can be granted.

Here, the Symeou Parties' Motion provides no basis for why Rule 12(b)(6) warrants dismissal of the intervenors from the case, or how the Rule even applies here. While the Response questioned the Motion's invocation of Rule 12(b)(6), the Reply did not address this argument nor proffer any explanation for why dismissal under 12(b)(6) was warranted. Because Rule 12(b)(6) is not the proper vehicle for dismissal here, the Court will not dismiss Bracha or Shulman upon reliance of this Rule.

    b. **Rule 24**

The Symeou Parties also move to dismiss Bracha and Shulman pursuant to Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides that the court must permit anyone to intervene who is either given an unconditional right to intervene by federal statute, or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) ("intervention by right"). The Rule also states that the court may permit intervention by anyone who is given a conditional right by a federal statute, or to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) ("permissive intervention").

4

Bracha and Shulman moved under both Rule 24(a) and Rule 24(b) in their respective motions to intervene (ECF Nos. 17, 79). Bracha argued in its motion that it satisfied both types of intervention because it was the beneficial owner of Hornbeam's shares in Halliwel (ECF No. 17 at 2-3); the motion also notes that the Symeou Parties had recently filed their own motion to intervene, which was unopposed (ECF No. 15). Shulman moved for intervention on grounds that he had an interest in this action to using the discovery sought for his contemplated English action; and that his claim shared common questions of law and fact with Hornbeam and Bracha. (ECF No. 79). As noted above, the Court granted both of these motions, allowing Bracha and Shulman to intervene (ECF Nos. 33, 108), though the orders do not state whether their intervention was by right or by permission.

Now the Symeou Parties seek to dismiss Bracha and Shulman from this matter, essentially seeking a reconsideration of the Court's orders granting their intervention. The Symeou Parties rely on the case *Mishewal Wappo Tribe of Alexander Valley v. Salazar* for the proposition that the Court may reconsider a previous order granting intervention. No. 5:09-CV-02502 EJD, 2012 WL 4717814, at *1 (N.D. Cal. Sept. 28, 2012) ("Having already been granted the ability to intervene in this action, resolution of the current motion requires the court to consider whether the Counties' status as intervenors continues to be viable"), *aff'd*, 534 F. App'x 665 (9th Cir. 2013). The *Mishewal* court noted that intervention in a case does not carry an "absolute entitlement" to continue through the entirety of the case. *Id.* The court there turned to the same factors in Rule 24 that it considered in permitting intervention in determining whether intervention should continue. Similar to here, the orders granting intervention in *Mishewal* were silent as to the type of intervention that was allowed, necessitating the court to determine whether intervention by right or permission applied. In determining that the intervenors could

5

only be classified as permissive, the court found that the intervenors no longer met the requirements of Rule 24(b), as they did not share common issues with the main action and their continued presence in the case would cause further undue delay and prejudice to the named parties; accordingly, the court revoked their status as permissive intervenors and terminated them as parties to the case.

As in *Mishewal*, the Court will examine the factors of Rule 24 and determine whether Bracha and Shulman still meet its requirements. The Eleventh Circuit has found that a movant may only intervene as of right under Fed. R. Civ. P. 24(a)(2) if "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008). By contrast, to permissibly intervene under Rule 24(b), a movant must establish that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The Court must also consider whether the parties' continuing intervention would "unduly prejudice or delay the adjudication of the rights of the original parties." *See Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005)

The timeliness factor for either type of intervention is not in dispute here; Bracha and Shulman both filed timely motions to intervene. As to the other factors, the Symeou Parties do not explicitly argue that the individual factors are no longer applicable, but instead assert that Bracha and Shulman "no longer satisfy Rule 24's requirements, *inter alia*, because they have not established that they are interested persons with a right to participate in the promised BVI

6

proceedings under § 1782." ECF No. 253 at 9. The Response contends that Bracha and Shulman continue to satisfy the requirements for Rule 24(a) because "Bracha is the beneficial owner of Hornbeam's shares in Halliwel, and Shulman is the beneficial owner of Bracha." ECF No. 264 at 8. This chain of ownership interest does not however address the specific factors relevant to intervention by right: that the intervenors have an interest relating to the property or transaction which is the subject of the action; be so situated that disposition of the action may impede or impair the ability to protect that interest; and that the interest is represented inadequately by the existing parties to the suit. *See Fox*, 519 F.3d at 1302-03.

