UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-24887-MC-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
                                                          /

**ORDER**

This cause comes before the Court on Applicant Hornbeam Corporation's ("Hornbeam" or "Applicant") Motion to Remove the Attorneys' Eyes Only Designation from the Transcripts of the Depositions of the Subpoena Respondents[1] (ECF No. 302). Hornbeam challenges the confidentiality designations of certain portions of the transcripts from the depositions of Subpoena Respondents. A hearing was held on the Motion on May 6, 2019. Upon consideration, the Court denies Hornbeam's Motion for the reasons set forth below.

On November 5, 2018, Intervenors Halliwel Assets, Inc. and Panikos Symeou ("Intervenors") and Subpoena Respondents filed a Motion for Hearing on Pending Disputes (ECF No. 292). The Court denied the motion for a hearing but granted the alternative request to brief the matters in dispute and set out a briefing schedule (ECF No. 293). On November 7, 2018, Applicant filed a Motion to Brief Pending Dispute, seeking to brief a separate issue as part of the Court's briefing schedule (ECF No. 294). The Court granted Hornbeam's request and permitted Hornbeam to file a motion consistent with the parameters of its November 5, 2018 Order (ECF No. 295).

---

[1] Mordechai Korf, Felman Trading Inc., Felman Production LLC, Optima International of Miami, Inc., Optima Fixed Income LLC, Optima Industrial Management, LLC, Georgia American Alloys Inc., Optima Specialty Steel, Inc. (now known as Specialty Steel Works, Inc.), Optima Ventures LLC, Optima Acquisitions LLC, Optima Group, LLC, Optima Highland LLC, 5251 36st LLC, CC Metals & Alloys LLC, and Felman Production Inc.

1

The present dispute stems from the discovery taken in this matter pursuant to the Court's granting of Hornbeam's application for discovery pursuant to 28 U.S.C. § 1782, specifically, the depositions taken of the Subpoena Respondents. Hornbeam contends that counsel for Subpoena Respondents designated certain portions of depositions and documents as Attorneys' Eyes Only, as defined by the Stipulated Protective Order (ECF No. 224), without any valid reason for designating them as such. Hornbeam argues that Subpoena Respondents have not met their burden to demonstrate why their designation of Attorneys' Eyes Only was necessary, as opposed to the designation of "Confidential Information," which would allow Hornbeam's counsel to share the information with their client.

Subpoena Respondents contend that they have properly met their burden to show that the deposition portions should be designated Attorneys' Eyes Only because the designated material exceeds the scope of discovery as constrained by the Court's September 21, 2018 Omnibus Order on Disputed Disputes (ECF No. 267), which narrowed the scope for depositions to particular subjects, including "[t]he discovery subject's communications and relationship with each of the other discovery subjects, as well as other related persons concerning Warren Steel, business transactions with Warren Steel, or loans to Warren Steel." Subpoena Respondents contend that the contested material relates to communications and relationships with several people who are neither Subpoena Respondents nor "other related persons," and therefore goes beyond the scope of the September 21, 2018 Omnibus Order. Subpoena Respondents seek to protect the redacted persons from future discovery requests. Subpoena Respondents further argue that the contested material includes testimony regarding Mordechai Korf's financial and business history unrelated to Warren Steel, which also falls beyond the scope of testimony permitted by the Omnibus Order.

Applicant's Motion is premised on the contention that the designations were improper under the terms of the Parties' Stipulated Protective Order. The Stipulated Protective Order defines "Attorneys' Eyes Only" as "any Responsive Material that has been agreed to be designated 'Attorneys' Eyes Only' by the Parties, the Responsive Material that has been temporarily designated as such pursuant to Paragraph 3, or ordered to be designated as such by this Court." Stipulated Protective Order at ¶ 1(a). The Order further provides that "[t]he designating Party has the burden of demonstrating that the contested Responsive Material should be designated Attorneys' Eyes Only." *Id.* at ¶ 3(g).

Subpoena Respondents have met their burden for designating the contested material as Attorneys' Eyes Only. The Stipulated Protective Order's only definition for Attorneys' Eyes Only is what the parties designate it to be. The Court is therefore constrained by this definition in determining whether Subpoena Respondents have met their burden that contested material should be designated as Attorneys' Eyes Only. The Subpoena Respondents used the designation to protect dissemination of information outside the scope of the Court's Omnibus Order, including financial information pertaining to Mr. Korf's business dealings in the mid-2000's. Counsel for Subpoena Recipients represented that at deposition, he elected to use the designation in effort to minimize the potential harm from disclosure of the information, rather than seek a protective order and stop the line of contested questioning. Considering the absence of more specific parameters to define "highly confidential," the Court finds that the asserted bases for the designation satisfies the burden set by the Stipulated Protective Order and Rule 26 of the Federal Rules of Civil Procedure.

Moreover, designation of the material as Attorneys Eyes Only is particularly important where the control over applicant Hornbeam is in flux, and Subpoena Respondents have voiced concerns over sensitive information being shared beyond the attorneys. Accordingly, Subpoena

Respondents have shown good cause to have the contested material marked as Attorneys' Eyes Only.

For these reasons, the Motion to Remove the Attorneys' Eyes Only Designation from the Transcripts of the Depositions of the Subpoena Respondents (ECF No. 302) is DENIED.

**DONE AND ORDERED** in Chambers this 17th day of September, 2019, in the Southern District of Florida.

_____
The Honorable Lauren F. Louis
United States Magistrate Judge