## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-MC-24887-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

### HALLIWEL ASSETS, INC. AND PANIKOS SYMEOU'S MOTION TO PRODUCE AND UNSEAL APPLICANT HORNBEAM'S *EX PARTE* FILING AND INCOPORATED MEMORANDUM OF LAW

Halliwel Assets, Inc. and Panikos Symeou ("Intervenors"), move to produce and unseal the August 21, 2019 *ex parte* filing (the "*Ex Parte* Filing"), ECF 338, of Applicant Hornbeam Corporation ("Hornbeam") and Intervenors Vadim Shulman and Bracha Foundation (collectively the "Hornbeam Parties"). Intervenors repeatedly have requested the Hornbeam Parties to provide copies of what they filed *ex parte* with this Court to no avail. This motion should be granted for the reasons set forth in the following memorandum of law in support.

### MEMORANDUM OF LAW

### I.       INTRODUCTION

The Hornbeam Parties have turned this §1782 proceeding into a sham and nothing is more evident of that then their having communicated *ex parte* with this Court without explanation. Since December 2014, Hornbeam promised to file new BVI proceedings, but never did so despite ***all*** discovery being completed more than eight months ago, and despite the Hornbeam Parties' ongoing violation of the Stipulated Protective Order ("SPO") in not destroying the Responsive Materials – even though the repeatedly extended deadline for destruction expired on August 12, 2019, and the requested (but never ruled-upon) extended deadline of October 14, 2019, passed over a week ago.

Then, on August 21, 2019, the Hornbeam Parties made the *Ex Parte* Filing. ECF 338. It was not attached to or filed with any other document.  Intervenors made numerous demands for the Hornbeam Parties to produce the *Ex Parte* Filing, but they refused.  They refused even to disclose the nature of the *Ex Parte* Filing.

*First*, the *Ex Parte* Filing should be produced because the Hornbeam Parties have not met their extraordinary burden to permit *ex parte* filings with the Court.  Indeed, this Court has ordered that *ex parte* communications are not permitted, and has required that the parties, instead, avail themselves of the procedure for filing under seal (a procedure whereby Intervenors would receive copies of any such filing).  *See, e.g.,* Order Amending Stipulated Protective Order dated October 24, 2018 (ECF No. 286) (striking section of SPO that required Court to keep Certifications on file and further ordering that "email communications with chambers by the Parties and/or their counsel is prohibited.  All applications for relief, including for hearings, shall be filed and docketed."); *see also* ECF No. 287 (Order directing clerk to file under seal an *ex parte* email from Hornbeam's counsel).

*Second*, the *Ex Parte* Filing should be unsealed.  The Hornbeam Parties have not even met their burden for sealing and did not even move for such a relief.  Filings may be sealed only if, following a proper motion, the Court has made specific, on-the-record findings demonstrating that sealing is justified, which has not occurred and cannot be made based on the facts.

## II.     BACKGROUND

### A.     Hornbeam's Repeated False Promises to File a New BVI Action

Hornbeam initiated *ex parte* proceedings under 28 U.S.C. §1782 on December 29, 2014, Application, ECF 1, promising to file new BVI proceedings against the Halliwel Intervenors.  The

Subpoena Respondents[1] completed document production on September 29, 2018, comprising thousands of documents.  The depositions of Subpoena Respondents took place on October 23, 24 and 25, 2018.  In addition, subpoena respondent Specialty Steel Works, Inc. produced thousands of pages of documents and was deposed on December 18, 2018, completing discovery.  The document productions and depositions were designated as Confidential Information, as defined in the SPO.  Additionally, pursuant to the SPO, Subpoena Respondents designated portions of the depositions as "Attorney's Eyes Only."

The SPO provides:

> **The Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of the issuance of this Amended Protective Order.** The one-year period shall be tolled during any time period this Court or the United States Court of Appeals for the Eleventh Circuit stays the use of the Responsive Materials. Any Party may request an extension of this one-year deadline by motion to this Court, and non-requesting party can object by letter within three business days.

> **Unless otherwise ordered by the Court, any person permitted to review and maintain Responsive Materials containing information designated as Confidential or Attorneys' Eyes Only shall either return or destroy such Responsive Materials** no later than sixty (60) days following the conclusion of the Permitted Litigations including any appeals, and shall so certify in writing, within ten days following the Responsive Materials' return or destruction or the sixty (60) day period, whichever is earlier, and such certification shall be provided to the other Party within five (5) days thereof.

SPO ¶ 15(c)-(d) (emphasis added), ECF 224, as amended by Orders ECF Nos. 286, 318 and 325.

Thus, initially, the SPO required Responsive Materials to be destroyed if the BVI litigation was not commenced by July 12, 2019, *i.e.*, one year from the SPO.  The July 12 date was extended to August 12, 2019 – *albeit* not by "Joint" Motion, as misrepresented by the Hornbeam Parties. *See* Order, ECF 328.

