**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-MC-24887-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

_____/

**HALLIWEL ASSETS, INC. AND PANIKOS SYMEOU'S REPLY**
**IN SUPPORT OF MOTION TO PRODUCE AND UNSEAL**
**APPLICANT HORNBEAM'S *EX PARTE* FILING**

Halliwel Assets, Inc. and Panikos Symeou ("Intervenors") submit this Reply in support of

their motion to produce and unseal the August 21, 2019 *ex parte* filing (the "*Ex Parte* Filing"),

ECF 338, of Applicant Hornbeam Corporation ("Hornbeam") and Intervenors Vadim Shulman

and Bracha Foundation (collectively the "Hornbeam Parties").

I.      **INTRODUCTION**

The Hornbeam Parties rely on nothing to support keeping the *Ex Parte* Filing secret, other

than the *Ex Parte* Filing itself which is alien to American jurisprudence.  Contrary to the allegations

of the Hornbeam Parties, Intervenors' arguments based upon the general prohibition against *ex*

*parte* filings and the common law/First Amendment right to access judicial documents are not

"false premises," but well-settled law.  In any event, **(1)** the *Ex Parte* Filing should be produced

because the Hornbeam Parties have not met their extraordinary burden to permit *ex parte* filings

with the Court; and **(2)** the *Ex Parte* Filing should be unsealed because the Hornbeam Parties have

not met their heavy burden for sealing and this Court never made the required on-the-record

findings for sealing.

II.      ARGUMENT

      A.      **THE HORNBEAM PARTIES CANNOT RELY UPON THE *EX PARTE* FILING ITSELF TO JUSTIFY KEEPING IT SECRET**

The Hornbeam Parties cannot rely upon the *Ex Parte* Filing itself to justify keeping it secret. Nor, can they solely rely upon it to argue it is not a merits related filing.

*First*, the Hornbeam Parties' position is untenable because "our adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case ... The right to due process encompasses the individual's right to be aware of and refute the evidence against the merits of his case." *See Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996). The Hornbeam Parties do not contest the proposition that American jurisprudence does not allow, support or condone secret court filings especially without justification or explanation to the opposing party. Indeed, the Hornbeam Parties do not cite a single case authorizing an *ex parte* filing based upon the document itself. Such a position is mere bootstrapping. Intervenors have no way to test and argue against the need for the *Ex Parte* Filing because they have been provided no basis at all as to why the filing was done *ex parte* and how it met the extraordinary circumstances necessary under *Vining* to justify an *ex parte* filing.

*Second,* the Hornbeam Parties asserted no evidentiary, privilege or national security issues, the only generally acceptable grounds for an *ex parte* filing. Nor did they contest this Court ordered no *ex parte* communications are permitted. *See e.g.,* Order Amending Stipulated Protective Order ("ASPO") dated October 24, 2018 (ECF No. 286).

*Third,* the Hornbeam Parties do not contest the *Ex Parte* Filing is relevant to determining whether the Responsive Materials should be destroyed or if they were improperly disseminated – merits issues in this case. Their claim that the *Ex Parte* Filing was not a "merits"-related filing

denies Intervenors' – and Subpoena Respondents'[1] – procedural rights to challenge what is presumptively adverse to their interests in this case.  Further, the claim also strains credulity because the Hornbeam Parties obviously filed the *Ex Parte* Filing for a reason, and it was in their interest to do so.  The Hornbeam Parties have provided no basis as to what the filing was for and obviously it must have been related to a pending matter before the Court.

**B.      THE HORNBEAM PARTIES FAILED TO DEMONSTRATE GOOD CAUSE TO JUSTIFY SEALING**

With respect to having the filing sealed and non-public, the Hornbeam Parties argue nothing other than that based upon the *Ex Parte* Filing, they "demonstrated good cause for the ex parte filing the moment [they] filed" it.  This is nonsense.

*First*, the Hornbeam Parties do not – and cannot – dispute that they failed to comply with S.D. Fla. L.R. 5.4(b)(3) which requires that a motion "set forth the factual and legal basis for departing from the policy that Court filings be public."  *Id*.  The Rule also required them to "describe the proposed sealed filing with as much particularity as possible without revealing the confidential information and specify[ing] the proposed duration of the requested sealing."  *Id*. Here, the Hornbeam Parties did neither, and flatly refused to disclose any details regarding the *Ex Parte* Filing.

*Second*, the Hornbeam Parties do not – and again cannot – dispute that the Court made no required, on-the-record findings to justify sealing.  *See United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (orders sealing specific documents violated First Amendment standards "because no finding was made on the record to rebut the presumption of openness").  No case relied upon by the Hornbeam Parties upholds sealing documents from a party to the case, or the public, without full briefing and on-the-record findings by the court.  *See Nixon v. Warner*

---

[1] Subpoena Respondents joined Intervenors' Motion.  *See* ECF 346.

*Commc'ns,* 435 U.S. 589, 603 (1978) (holding Presidential records not subject to public inspection because "Congress has created an administrative procedure for processing and releasing to the public"); *Perez-Guerrero v. United States AG*, 717 F.3d 1224 (11th Cir. 2013) (allowing sealing portions of the record from the public, *but not the parties*, concerning information related to the petition for asylum by family members who provided information about Mexican drug cartels to the United States); *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 471 (6th Cir. 1983) (allowing removal from court records of financial records protected by the Right to Financial Privacy Act, 12 U.S.C. §§3401-3421, but with no denial of access to parties in the case).

## III.    CONCLUSION

For the reasons set forth above, the Motion should be denied and the Hornbeam Parties should be ordered to produce the *Ex Parte* Filing (ECF 338) unsealed.

Dated: November 12, 2019

Respectfully submitted,

REED SMITH LLP
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel.: (786) 747-0200
Fax.: (786) 747-0299

*/s/ Sujey S. Herrera*
Edward M. Mullins
Fla. Bar No. 863920
Email: emullins@reedsmith.com
Sujey Herrera
Fla. Bar No. 92445
Email: sherrera@reedsmith.com

MARKS & SOKOLOV, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: (215) 569-8901

*/s/ Bruce Marks*
Bruce Marks

- 5 -

Email: marks@mslegal.com
Thomas Sullivan
Email: tsullivan@mslegal.com

*Attorneys for Panikos Symeou and
Halliwel Assets Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2019 a true and correct copy of the foregoing

was served electronically using the Court's CM/ECF system on all participants in this case.

*/s/ Sujey S. Herrera*
Sujey S. Herrera, Esq.