UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-24887- LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## **ORDER**

This cause comes before the Court on Applicants Hornbeam Corporation's ("Hornbeam"), Vadim Shulman, and Bracha Foundation (collectively "Applicants") Motion to Further Extend the Deadline for the Destruction of Responsive Materials (ECF No. 335). Halliwel Assets, Inc., Panikos Symeou, and Subpoena Respondents[1] (collectively "Respondents") responded in opposition to the extension (ECF No. 337), to which Hornbeam replied (ECF No. 340). While it was pending, Applicants filed a Motion to Amend Stipulated Protective Order (ECF No. 355) and Respondents moved to Compel Compliance with the Stipulated Protective Order and for an Order to Show Cause Why the Hornbeam Parties Should Not be Held in Contempt and Pay Attorneys' Fees (ECF No. 356). The matters being fully briefed, and the Court being otherwise duly advised in the matters, the Motions are ripe for disposition.

The facts of this case are well known to the parties and fully developed elsewhere in the record. This matter stems from an underlying 28 U.S.C. § 1782 proceeding though which Applicants sought to obtain discovery from Respondents for use in contemplated litigation in the British Virgin Isles ("BVI Litigation"). During the course of the proceedings, this Court entered a

---

[1] Mordechai Korf, Felman Trading Inc., Felman Production LLC, Optima International of Miami, Inc., Optima Fixed Income LLC, Optima Industrial Management, LLC, Georgia American Alloys Inc., Optima Specialty Steel, Inc. (now known as Specialty Steel Works, Inc.), Optima Ventures LLC, Optima Acquisitions LLC, Optima Group, LLC, Optima Highland LLC, 5251 36st LLC, CC Metals & Alloys LLC, and Felman Production Inc.

1

Stipulated Protective Order ("SPO") (ECF No. 224) that was then modified (ECF No. 318). As it pertains to this Motion, the SPO laid out the process by which the discovery materials would be disposed of, should the BVI litigation never come to fruition or otherwise end. It states in Section 15(c):

> The Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of issuance of this Amended Protective Order. The one-year period shall be tolled during any time period this Court or the United States Court of Appeals for the Eleventh Circuit stays the use of the Responsive Materials. Any Party may request an extension of this one-year deadline by Motion to this Court, and non-requesting party can object by letter within three business days.

(ECF No. 224). That Order was signed and filed on July 12, 2018. Therefore, the original date by which the discovery materials had to be destroyed was July 12, 2019. On July 11, 2019, a day before the contemplated destruction date, Applicants moved to extend the destruction date by 30 days until August 12, 2019 (ECF No. 327). In their Motion, Applicants requested an extension of one month to consider further possible future use of the discovered materials. Applicants also expected a transition of counsel, so it would be necessary to consult with new counsel on Applicants' options. Additionally, the Motion noted that there were several decisions pending at the appellate level. The Motion was not opposed by Respondents. The Court granted the extension and extended the deadline by which destruction was required to occur until August 12, 2019 by modifying the existing SPO (ECF No. 328).

On August 9, 2019, the last business day before August 12, 2019, Applicants again moved for an extension of time by which they must destroy the discovered materials (ECF No. 335). In this Motion they again averred that they were awaiting replacement counsel for advice on options in the future with regards to the discovered material, there were still pending decisions before the Eleventh Circuit Court of Appeals, and that the litigation landscape had changed. The Court notes that all pending appeals have concluded and new litigation counsel has appeared. Therefore, the

2

only non-moot argument is that the litigation landscape has changed.

Respondents opposed this extension (ECF No. 337). In their Response, they aver that the Motion was out of time, that it failed to establish good cause, that it fails to detail the "alleged shifting landscape," that the pending appeal was irrelevant, and that Hornbeam had violated the SPO by providing responsive materials to third parties.

Applicants filed their Reply to the Response (ECF No. 340) averring that they had timely requested an extension of time, they had demonstrated good cause for the extension, that the SPO allowed for modification, the SPO allowed the Eleventh Circuit to toll the destruction deadline, and that Respondents would not be prejudiced by such an extension.

