UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-MC-24887-SEITZ/LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## HALLIWEL ASSETS INC. AND PANIKOS SYMEOU'S MOTION TO STRIKE AND/OR DISMISS FOR LACK OF JURISDICTION THE HORNBEAM PARTIES' OBJECTION AND APPEAL OF THE MARCH 17, 2020 MAGISTRATE'S ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Intervenors Halliwel Assets Inc. and Panikos Symeou ("Intervenors") move to strike and/or dismiss the Objections and Appeal of the March 17, 2020 Order ("Destruction Order"), ECF 358, by Applicant, Hornbeam Corporation ("Hornbeam"), and Intervenors Vadim Shulman ("Shulman") and Bracha Foundation ("Bracha"), (the "Hornbeam Parties").[1]

This court lacks jurisdiction to hear the Hornbeam Parties' objections and appeal under 28 U.S.C. § 636(b)(1)(A). On July 24, 2018, the Court referred all further proceedings to the Magistrate Judge pursuant to the consent of the parties and 28 U.S.C. §636(c). This placed exclusive jurisdiction over this matter with the Magistrate Judge, and thus jurisdiction of any appeals lies exclusively and directly with the Eleventh Circuit. In the event a substantive response to the Objections and Appeal is deemed required, Intervenors request a briefing schedule allowing 14 days file a substantive response.

---

[1] The "Subpoena Respondents" join in this motion.

## **RELEVANT BACKGROUND**

A.     **28 U.S.C. §636(c) Referral Of To Magistrate Judge Louis**

On July 24, 2018, based upon the oral consent of the parties pursuant to "Rule 1 of the Magistrates Rules of the Southern District of Florida and 28 U.S.C. §636(c)," the Court referred to Magistrate Judge Louis "**ALL FURTHER PROCEEDINGS.**"  Order, ECF 234 (emphasis in original).

B.     **The March 17, 2020 Destruction Order**

The Eleventh Circuit Court of Appeals vacated the Omnibus Order granting discovery to Hornbeam in this case.  *See* Mandate, ECF 353.  On remand, on March 17, 2020, Magistrate Judge Louis ordered the Hornbeam Parties to "destroy all documents collected and retained as part of th[e] § 1782 proceeding" within 14 days (*i.e.*, by March 31, 2020); denied the Hornbeam Parties' Motion to Further Extend the Deadline for Destruction of Responsive Materials, ECF 335; denied the Hornbeam Parties' Motion to Amend the SPO, ECF 355; and granted Intervenor's Motion to Compel Compliance with the SPO, ECF 356.  Order ("Destruction Order"), ECF 358.  Intervenors' Motion to stay the Destruction Order as to Murphy & McGonigle *only* was granted on March 31, 2020, pending resolution of Intervenors' Motion for Clarification to Prevent Spoliation.  Stay Order, ECF 363.

C.     **The March 31, 2020 Objection And Appeal Of The Destruction Order**

On March 31, 2020, despite the fact that they had agreed to Magistrate Jurisdiction, the Hornbeam Parties purported to object and appeal the Destruction Order pursuant to 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72 and Local Magistrate Judge Rule 4(a)(1) for the Southern District of Florida, seeking the Responsive Materials be "redeployed" by the Hornbeam Parties for use in Delaware, even though only Hornbeam, not Shulman or Bracha, had its Application granted. Objection, ECF 364.

## ARGUMENT

### THE OBJECTIONS AND APPEAL SHOULD BE
### STRICKEN OR DISMISSED FOR LACK OF JURISDICTION

This Court lacks jurisdiction over the objections and appeal based upon the July 24, 2018 Order referring "all further proceedings, including trial and entry of orders", pursuant to "Rule 1 of the Magistrates Rules of the Southern District of Florida and 28 U.S.C. §636(c)" to the Magistrate Judge. Order, ECF 234. As a threshold matter, a court must decide its jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) explains:

> On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it … The requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the United States" and is inflexible and without exception.

