UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-24887-MC-SEITZ/LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

**HONRBEAM CORPORATION'S,
VADIM SHULMAN'S, AND BRACHA FOUNDATION'S RESPONSE
TO PANIKOS SYMEOU AND HALLIWEL ASSETS INC.'S MOTION TO STRIKE
AND/OR DISMISS OBJECTIONS TO THE MAGISTRATE'S MARCH 17, 2020 ORDER**

Applicant, Hornbeam Corporation ("Hornbeam"), and Intervenors Vadim Shulman ("Shulman") and Bracha Foundation ("Bracha") (collectively, "Applicants"), respond to the Motion to Strike and/or Dismiss for Lack of Jurisdiction The Hornbeam Parties' Objection and Appeal of the March 17, 2020 Magistrate's Order ("Motion") (Doc. 368) filed by Panikos Symeou and Halliwel Assets Inc. (collectively, "Intervenors"), and state:

## I.    INTRODUCTION

Applicants have properly brought their objections and appeal (the "Appeal") of Magistrate Lauren Louis's March 17, 2020 Order (the "Order") before this Court. Notwithstanding the parties' consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1), the Order at issue here cannot be considered a final order that would be appealable to the Eleventh Circuit. Instead, the Magistrate Judge entered a discovery order which lacks the finality required for court of appeals review. This lack of finality appears most evident from the Intervenors' own request for clarification of the Order accompanied by a request for a stay of its enforcement. As a nonfinal order, Applicants' only appeal lies to this Court, and Intervenors' Motion should be denied.

## II.     ARGUMENT

Intervenors argue that this Court lacks jurisdiction over Applicants' Appeal of the Magistrate Judge's Order under 28 U.S.C. § 636(c)(1), which limits review of "judgments" to the court of appeals, but Intervenors misapply the law. 28 U.S.C. § 636(c)(3) provides that "[u]pon ***entry of judgment***, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." (emphasis added).  Here, no such "judgment" lies at the heart of the Appeal.

A final and appealable order is one which ends litigation on the merits, leaving nothing for the court to do but enter judgment. *Davis O'Leary VI, Ltd. v. Peterson Contractors, Inc*., 2019 WL 3406530, at *1 (11th Cir. April 25, 2019). Courts have held that in a § 1782 proceeding, the granting or denial of an application for discovery under that section is a final and appealable order. *Consorcio Ecuatoriano de Telecomuniciones S.A. v. JAS Forwarding (USA), Inc*., 747 F. 3d 1262 (11th Cir. 2007).  Here, though, the Magistrate Judge's Order did not address the merits of the discovery application. Rather, the Magistrate Judge did far less, addressing what should be done with responsive materials after a § 1782 proceeding has been suspended. The Magistrate Judge's decision which concerned whether to amend a protective order should be characterized as a discovery order. Even the Magistrate Judge's order itself lacks finality, as the documents remain in a suspended state since the Intervenors subsequently asked this Court not to require destruction of the documents, leaving much judicial labor to be had in this proceeding.

Further, the United States Supreme Court has addressed the very issue raised by Symeou in its review of the powers afforded to magistrate judges in *Gomez v. U.S*., 490 U.S. 858 (1989). In *Gomez*, the Court explained that under 28 U.S.C. § 636(c)(1), a magistrate judge has trial

jurisdiction which is subject to judicial review, in which losing litigants "***are entitled to appeal to the district court*** or directly to the court of appeals and to seek discretionary review. . . ." *Id*. at 870, n.19 (emphasis added). Similarly, the Southern District of Florida has stated that "[a] party may appeal a magistrate judge's ruling to the district court pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(c)(1)." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012).

Here, Applicants appealed a nonfinal (non-dispositive) order to this Court as permitted under Federal Rule of Civil Procedure 72, 28 U.S.C. § 636(b)(1)(A), 28 U.S.C. § 636(c)(1), and Local Magistrate Rule 4(a)(1). These rules all provide that Applicants may seek judicial review from this Court on non-dispositive issues, to which this Court must consider Applicants' objections. *See Traylor v. Howard,* 433 F. App'x 835, 836 (11th Cir. 2011) (quoting Fed.R.Civ.P. 72(a)) ("When a party objects to a magistrate's non-dispositive order, the district court "must consider those 'objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.') (quoting Fed.R.Civ.P. 72(a)). Consenting to the Magistrate Judge's presiding under 28 U.S.C. § 636(c)(1) did not mean Applicants abandoned their right to appeal to this Court. Jurisdiction having been established, the Intervenors' Motion should be denied.

### III.   CONCLUSION

For the reasons stated herein, this Court should deny Intervenors' Motion.

<Certificate of Service on Following Page>

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which furnished a copy of the foregoing via electronic mail to all counsel of record.

*s/ Tucker H. Byrd*
**Tucker H. Byrd**
Florida Bar No. 381632
**Scottie N. McPherson**
Florida Bar No. 085137
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: SMcPherson@ByrdCampbell.com
Secondary Email: JAdams@ByrdCampbell.com
*Attorney for Applicants*