UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-24887- LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

## OMNIBUS ORDER AND ORDER CLOSING CASE

**THIS MATTER** is before the Court on three Motions. First is Intervenors, Halliwel Assets, Inc. and Panikos Symeou's ("Intervenors") Motion for Clarification of the March 17, 2020 Order to Prevent the Spoliation of Evidence as to Murphy & McGonigle (ECF No. 362). Applicants Bracha Foundation, Hornbeam Corporation and Vadim Shulman responded in opposition ("Hornbeam Parties") (ECF No. 367), Intervenors replied (ECF No. 370). Also before the Court is Subpoena Respondents[1] Motion to Compel Compliance with Order on Motion to Shift Costs (ECF No. 369), to which Hornbeam Parties responded in opposition (ECF No. 372) and Subpoena Respondents replied (ECF No. 374). Finally, before the Court is Intervenors' Motion to Produce and Unseal Applicant Hornbeam's *Ex Parte* Filing (ECF No. 345), to which Subpoena Respondents moved to join (ECF 346), Hornbeam Parties responded in opposition (ECF No. 347), and Intervenors replied (ECF No. 348). All three matters are ripe for disposition.

This case arises out of an application for discovery pursuant to 28 U.S.C. § 1782. Section 1782 limits this Court's jurisdiction to the foreign proceeding that is listed in the original application. *In re Fuhr*, No. 13-21598-CIV, 2019 WL 2245482, at *2 (S.D. Fla. Jan. 11,

---

[1] CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC

1

2019*), report and recommendation adopted*, No. 13-21598-CIV, 2019 WL 2245473 (S.D. Fla. Mar. 15, 2019) (citing *Certain Funds Managed by Fortress v. KPMG*, 798 F.3d 113, 124 (2d Cir. 2017). However, the Eleventh Circuit has since vacated the Court's Order allowing discovery: "Given Hornbeam's recent concession that legal proceedings in the [BVI] will not be instituted, the discovery allowed by the district court is not for use in a foreign proceeding." *In re Hornbeam Corp.'s Request*, 790 F. App'x 199, 201 (11th Cir. 2020). Notwithstanding, the Court always has jurisdiction to vindicate its authority and effectuate its decrees. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994).

### 1. Motion For Clarification

Intervenor's motion for clarification asks the Court to clarify a prior Order and give effect to another. During the course of these proceedings, the Parties entered a Stipulated Protective Order ("SPO") (ECF No. 224) that was drafted and agreed to by the Parties, and entered by the Court. The Parties then sought later to amend that Stipulated Protective Order, which the Court granted and entered an Amended Stipulated Protective Order (ECF No. 318).

The SPO requires destruction of discovery materials in the event the BVI litigation never came to fruition or otherwise ended:

> The Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of issuance of this Amended Protective Order. The one-year period shall be tolled during any time period this Court or the United States Court of Appeals for the Eleventh Circuit stays the use of the Responsive Materials. Any Party may request an extension of this one-year deadline by Motion to this Court, and non-requesting party can object by letter within three business days.

(ECF No. 224 at ¶ 15(c)). The SPO defines "Responsive Material(s)" as "any document(s) or information produced in response to the Subpoenas and to any copies or reproductions, whether physical or electronic, of the Responsive Materials."

The SPO was signed on July 12, 2018. Therefore, the original date by which the discovery

materials had to be destroyed was July 12, 2019. This Court granted extensions to that date and eventually ordered the Responsive Materials destroyed within 14 days of its Order signed March 17, 2020 (ECF No. 358). The Court's Order stated, "Applicants shall destroy <u>all documents collected and retained</u> as part of this § 1782 proceeding within 14 days of the entry of this Order, and Applicants shall certify to this Court compliance on the date it is completed." (ECF No. 358).

Intervenors have moved this Court for clarification of the language emphasized above (ECF No. 362). Intervenors seek clarification of what the Order requires be destroyed because, they contend, it requires destruction of more than the SPO requires. In their motion they aver that the law firm of Murphy & McGonigle, which at one point represented the Hornbeam Parties, has in its possession communications between the Hornbeam Parties, Murphy & McGonigle, and the FBI/DOJ. Intervenors have asked Murphy & McGonigle to preserve any of those communications, and the attachments containing Responsive Materials. Because these communications were not collected in response to any subpoena issued in this case, they would not constitute Responsive Materials and Intervenors contend that if Murphy & McGonigle destroys those communications, as the law firm has indicated it intends to do, it would be destroying potential evidence. Intervenors contend that instead, Murphy & McGonigle should be ordered to turn the communications over to them.

