### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: PANAMA APPLICATION OF HORNBEAM CORP.<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 14-24887-MC-LFL |

### MOTION OF BUZZFEED, INC. TO
### INTERVENE AND UNSEAL JUDICIAL DOCUMENTS

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, Proposed Intervenor BuzzFeed, Inc. ("BuzzFeed") respectfully moves to intervene for the limited purpose of seeking access to the filings that have been sealed or are otherwise unavailable on the public docket in this action (docket entries 36, 78, 90, 110, 135, 138, 287-1, 306, 307, and 322, hereinafter the "Sealed Records"), and for the entry of an Order to unseal the Sealed Records and/or make the Sealed Records that have already been unsealed accessible on the public docket.

Prior to filing this Motion, counsel for BuzzFeed consulted with counsel for Applicant Hornbeam Corporation, counsel for Subpoena Respondents, and counsel for Intervenors Panikos Symeou and Halliwel Assets, Inc. Counsel for Optima Specialty Steel, Inc. did not respond to Buzzfeed's e-mail seeking a position on this Motion. Details of the parties' position on BuzzFeed's Motion are contained in the Local Rule 7.1 Certification, below.

Dated: July 31, 2020

Respectfully submitted,

*/s/ Henry Bell*
Henry P. Bell
**Bell Rosquete Reyes Esteban, PLLC**
999 Ponce de Leon Boulevard
Suite 1120-PH
Coral Gables, FL 33134
Phone: 305-570-1610
Facsimile: 305-570-1599
hbell@brresq.com
legal@brresq.com

-and-

Katie Townsend*
**THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS**
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org
* *Pro Hac Vice Pending*

***Counsel for BuzzFeed, Inc.***

2

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: PANAMA APPLICATION OF HORNBEAM CORP.<br><br>REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 14-24887-MC-LFL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
BUZZFEED, INC.'S MOTION TO INTERVENE AND UNSEAL JUDICIAL
DOCUMENTS**

Henry P. Bell
**Bell Rosquete Reyes Esteban, PLLC**
999 Ponce de Leon Boulevard
Suite 1120-PH
Coral Gables, FL 33134
Phone: 305-570-1610
Facsimile: 305-570-1599
hbell@brresq.com
legal@brresq.com

-and -

Katie Townsend*
**THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS**
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org
**\*** *Pro Hac Vice Pending*

***Counsel for BuzzFeed, Inc.***

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1
STATEMENT OF FACTS .......................................................................................... 2
ARGUMENT ............................................................................................................... 5
    I.   BuzzFeed's Motion to Intervene Should be Granted. ....................................... 5
    II.  Docket Entries 306 and 307 Should Be Unsealed Because The Court Already Ordered Them Unsealed as of November 30, 2019. ......................................... 5
    III. The Sealed Records Are Judicial Records to Which BuzzFeed Has a First Amendment and Common Law Right of Access. ............................................. 7
CONCLUSION........................................................................................................... 11
LOCAL RULE 7.1 CERTIFICATION ...................................................................... 11

# TABLE OF AUTHORITIES

**Cases**
*Brown v. Advantage Eng'g*, 960 F.2d 1013 (11th Cir. 1992) ................................... 7, 8
*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001) 7
*Frisby v. Schultz*, 487 U.S. 474, 485 (1988) ................................................................ 9
*Hickin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ...................................... 7
*In re Application of Storag Etzel GMBH*, No. 19-mc-209, 2020 WL 2949742 (D. Del. Mar. 25, 2020) ........................................................................................................ 8
*In re Gushlak*, No. 11-MC-0218 (NGG) (JO), 2012 WL 3683514 (E.D.N.Y. July 27, 2012), *report and recommendation adopted*, No. 11-MC-218 (NGG), 2012 WL 3779229 (E.D.N.Y. Aug. 30, 2012) ............................................................ 8
*In re Hornbeam Corp.*, 790 F. App'x 199 (11th Cir. 2020) ........................................ 3
*Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829 (1978) ..................................... 6
*Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983) ................................................. 4
*Nixon v. Warner Commcn's*, 435 U.S. 589 (1978) ...................................................... 7
*Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224 (11th Cir. 2013) .......................... 7
*Press-Enterprise Co v. Superior Court*, 478 U.S. 1 (1986) ........................................ 9
*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ................................... 9
*Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007) ...................................... 2
*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) ..................... 7
*Tribune Co. v. United States*, 784 F.2d 1518 (11th Cir. 1986) .................................. 4
*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) .............................................. 7

**Statutes**
28 U.S.C. § 1782 ............................................................................................................ 1

**Other Authorities**
Michael Sallah, Tanya Kozyreva, Aubrey Belford, *Two Unofficial US Operatives Reporting To Trump's Lawyer Privately Lobbied A Foreign Government In A Bid To Help The President Win in 2020*, BuzzFeed, July 22, 2019 ................................ 4
Michael Sallah, Tanya Kozyreva, Christopher Miller, *This Billionaire Oligarch Is Being Investigated By A US Federal Grand Jury For Alleged Money Laundering*, BuzzFeed, May 19, 2020 ...................................................................................... 4

iii

**INTRODUCTION**

The above-captioned proceeding was closed on May 11, 2020. It concerned an application for discovery pursuant to 28 U.S.C. § 1782, a federal statute which permits a district court to order a person within its jurisdiction to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a) (hereinafter, "Section 1782"). This Section 1782 proceeding, in particular, implicates issues of significant public concern: namely, records relating to Applicant Hornbeam Corporation's ("Hornbeam") claims that two Ukrainian billionaires funneled millions of dollars of illicitly obtained funds into U.S. commercial property purchases from approximately 2008 through 2013. *See, e.g.*, Verified Complaint, *Joint Stock Company Commercial Bank Privatbank v. Igor Kolomoisky et al.*, C.A. No. 2019-0377 (Del. Ch.) (filed May 21, 2019).

Despite the fact that these proceedings have concluded, ten judicial records entered between April 20, 2016 and April 30, 2019 remain sealed and/or inaccessible on the public docket. Among the Sealed Records are Docket Entries 306 and 307, which were sealed by this Court on November 30, 2018 subject to the explicit holding that the seal would expire one year later, on November 30, 2019. *See* Order, D.E. 304 (Nov. 30, 2018). And, while the entries sealing the remaining Sealed Records between April 20, 2016 and April 30, 2019 do not "state the period of time that the sealed filing shall be sealed," L.R. 5.4(e)(1), all of these records have been sealed for more than one year, and it is clear from the docket that any need for

sealing them has long since lapsed. BuzzFeed therefore respectfully requests that the Court order that these remaining Sealed Records also be immediately unsealed.

Even setting aside the Court's ordering the unsealing of Docket Entries 306 and 307 on November 30, 2019, all the Sealed Records should be unsealed because they are subject to the First Amendment and common law rights of access to judicial records, and neither the parties nor the Court have offered any explanation on the record as to why they are not currently available to the public, including members of the press, like BuzzFeed. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in security the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007) (internal citations and quotations omitted). The Court should therefore permit BuzzFeed to intervene and grant its motion for access to the Sealed Records.

## STATEMENT OF FACTS

In 2001, Ukrainian billionaires Vadim Shulman ("Shulman"), Igor Kolomoisky ("Kolomoisky"), and Gennadiy Bogolyubov ("Bogolyubov") entered into a joint venture agreement to purchase a steel factory in Warren, Ohio; to do so, the three men formed Warren Steel Holdings, LLC ("Warren Steel"), a Delaware entity. *See* Application for Discovery Pursuant to 28 U.S.C. § 1782, D.E. 1, at 4 (Dec. 29, 2014) ("Application for Discovery"). In April 2008, ownership of Warren Steel was transferred to Halliwel Assets, Inc. ("Halliwel"), a corporation with three registered shareholders: Hornbeam Corporation ("Hornbeam") (a Panamanian entity held in

2

trust for Shulman), Panikos Symeou ("Symeou") (who holds shares in trust for Kolomoisky), and Marigold Trust Company Limited (which holds shares in trust for Bogolyubov). *Id.* at 2–3. The beneficial interest of the shares in Halliwel rests with Shulman and the Bracha Foundation ("Bracha"), a Liechtenstein foundation owned by Shulman. *See* Mot. to Stay Proceedings, D.E. 28, at 5 (Apr. 6, 2016).

Hornbeam initiated the above-captioned proceedings on December 29, 2014, seeking discovery pursuant to Section 1782 for use in a contemplated foreign lawsuit in the High Court of Justice, British Virgin Islands. *See* Application for Discovery at 2–3. According to Hornbeam, Shulman was "never compensated " for his initial $28.5 million investment" in Warren Steel, and alleged that Kolomoisky and Bogolubov "appear to be using entities and individuals under their control to execute an elaborate self-dealing scheme focused on exploiting Warren Steel." *Id.* at 4. The request was granted on February 11, 2015. *See* Order Granting Hornbeam Corporation's Application for Discovery Pursuant to 28 U.S.C. § 1782, D.E. 12 (Feb. 11, 2015), D.E. 12 ("Section 1782 Order").

No subpoenas were served until March 2016, *see* Order, D.E. 54, at 2 (July 13, 2016), at which time numerous interested parties, including Halliwel and Symeou, sought to intervene in the action and, *inter alia*, eventually moved to quash the subpoenas. *See, e.g.*, D.E. 15, 17, 249, 252. In July 2018, the Court entered a protective order governing the parties' access to records and testimony obtained by the subpoenas. *See* Stipulated Protective Order, D.E. 224 (July 12,

3

2018); *see also* Order Amending Stipulated Protective Order, D.E. 318 (Apr. 7, 2019).

Extended litigation regarding the scope and propriety of the discovery ensued over the next several years. The Eleventh Circuit on January 14, 2020 vacated the Section 1782 order "[g]iven Hornbeam's recent concession that legal proceedings in the British Virgin Islands will not be instituted," and remanded to this Court "to decide in the first instance whether the discovery already obtained should be destroyed as appellants request." *In re Hornbeam Corp.*, 790 F. App'x 199, 201 (11th Cir. 2020). Thereafter, Hornbeam filed a Motion to Amend the Stipulated Protective Order seeking to use discovery obtained in the above-captioned proceeding in ongoing litigation in Delaware. *See* D.E. 355 (Mar. 3, 2020). On March 17, 2020, this Court denied Hornbeam's motion and ordered Hornbeam to destroy all documents collected and retained within fourteen days. *See* Order, D.E. 358, at 8. The case was terminated on May 11, 2020.

Proposed Intervenor BuzzFeed is a global news organization that provides original online reporting across multiple platforms. BuzzFeed has over 50 million unique monthly visitors to its News site. Investigative journalists at BuzzFeed News have extensively reported on Ukraine, including Kolomoisky, in particular, and his ties to the administration of President Donald Trump. *See* Michael Sallah, Tanya Kozyreva, Aubrey Belford, *Two Unofficial US Operatives Reporting To Trump's Lawyer Privately Lobbied A Foreign Government In A Bid To Help The President Win in 2020*, BuzzFeed, July 22, 2019, https://perma.cc/BQJ7-7RFW;

4

Michael Sallah, Tanya Kozyreva, Christopher Miller, *This Billionaire Oligarch Is Being Investigated By A US Federal Grand Jury For Alleged Money Laundering*, BuzzFeed, May 19, 2020, https://perma.cc/8SUR-ZUHH.

In furtherance of its newsgathering and reporting, BuzzFeed seeks an order from the Court to unseal the Sealed Records and/or make previously unsealed records accessible on the public docket.

## ARGUMENT

### I. BuzzFeed's Motion to Intervene Should be Granted.

The Eleventh Circuit has long recognized that members of the news media have the right to intervene in litigation for the limited purpose of seeking access to sealed judicial documents. *See, e.g.*, *Tribune Co. v. United States*, 784 F.2d 1518 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983) ("This Court has upheld the press's standing to seek access in suits to which it is not a party."). Consistent with this well-settled law, BuzzFeed should be permitted to intervene for the limited purpose of seeking an order unsealing the Sealed Records and access to previously unsealed records.

### II. Docket Entries 306 and 307 Should Be Unsealed Because The Court Already Ordered Them Unsealed as of November 30, 2019.

On November 30, 2018, this Court granted two motions to seal: one filed by Hornbeam seeking to file certain deposition transcripts under seal, *see* D.E. 300,

5

and one filed by Subpoena Respondents[1] seeking to file a "Composite Exhibit A" to Subpoena Respondents' and Intervenors' Consolidated Motion for Entry of an Order Requiring Hornbeam Corporation to Provide Subpoena Respondents Certifications of Recipients of Confidential Information and for an Order Setting a Final Discovery Cutoff Date of December 18, 2018, which "contains excerpts of deposition transcripts of depositions" taken on March 23, 24, and 25 of 2018, D.E. 301 at 2. *See* D.E. 304. In its Order, this Court stated "that the sealed exhibits shall remain under seal for one year, until November 30, 2019." *Id.* Because the Court ordered these records unsealed nearly eight months ago, BuzzFeed respectfully requests that the Court instruct the Clerk of the Court to make D.E. 306 and 307 available on the public docket.

Likewise, though the other Sealed Records were not sealed pursuant to orders that expressly "state[d] the period of time that the sealed filing shall be sealed," L.R. 5.4(e)(1), more than one year also has passed since those documents were sealed. Accordingly, BuzzFeed respectfully requests that the Court order those remaining Sealed Records immediately unsealed as well. Indeed, it is clear from review of the docket that the reasons for sealing several of the remaining Sealed Records has lapsed.

---

[1] The Subpoena Respondents are listed as CC Metals and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC.

6

Docket Entry 78, for example, is a "confidential statement of claim" that had been filed in the English High Court of Justice but not yet made public. *See* Intervenors Panikos Symeou and Halliwel Assets, Inc.'s Mot. for Leave to File Under Seal, D.E. 77, at 1 (June 30, 2017). The motion "request[ed] that the Statement of Claim remain under seal through and past the final resolution of this matter, including during any period of appeal taken by any party to this case, or until such time as the Statement of Claim is made publicly available[.]" *Id.* Both events listed have come to pass in the intervening three years—these proceedings have terminated, and these documents have since been made public. *See generally Shulman v. Kolomoisky et al.*, [2018] EWHC (Ch) 160 (Eng.), *available at* http://www.bailii.org/ew/cases/EWHC/Ch/2018/160.html.

Several of the remaining Sealed Records also appear to reflect materials related to the same English Statement of Claim. *See* Vadim Shulman's Mot. for Leave to Seal, D.E. 107 (Aug. 15, 2017) (requesting sealing of information "relat[ed] to Mr. Bogolyubov's filings in the English court"); Intervenors Panikos Symeou, Halliwel Assets, Inc. and Igor Kolomoisky's Mot. for Leave to File Under Seal, D.E. 134, at 1 (Oct. 13, 2017) (requesting sealing of "Appendix 'A'" because it "quotes language from the sealed exhibit recorded as ECF 78). For the same reasons, these records at D.E. 78, 90, 110, 135, and 138 should be unsealed.

### III. The Sealed Records Are Judicial Records to Which BuzzFeed Has a First Amendment and Common Law Right of Access.

As detailed above, this Court ordered Docket Entries 306 and 307 unsealed nearly eight months ago, and the remaining Sealed Records should similarly be

7

unsealed because the reasons for sealing have long since lapsed. Further, public access should be granted because the Sealed Records are subject to the First Amendment and common law rights of access to civil court proceedings and neither the parties nor the Court have offered any explanation on the record as to why they are not currently available to the public.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224 (11th Cir. 2013) (ellipses in original) (quoting *Hickin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)). As a result, it is undisputed that the press and public enjoy a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commcn's*, 435 U.S. 589, 597 (1978).

Although the right of access does not apply to discovery merely exchanged between parties, once discovery is used "in connection with pretrial motions that require judicial resolution of the merits," the filed material becomes "subject to the

8

common-law right." *Romero*, 480 F.3d at 1245 (quoting *Chicago Tribune*, 263 F.3d at 1312); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (even though protective order provided some confidentiality to discovery, once the materials become part of a motion, they "lose their status of being 'raw fruits of discovery'"). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). It makes no difference whether the pretrial motions are dispositive: "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Romero*, 480 F.3d at 1246 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Here, because the Sealed Records were submitted to the Court for purposes of seeking or opposing an adjudication, *see Brown*, 960 F.2d at 1016—specifically, the adjudication of Hornbeam's application for an order under Section 1782 and, *inter alia*, related intervening parties' motions to intervene in the proceedings, amend or quash subpoenas issued pursuant to that application, and to seek the destruction of documents produced pursuant to those subpoenas—they are accorded a "heavy" presumption in favor of access under both the common law and the First Amendment. *In re Gushlak*, No. 11-MC-0218 (NGG) (JO), 2012 WL 3683514, *3 (E.D.N.Y. July 27, 2012), *report and recommendation adopted*, No. 11-MC-218 (NGG), 2012 WL 3779229 (E.D.N.Y. Aug. 30, 2012) (finding that a qualified First Amendment right of access applies to documents filed in conjunction with a Section

9

1782 application); *see also In re Application of Storag Etzel GMBH*, No. 19-mc-209, 2020 WL 2949742 (D. Del. Mar. 25, 2020) (finding that a qualified First Amendment right of access and presumptive common law right of access apply to documents filed in conjunction with a Section 1782 application). It is clear that the Sealed Records "directly affect[ed] [the] adjudication" of this Section 1782 proceeding and various motions filed in connection therewith; as such, the presumption not only applies, the Sealed Records are undeniably judicial documents "entitled to the strongest presumption of public access." *In re Gushlak*, 2012 WL 3683514, at *3.

Further, the public's interest in observing the judicial process is particularly salient here. Section 1782 proceeding are not ordinary discovery proceedings. In determining whether to grant a Section 1782 application, a federal district court is tasked with evaluating whether a litigant to a legal proceeding outside the United States may subject individuals or companies within their district to discovery for use in the foreign proceeding. *See* Section 1782 Order. Further, in this case, the Court continued to oversee extensive litigation concerning this discovery that spanned more than five years—devoting a significant amount of judicial resources that the public is entitled to oversee.

Where, as here, the public has a qualified First Amendment right to inspect them, judicial documents may remain sealed only if—and to the extent that—shielding them from public view "is essential to preserve higher values." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). Such sealing must be supported by "specific, on the record findings" demonstrating

10

that it is "essential," and must be "narrowly tailored." *Press-Enterprise Co v. Superior Court*, 478 U.S. 1, 13–14 (1986) (quoting *Press-Enterprise I*, 464 U.S. at 510), Assuming, *arguendo*, that any party to this proceeding can satisfy its burden to demonstrate a compelling countervailing interest sufficient to overcome the public right of access to these judicial documents, continued sealing of the Sealed Records should be no broader than necessary to "serve that interest." *Press-Enterprise I*, 464 U.S. at 510; *see also Frisby v. Schultz*, 487 U.S. 474 (1988) (narrow tailoring "targets and eliminates no more than the exact source of the 'evil' it seeks to remedy").

## CONCLUSION

For the foregoing reasons, BuzzFeed respectfully requests that the Court grant its motion to intervene and enter an order requiring the Clerk of the Court to immediately unseal and make available on the public docket the judicial documents reflected at docket entries 36, 78, 90, 110, 135, 138, 287-1, 306, 307, and 322.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel certifies that counsel for BuzzFeed conferred with the parties in a good faith effort to resolve the issues raised in the Motion and has been unable to do so.

Counsel for Hornbeam indicated that Hornbeam does not oppose the unsealing of docket entries 78 and 135. Further, Hornbeam opposes the unsealing of docket entries 287-1 and 322 and does not consent to the unsealing of docket entries 306 and 307 due to its concerns about "attorney's eyes only" designations in those entries. Further, because Hornbeam's current counsel cannot confirm the

11

contents of docket entries 36, 90, 110, and 138, it cannot take a position and seeks the Court's guidance on whether these docket entries should remain sealed.

Counsel for Subpoena Respondents CC Metal and Alloys, LLC, Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36ST, LLC, as well as Intervenors Panikos Symeou and Halliwel Assets, Inc., indicated that they do not oppose unsealing docket entries 36, 78, 110, 135, 138, and take no position on the unsealing of certifications at docket entry 287-1. Counsel further indicated that they oppose the unsealing of docket entry 307 (containing portions of deposition transcripts that Hornbeam sought to file under seal) but do not oppose unsealing of docket entry 306 (containing portions of deposition transcripts related to the designation of such material as attorneys' eyes only). Counsel further indicated that they cannot take a position on docket entries 90 and 322 because counsel cannot confirm the contents of those docket entries.

Respectfully submitted,

*/s/ Henry P. Bell*
Henry P. Bell
**Bell Rosquete Reyes Esteban, PLLC**
999 Ponce de Leon Boulevard
Suite 1120 PH
Coral Gables, FL 33134
Phone: 305-570-1610
Facsimile: 305-570-1599
hbell@brresq.com
legal@brresq.com

-and-

                    Katie Townsend*
                    **THE REPORTERS COMMITTEE FOR**
                    **FREEDOM OF THE PRESS**
                    1156 15th St. NW, Suite 1020
                    Washington, D.C. 20005
                    Phone: 202.795.9300
                    Facsimile: 202.795.9310
                    ktownsend@rcfp.org
                    jnelson@rcfp.org
                    *\* Pro Hac Vice Pending*

                    ***Counsel for BuzzFeed, Inc.***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Intervene and Unseal Judicial Documents was served by the CM/ECF system, on August 3,, 2020, on all counsel or parties of record on the service list.

                                                      */s/ Henry P. Bell*
                                                      Henry P. Bell
                                                      FLB: 090689

**SERVICE LIST**

Jorge David Guttman
William King Hill
Joshua A. Levine
GUNSTER
600 Brickell Avenue
Suite 3500
Miami, FL 33131
Tel: 305-376-6054
Fax: 305-376-6010
jguttman@gunster.com
whill@gunster.com
jlevine@gunster.com
*Counsel for CC Metal and Alloys, LLC;*
*Felman Production, LLC; Felman Trading, Inc.;*
*Georgian American Alloys, Inc.; Mordechai Korf;*
*Optima Acquisitions, LLC; Optima Group, LLC;*
*Optima Fixed Income, LLC;*
*Optima Ventures, LLC; Optima International*
*of Miami, Inc.; and 5251 36ST, LLC.*

Bruce S. Marks
Thomas Sullivan
Marks & Sokolov, LLC
1835 Market Street, 17th Floor
Philadelphia, PA 19103
Tel: 215-569-8901
marks@mslegal.com
tsullivan@mslegal.com
*Counsel for Halliwel Assets, Inc. and Panikos Symeou*

Jane Wollner Moscowitz
Moscowitz & Moscowitz, P.A.
2525 Ponce de Leon Blvd
Suite 1000
Coral Gables, FL 33134
Tel: 305-379-6700
Fax: 305-379-4404
jmoscowitz@moscowitz.com
*Counsel for Bracha Foundation and Hornbeam Corp.*

Andrew Russell Kruppa
Squire Patton Boggs LLP
200 S. Biscayne Blvd.,
Suite 4700
Miami, FL 33131-2398
Tel: 305-577-7712
Fax: 305-577-7001
andrew.kruppa@squirepb.com
*Counsel for Optima Specialty Steel*

Edward Maurice Mullins
Sujey Scarlett Herrera
Reed Smith LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131-2847
Tel: 786-747-0200
Fax: 786-747-0299
emullins@reedsmith.com
sherrera@reedsmith.com
*Counsel for Haliwell Assets, Inc.,*
*Panikos Symeou, and Igor*
*Kolomoisky*

Tucker Harrison Byrd
Byrd Campbell, P.A.
180 Park Avenue North
Suite 2A
Winter Park, FL 32789
Tel: 407-392-2285
Fax: 407-392-2286
tbyrd@byrdcampbell.com
*Counsel for Bracha Foundation*
*and Hornbeam Corp.*

14