Even if the intervenors could not now satisfy the factors for intervention by right, the Symeou Parties have similarly not advanced support for their request to dismiss them from the action at this posture in the case. While the Symeou Parties argue that a party's status as an intervenor in a § 1782 action requires that party to satisfy the interested party element for granting the application, the cases on which they rely do not support this proposition.

The outcome reached in the related case *In re: Application of Bracha Found.*, 663 F. App'x 755 (11th Cir. 2016), for example, did not reach the question of intervenor status implicated in the present motion, but only determined that the court erred in not finding whether Bracha was an "interested person" before granting the court granted Bracha's § 1782 application. On remand, the district court found that Bracha was no longer contemplating foreign litigation, and found that the "interested party" issue was moot. *See In re: Application of Bracha Found.*, Case No. 2:15-MC-748-KOB, ECF No. 101, at 15-16. The court dismissed Bracha's application without prejudice as moot, and terminated Bracha as a party. *See id.* But the court did not undertake any sort of analysis on whether or not Bracha met the requirements of Rule 24 because, critically, Bracha was not an intervenor in that case.

7

Whether Bracha and Shulman were originally granted intervention by right or by permission, Bracha and Shulman qualify for permissive intervention under Rule 24(b) today. The "claim or defense" portion of Rule 24(b) has been construed liberally, and a court "can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene]." *McIntire v. Mariano*, No. 18-CV-60075, 2019 WL 78982, at *7 (S.D. Fla. Jan. 2, 2019). Here, Bracha and Shulman still share common questions of fact and law with Hornbeam relating to its investment in the Warren Steel mill and its pursuit of foreign discovery. The fact that Bracha is the beneficial owner of Hornbeam's shares in Halliwel, and Shulman is the beneficial owner of Bracha, also evidences a common set of claims between the parties.

The Court also takes into account that the Symeou Parties never opposed Bracha's motion to intervene, and actually stipulated to Shulman intervening in the filed Stipulation. The Stipulation itself stated that the Symeou Parties consented to Shulman's intervention "without prejudice to their rights to oppose any requests Shulman makes for relief other than intervention or to all other rights they may assert to seek relief." While the Symeou Parties now claim that their stipulation was based on Bracha and Shulman having § 1782 applications granted and thus "new facts change the circumstances that warranted their intervention," the Stipulation does not support the Symeou Parties' characterization that their agreement was so conditioned. In fact, the Stipulation demonstrates a compromise between the parties, where the Symeou Parties and Subpoena Recipients[1] consented to the intervention of Shulman, and Shulman, Hornbeam and Bracha consented to Kolomoisky and/or Bogolyubov.

---

[1] Mordechai Korf, Felman Trading Inc., Felman Production LLC, Optima International of Miami, Inc., Optima Fixed Income LLC, Optima Industrial Management, LLC, Georgia American Alloys Inc., Optima Specialty Steel, Inc. (now known as Specialty Steel Works, Inc.), Optima Ventures LLC, Optima Acquisitions LLC, Optima Group, LLC, Optima Highland LLC, 5251 36st LLC, CC Metals & Alloys LLC, and Felman Production Inc.

Finally, the Symeou Parties have failed to demonstrate what prejudice they would suffer or delay caused by Bracha and Shulman remaining in the case. Thus, the Court will not terminate Bracha and Shulman from the case as intervenors, and deny the Motion to Dismiss. The Court will also deny the Motion for Protective Order as moot, as there are no remaining depositions from which to prohibit Bracha and Shulman's participation.

Accordingly, the Motion to Dismiss Bracha Foundation and Vadim Shulman, Or, Alternatively, Motion for Protective Order (ECF No. 253) is DENIED.

**DONE AND ORDERED** in Chambers this 4th day of April, 2019, in the Southern District of Florida.

_____
The Honorable Lauren F. Louis
United States Magistrate Judge