---

[1] The "Subpoena Respondents" are: CC Metals and Alloys, LLC; Felman Production, LLC; Felman Trading, Inc.; Georgian American Alloys, Inc.; Mordechai Korf; Optima Acquisitions, LLC; Optima Group, LLC; Optima Fixed Income, LLC; Optima Ventures, LLC; Optima International of Miami, Inc.; and 5251 36ST, LLC.

### B.    Intervenor's Request for Disclosure and Destruction

On August 9, 2019, the Hornbeam Parties moved to extend the document destruction deadline from August 12 to October 14, 2019.  *See* ECF 335.  On August 14, 2019, Intervenors opposed the extension request.  *See* ECF 337.  But Hornbeam has not filed a new BVI action within their additional, proposed extension deadline.  At this point, the requested extension is moot (as the date came and went without a ruling or renewed motion).  Intervenors have requested that the Court order the Hornbeam Parties (i) to disclose of the names and addresses of all persons who received Responsive Materials, within seven (7) days, (ii) destroy all Responsive Materials within (14) fourteen days, and (iii) certify such destruction to the Court.  *See* ECF 337, p. 15.  That motion is briefed and pending.

### C.    The *Ex Parte* Filing

On August 21, 2019, the Hornbeam Parties made the *Ex Parte* Filing.  ECF 338.  Intervenors made numerous demands for the Hornbeam Parties to produce the *Ex Parte* Filing, but they provided no answer.  *See* August 21 and October 1, 2019 emails, Exh. 1.

### D.    The October 11, 2019 Meet and Confer

At the October 11, 2019 "meet and confer" for this motion, counsel for the Hornbeam Parties refused to produce the *Ex Parte* Filing, and refused to provide any explanation as to the reason for the filing.  Indeed, counsel for the Hornbeam Parties refused to even disclose the nature of the *Ex Parte* Filing, other than to confirm that the *Ex Parte* Filing allegedly is unrelated to a then-pending motion to withdraw by prior counsel, Carol Bruce.  At this point, Intervenors have no idea ***what*** was filed *ex parte,* ***who*** filed it, or ***why*** it was filed *ex parte.*

## III.   ARGUMENT

### A.   THE COURT SHOULD ORDER PRODUCTION OF THE *EX PARTE* FILING

The *Ex Parte* Filing should be produced because "our adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case.… The right to due process encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996).  "Although a judge freely may use *in camera*, *ex parte* examination of evidence to prevent the discovery or use of evidence, consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for in camera resolution of the dispute." *Id.* at 1057-58 (*citing Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) (requiring a "demonstration of compelling national security concerns").[2]   As in *Vining*, "[n]either of these exceptional circumstances is present in this case." *Id.* at 1057-1058.

*First,* the *Ex Parte* Filing cannot be used for any merits issue related to compliance with the SPO, document destruction or production of the Certifications.  As noted in *Abourezk*:

> **[I]nspection of materials by a judge isolated in chambers may occur when a party seeks to prevent use of the materials in the litigation.** When one side, seeking to block consideration of relevant matter, asserts an evidentiary privilege, the court may inspect the evidence *in camera* and alone for the limited purpose of determining whether the asserted privilege is genuinely applicable....  If the court finds that the claimed privilege does not apply, then the other side must be given access to the information; if the court's finding is that the privilege does apply, then the court may not rely upon the information in reaching its judgment. **In either case, no party will be faced -- as were the plaintiffs in this case -- with a decision against him based on evidence he was never permitted to see and to rebut.**

---

[2]  *See also* Judicial Code of Conduct Canon 3 §A(4), *quoted in In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) ("A judge should … neither initiate nor consider *ex parte* … communications concerning a pending or impending proceeding.")

*Abourezk*, 785 F.2d at 1061 (citations omitted) (emphasis added).  Without knowing the *who, what* or *why* of the *Ex Parte* Filing, Intervenors – and Subpoena Respondents for that matter – are at an unfair disadvantage.  *See In re Paradyne Corp.*, 803 F.2d at 612 ("[T]o ameliorate any unfair advantage -- or the appearance thereof -- that might have resulted from the *ex parte* presentation at issue here, the transcript must be made available to petitioners.").

**Second,** the Hornbeam Parties made no showing of any extraordinary circumstances to justify the *Ex Parte* Filing -- they raised no recognized "extraordinary circumstances" of compelling national-security interests or cited to any statute authorizing statute such an *ex parte* submission.  *Vining*, 99 F.3d at 1057-58 ("[D]istrict court erred in using information obtained in its *ex parte, in camera* examination of the personnel files to judge the merits of [plaintiff's] … claim"); *see also Tonnesen v. Marlin Yacht Mfg.*, 171 Fed.Appx. 810, 813 (11th Cir. 2006) ("[D]istrict court erred in considering the [*ex parte*] affidavit and abused its discretion in denying [plaintiff's] motion to strike the affidavit.").

**In sum,** there appears to be no reason – and the Hornbeam Parties have offered none – for the *Ex Parte* Filing.  Taking counsel at his word, if the *Ex Parte* Filing has nothing to do with prior counsel's withdrawal and therefore contains no privileged information, the Court should order Hornbeam to serve and file the *Ex Parte* Filing, unredacted.

### B.   THE COURT SHOULD ORDER THE *EX PARTE* FILING UNSEALED AND FILED ON THE DOCKET

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).[3]  "Judges deliberate in private

---

[3] *See Nixon v. Warner Commc'ns., Inc.,* 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.")

but issue public decisions after public arguments based on public records . . .. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification."  *Perez-Guerrero v. United States AG*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citations omitted).  It makes no difference whether the pretrial filings are dispositive because a filing "presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (*quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

"***A party may overcome that presumption [of openness] if it can show an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.***"  *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (*citing Press-Enter. I*, 464 U.S. at 510) (internal quotation marks omitted) (emphasis added). "When sealing proceedings or documents, a court must articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (*citing Press-Enter. I*, 464 U.S. at 510).  The findings "should include the reason for the closure, the evidence that supports the need for the closure, the number of persons excluded and the number allowed to remain, and presence or absence of the press." *Id.* at 1030 n.16 (citations omitted).

*First*, the Hornbeam Parties filed no motion to seal and accordingly made no showing, let alone for good cause, to seal the *Ex Parte* Filing.  "The common law right of access may only be overcome by a showing of good cause, which requires balancing the asserted right of access against the opponent's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero*, 480 F.3d at 1246

(*citing Chi. Tribune*, 263 F.3d at 1309).[4]  Here, the failure to move and show good cause requires

unsealing the *Ex Parte* Filing.  *See Gubarov v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D.

Fla. 2019) (overruling objections to unsealing his deposition testimony, and documents related to

the parties' rationale for sealing.).

      **Second**, the *Ex Parte* Filing should be unsealed because the Court made no on-the-record

findings to justify sealing.  *See Romero*, 480 F.3d at 1248 ("[T]he district court did not offer any

explanation for sealing or refusing to unseal the motions.… Having reviewed these motions, we

are unable to discern any reason to keep them sealed."); *Ochoa-Vasquez*, 428 F.3d at 1030 (orders

sealing specific documents violated First Amendment standards "because no finding was made on

the record to rebut the presumption of openness."); *see also United States v. Antar*, 38 F.3d 1348,

1363 (3d Cir. 1994) ("From the record before us, the district judge appears not to have recognized

that maintaining the transcripts under seal, though a passive act, was an active decision requiring

justification under the First Amendment"); *In re New York Times*, 828 F.2d 110, 116 (2d Cir. 1987)

(vacating sealing orders as insufficiently specific to meet the standard for sealing court filings).

Here there is no factual basis to make any findings in support of sealing.

## IV.  CONCLUSION

      For the reasons set forth above, the Hornbeam Parties should be ordered to produce to

Intervenors and Subpoena Respondents the *Ex Parte* Filing, and ECF 338 should be unsealed.

---

[4] Local Rule 5.4(a) reflects a "General Policy" that "Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."  S.D. Fla. L.R. 5.4(a).  As such, any motion to seal materials "must set forth the factual and legal basis for departing from the policy that Court filings be public." S.D. Fla. L.R. 5.4(b)(3).  The motion also must "describe the proposed sealed filing with as much particularity as possible without revealing the confidential information and specify the proposed duration of the requested sealing."  *Id.*  Here, the Hornbeam Parties did not even bother to file a motion.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b), Intervenors request a hearing on their motion to produce and unseal the *Ex Parte*.  Although the written arguments should be sufficient for the Court to grant this Motion, oral presentation of the factual and legal issues may assist the Court in making its determination, especially as they relate to the impropriety of the Hornbeam Parties filing the *Ex Parte* Filing and prejudice to Intervenors. Intervenors estimate that a hearing would last approximately 30 minutes.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Intervenors Panikos Symeou and Halliwel Assets Inc. hereby certifies that the undersigned has conferred with counsel for the Hornbeam Parties on October 11, 2019 by telephone, who have advised that their clients oppose the relief requested herein and refused to even disclose the nature of the *Ex Parte* Filing, other than to confirm that the *Ex Parte* Filing allegedly is unrelated to a then-pending motion to withdraw by prior counsel, Carol Bruce.

*/s/ Sujey Herrera*
Sujey Herrera

October 23, 2019

Respectfully submitted,

REED SMITH LLP
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel.: (786) 747-0200
Fax.: (786) 747-0299

*/s/ Sujey S. Herrera*
Edward M. Mullins
Fla. Bar No. 863920
Email: emullins@reedsmith.com
Sujey Herrera
Fla. Bar No. 92445
Email: sherrera@reedsmith.com

MARKS & SOKOLOV, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: (215) 569-8901

*/s/ Bruce Marks*
Bruce Marks
Email: marks@mslegal.com
Thomas Sullivan
Email: tsullivan@mslegal.com

*Attorneys for Panikos Symeou and
Halliwel Assets Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Sujey S. Herrera*
Sujey S. Herrera