After the briefing on this matter had completed, the Eleventh Circuit issued its opinion regarding these proceedings. The Eleventh Circuit held that:

> Given Hornbeam's recent concession that legal proceedings in the British Virgin Islands will not be instituted, the discovery allowed by the district court is not for use in a foreign proceeding. *See In Re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). We therefore vacate the § 1782 order being appealed, *see* D.E. 209, and remand for the district court to decide in the first instance whether the discovery already obtained should be destroyed as appellants request.

*In re Hornbeam Corp.*, 790 F. App'x 199, 201 (11th Cir. 2020).[2] Thus, the question currently pending before this Court is whether Hornbeam should be permitted not to destroy the discovered materials.

The Court required the Applicants to file a status report in January of 2020 to address whether the materials had since been destroyed because "the existing record does not reveal whether the motion is moot or remains at issue" (ECF No. 349). Applicants then filed the required Notice indicating that the Responsive Materials had not been destroyed and that they would be

---

[2] Although Applicants averred that the extension should be granted because the Eleventh Circuit could toll the destruction deadline, the Eleventh Circuit did not toll the deadline and in fact vacated the Order authorizing the discovery.

asking the Court for leave to utilize the Responsive Materials. (ECF No. 351). Thereafter, Applicants filed a Motion to Amend the SPO (ECF No. 355). In that Motion they aver that although they have abandoned filing suit in the BVI, they instead were joining an action against many of the same entities in this action in Delaware (ECF No. 355 at 7). They aver that the interests of justice dictate that they should be allowed to use the discovery so far collected to further their suit in Delaware. They state that "[f]ederal courts have ruled that documents obtained in a § 1782 proceeding may be used in a proceeding initiated in the United States." (ECF No. 355 at 8). Applicants rely on *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015) for the proposition that evidence obtained in a § 1782 proceeding does not preclude the use of that evidence in subsequent litigation in the United States. Additionally, Applicants aver that good cause exists to allow them to use the materials for use in the Delaware proceedings because requiring them to rediscover the same documents already produced would discredit the efforts by the parties and the Court in bringing to light documents which "no doubt" will be relevant in the legal proceedings (ECF No. 355 at 10).[3]

Respondents filed a motion to compel compliance with the SPO and for an order to show cause why Applicants should not be held in contempt (ECF No. 356). In their Motion they seek first to have the Applicants destroy the responsive materials within 7 days of an order from this Court; and second, for the Court to hold Applicants in contempt for failing to adhere to the terms of the SPO.

In order to extend the destruction deadline, this Court would need to modify or vacate the current SPO. As a general matter, there is no definitive test to modify a protective order in the

---

[3] The Court notes that the discovered material reportedly has never been seen by Applicants' current counsel, as it has been held and maintained by Applicants' former counsel. Therefore, the Motion does not explain how current counsel could evaluate its relevance.

Eleventh Circuit. *Santiago v. Honeywell Int'l, Inc.*, No. 16-CIV-25359, 2017 WL 3610599, at *2 (S.D. Fla. Apr. 6, 2017). However, in this District, there is a "strong presumption against modification of a protective order." *Id.* at *3. Applicants contend that the extension should be granted because the SPO states that this Court has the authority to modify or amend the SPO.

One of the factors the Court should consider is the reliance placed by the parties on the SPO. *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994)). Here, Respondents placed their reliance on the SPO. They agreed with Applicants that should the BVI litigation not come to fruition, the discovered materials would be destroyed. As noted by the Eleventh Circuit, the BVI litigation is no longer contemplated and the Order granting the materials be discovered has been vacated. Other proceedings in this record further demonstrate the specific reliance Respondents have placed on the SPO in making disclosures protected by the SPO for which Respondents would have otherwise sought a protective order (ECF No. 309). By the express terms of the SPO, because that BVI Litigation is no longer proceeding nor is it even any longer contemplated, the materials should be destroyed.

Applicants aver in their Reply (ECF No. 340) and in their Motion to Amend (ECF No. 355) that they would be severely prejudiced if required to comply with the SPO as it would limit their ability to proceed with their claim, attaching a complaint which was filed in Delaware for which they seek leave to amend (ECF No. 355-1). Additionally, they claim that Respondents would suffer no prejudice by allowing the retention of the responsive materials.

Respondents argue that they would suffer prejudice if the documents are not destroyed because Applicants, specifically Shulman, has threatened to release the materials in violation of the SPO if he was not paid. Additionally, they claim that Applicants should be required to adhere to the SPO to "vindicate its authority, and effectuate its decrees." (ECF No. 356 at 7).

5

As movants here, Applicants have failed to show good cause for amendment of the SPO. While the ends of justice and judicial economy are important, the Court finds that it is outweighed by Respondents reliance on and agreement to the SPO. If the Court were to allow parties to unilaterally not follow the terms of a stipulated protective order it would erode the confidence which parties place in the orders when the parties agree to adhere to them. *See State ex rel. Butterworth v. Jones Chemicals, Inc. (Fla.)*, 148 F.R.D. 282, 288 (M.D. Fla. 1993) ("Failure to protect Defendants' reliance on the Protective Order would not only prejudice the confidentiality interests of Defendants, it would undermine the effectiveness of protective orders in facilitating discovery.") (footnote omitted).

Applicants cite *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir. 2015) in their Motion to Amend for the proposition that the Eleventh Circuit has indicated its leaning toward a permissive attitude about the use of responsive materials to a § 1782 Application. However, *Glock* simply stands for the non-controversial proposition that evidence discovered through § 1782 proceedings is not categorically prohibited from being used in domestic proceedings solely on the grounds that it was so obtained. *id*. The court in *Glock* recognized a court's right to amend a stipulated protective order, but the case does not stand for the proposition that the court *should* amend an agreed upon stipulated protective order to defeat the confidentiality and use limitation negotiated and relied upon by the parties.

For the foregoing reasons, the Court **DENIES** Applicants' Motion to Further Extend the Deadline for the Destruction of Responsive Materials (ECF No. 335) and Applicants' Motion to Amend Stipulated Protective Order (ECF No. 355).

On the issue of contempt, Respondents aver that Applicants should be ordered to show cause why they should not be held in contempt for failing to destroy the responsive materials and

should be fined for their failure. Under this Circuit's law, to hold a party in civil contempt there must be a showing by clear and convincing evidence that 1) the allegedly violated order was valid and lawful, 2) the order was clear and unambiguous, 3) the alleged violator had the ability to comply with the order. *See Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007). While the Court ultimately has held that good cause does not exist to extend the deadline by which Applicants were required to destroy the deadline, given the history of this case, the fact that the materials were held exclusively by Applicants' former counsel, and the pending appeals and cross motions, the Court does not find that an order to show cause is warranted or that any fine should be imposed so long as Applicants complies with the destruction of materials as outlined below.

The SPO does state that any Party may request an extension of the one-year destruction period by motion to this Court and does not specify what should happen to the documents while such a request is pending (ECF No. 224 at 11). Given the lack of clear and concise language on such an issue, although the extension has been denied and the documents are now unambiguously being ordered to be destroyed, the SPO was not so unambiguous as to require Applicants to show cause why they should not be held in contempt pending the resolution of its motions. As such, Respondents Motion to Compel Compliance with the Stipulated Protective Order and for an Order to Show Cause Why the Hornbeam Parties Should Not be Held in Contempt and Pay Attorneys' Fees (ECF No. 356) is **GRANTED** to the extent it seeks to compel Applicants to comply with the SPO and destruction of the discovered materials and **DENIED** to the extent it seeks a order to show cause.

Therefore, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Applicants' Motion to Further Extend the Deadline for the Destruction of Responsive Materials (ECF No. 335) is **DENIED**.

2. Applicants' Motion to Further Extend the Deadline for the Destruction of Responsive Materials (ECF No. 335) is likewise **DENIED**.

3. Respondents' Motion to Compel Compliance with the Stipulated Protective Order and for an Order to Show Cause Why the Hornbeam Parties Should Not be Held in Contempt and Pay Attorneys' Fees (ECF No. 356) is **GRANTED in part and DENIED in part**.

4. Applicants shall destroy all documents collected and retained as part of this § 1782 proceeding within 14 days of the entry of this Order, and Applicants shall certify to this Court compliance on the date it is completed.

      **DONE AND ORDERED** in Chambers this 17th day of March 2020.

      LAUREN LOUIS
      UNITED STATES MAGISTRATE JUDGE