(citations and quotations omitted)

The Hornbeam Parties brought their objections and appeal based upon 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72 and Local Magistrate Judge Rule 4(a)(1), which provide for district court review of a magistrate's reports and recommendation and/or orders under 28 U.S.C. § 636(b)(1)(B). However, the referral here was made pursuant to 28 U.S.C. § 636(c)(1), limiting review to the Eleventh Circuit under 28 U.S.C. § 636(c)(3).[2] "A referral under these provisions

---

[2] *See* 28 U.S.C. § 636(c)(3) ("Upon entry of judgment in any case referred under [28 U.S.C. § 636(c)(1)], an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate [judge] in the same manner as an appeal from any other judgment of a district court."); *see also* Fed.R.Civ.P. 73(c) ("In accordance with 28 U.S.C. § 636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment."); Southern District of Florida Magistrate Rule 4(e) ("Upon the entry of judgment in any civil case disposed of by a Magistrate Judge on consent of the parties under authority of 28 U.S.C. § 636(c) and subsection 1(h) of these rules, supra, an aggrieved party shall appeal directly to the United States Court of Appeals for this Circuit in the same manner as an appeal from any other judgment of this Court.")

'gives the magistrate judge full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review.'" *Abreu v. Verizon of N.Y., Inc.*, 2018 U.S. Dist. LEXIS 45598, at *8 (E.D.N.Y. Mar. 20, 2018) (*quoting Roell v. Withrow*, 538 U.S. 580, 585 (2003)).

"[T[he only avenue of appeal from a magistrate judge's final order would be to the court of appeals. ... [D]istrict courts today have no jurisdiction to hear appeals from magistrate judges' final judgments." *Smith v. City of Atlanta*, 989 F. Supp. 1481, 1482 (N.D. Ga. 1997) (citing *Darnell v. Rossen*, 116 F.3d 187, 188 (6th Cir. 1997)). Thus, jurisdiction to review the Destruction Order lies exclusively with the Eleventh Circuit because "[w]hen the parties consent to a trial before a magistrate judge under 28 U.S.C. §636(c)(1), any appeal from the judgment must be heard by the court of appeals in accordance with 28 U.S.C. § 636(c)(3)." *Reddick v. Mobile Pub. Sch. Sys.,* 1995 U.S. Dist. LEXIS 4541, *15 (S.D. Ala. Mar. 27, 1995); *see also Fielder v. UAL Corp.*, 21 F.3d 973, 977 (9th Cir. 2000) ("This court has jurisdiction under 28 U.S.C. § 636(c)(3) (appeal from magistrate judge)").[3]

Accordingly, the Hornbeam Parties' objections and appeal should be stricken for lack of jurisdiction. *See e.g. Sea Lane Bah. Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317, 1318 (11th Cir. 1999) ("Finding jurisdiction wanting, we dismiss the appeal" of an order denying motion to reopen the case); *Lynch v. Barnard*, 2020 U.S. Dist. LEXIS 62782, at *13 (E.D.N.Y. Apr. 9, 2020) ("An appeal must be dismissed where the district court lacks jurisdiction"); *Batista v. Mendes*, 2018 U.S. Dist. LEXIS 56239, at *4 (S.D. Fla. Apr. 2, 2018) ("the Court dismisses this appeal for lack of jurisdiction" over an order from the bankruptcy court.)

---

[3] The Hornbeam Parties may argue that the Destruction Order is not a "final judgment" because a portion has been stayed. But that does not provide jurisdiction to the District Court. Rather, that simply means that the Eleventh Circuit lacks appellate jurisdiction until Intervenors' Motion for Clarification to Prevent Spoliation, ECF 362**,** is decided. Thus, a referral of the appeal to the Eleventh Circuit would be futile.

4

**CONCLUSION**

For the foregoing reasons, the Court should strike or dismiss the Hornbeam Parties' 28 U.S.C. § 636(b)(1)(A) objections and appeal for lack of jurisdiction. Alternatively, if a substantive response to the Objections and Appeal is deemed required, Intervenors request a briefing schedule allowing 14 days to file a substantive response.

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3) of the United States District Court for the Southern District of Florida, undersigned counsel conferred with counsel for Hornbeam Parties via email requesting that they withdraw their objections and appeal, but counsel refused to withdraw their objections and appeal.

Dated: April 14, 2020

Respectfully submitted,

**REED SMITH LLP**

*/s/ Edward M. Mullins*
Edward M. Mullins (FBN: 863920)
Email: emullins@reedsmith.com
Sujey Herrera (FBN: 92445)
Email: sherrera@reedsmith.com
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel.: (786) 747-0200
Fax.: (786) 747-0299

**MARKS & SOKOLOV, LLC**
1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: (215) 569-8901

*/s/ Bruce Marks*
Bruce Marks
Email: marks@mslegal.com
Thomas Sullivan
Email: tsullivan@mslegal.com
*Attorneys for Panikos Symeou and Halliwel Assets Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on April 14, 2020 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins, Esq.