Applicants oppose the motion for clarification, though their grounds for opposition to clarification are unclear, if addressed at all. Applicants do clearly oppose an order compelling Murphy & McGonigle to turn over the contested documents to Intervenors.

Because the Court's Order of March 17, 2020 was intended only to require compliance with the previously entered SPO, Intervenor's Motion is **GRANTED**, **in part**, and the Order of March 17, 2020 is clarified as follows: Responsive Materials, as defined by the SPO, must be

destroyed. The deadline to comply is extended to seven days from the date of this Order.

To the extent Intervenors seek an order requiring any other disposition of documents collected or retained in the course of this proceeding that do not constitute Responsive Materials, or is not specifically required under the terms of the SPO or other Order of the Court, the Motion is denied.

**2. Motion to Compel Compliance with Order**

The second Motion similarly seeks to compel compliance with a prior order of the Court. Subpoena Respondents move for an Order compelling Hornbeam Corporation to comply by a date certain with this Court's previous Order granting in part Subpoena Respondents' Motion to Shift Costs (ECF No. 344) ("Costs Order"). The Costs Order required Hornbeam Corporation to pay Subpoena Respondents' counsel a total of $16,283.51 in costs. Subpoena Respondents aver that they have tried in good faith to collect the money from Hornbeam Corporation, but it has refused to comply with the Court's Order, necessitating the Motion to Compel. Additionally, the Motion asks the Court to invoke its inherent authority to sanction the Hornbeam Parties for failing to comply with its Order.

The Hornbeam Parties responded that they do not dispute that the funds are due and owed, but state that the United States coordinating counsel representing Hornbeam Corporation changed law firms and the funds with which to pay Subpoena Respondents are being transferred from one firm's trust account to the other. They state that they expect the funds to be available within fourteen days of the filing of the Response, dated May 1, 2020.

Though Applicants have yet to comply with the Cost Order, this alone does not demonstrate bad faith. The key to unlocking a court's inherent power is a finding of bad faith. *See e.g. In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2018 WL 4856767, at *9 (N.D. Fla.

4

Oct. 5, 2018). There is no dispute that the money is due and owed, however, the Court did not set a timeframe by which to comply. Therefore, Subpoena Respondents' Motion to Compel Compliance is **GRANTED,** to the extent it sought a date by which compliance is required. The Hornbeam Corporation shall comply and pay Subpoena Respondents $16,283.51 on or before close of business on May 19, 2020. Failure to abide by this deadline may result in the imposition of sanctions.

### 3. Motion to Produce and Unseal

The final Motion (ECF No. 345) is brought by Intervenors and seeks an order requiring Applicants to produce and unseal an *ex parte* communication that Vadim Shulman filed with the Court as ECF No. 338. The Motion is joined by Subpoena Respondents (ECF No. 346).

In August of 2019, Vadim Shulman filed an *ex parte* communication ("*Ex Parte* Filing") with the Court (ECF No. 338). Intervenors moved to produce and unseal the *Ex Parte* Filing, and Subpoena Respondents joined in their Motion. The Motion avers that the *Ex Parte* Filing should be unsealed because Shulman has not moved to filed under seal as required by the local rules or otherwise met the high burden required to file under seal. Additionally, they aver that the filing should not be used in any merits decision of this case. The Hornbeam Parties responded that the document spoke for itself and meets the high burden necessary for an *ex parte* communication with the Court. Moreover, Applicants agree it would not be used in a decision on the merits. Intervenors averred in reply that the Hornbeam Parties could not rely on the document itself to justify keeping it secret.

Southern District of Florida Local Rule 5.4(b) requires a motion to file under seal that sets forth the factual and legal basis from departing from the policy that Court filings are public and that describes the information or documents to be sealed with as much particularity as possible.

No motion was filed for leave to file the document under seal. The Hornbeam Parties have not explained why the Court should consider the document in any filings and no showing has been made for good cause for the Court to consider the filing at all, much less *ex parte* and under seal. Nor has the Court considered the filing in any rulings.

Accordingly, the *Ex Parte* Filing (ECF No. 338) is **STRICKEN**. Intervenors' Motion to Produce and Unseal and Subpoena Respondents' Motion to Adopt are **DENIED** as moot.

**4. This Case Is Now Closed.**

No other motions remain pending in this matter. The Clerk of the Court is directed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers this 11th day of May, 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE