UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-24887-MC-SEITZ/LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

_____/

**APPLICANT, HORNBEAM CORPORATION'S,
AND INTERVENORS, VADIM SHULMAN'S AND
BRACHA FOUNDATION'S, RESPONSE TO MOTION OF
BUZZFEED, INC. TO INTERVENE AND UNSEAL JUDICIAL DOCUMENTS**

Applicant, Hornbeam Corporation ("Hornbeam"), and Intervenors Vadim Shulman ("Shulman") and Bracha Foundation ("Bracha") (collectively, "Applicants"), submit this Response and Memorandum of Law in Opposition to the Motion to Intervene and Unseal Judicial Documents (Doc. 377) filed by Buzzfeed, Inc. ("Buzzfeed"), and state:

### I.  INTRODUCTION

Buzzfeed's request to unseal ten (10) documents (docket entries 36, 78, 90, 110, 135, 138, 287-1, 306, 307, and 322) in this case should be denied as moot with respect to the documents that are already in the public record (docket entries 78 and 135) and denied as to the remaining docket entries (docket entries 36, 90, 110, 138, 287-1, 306, 307, and 322) for reasons set forth below.

### II.  ARGUMENT AND MEMORANDUM OF LAW

**A.  The Court Should Not Unseal The Following Documents.**

**Docket Entry 287-1:**

Buzzfeed's request to unseal docket entry 287-1 should be denied. Contrary to Buzzfeed's assertion, the *ex parte* email communication to the Court, which included Certifications disclosing

persons who had received Confidential Information in this case, lack any substance to the adjudication of the merits in this case. Rather, Applicants' prior counsel submitted the communication to the Court to comply with Section 6(f) of the Stipulated Protective Order (the "SPO"), which provided that "*Certifications will be produced to and kept on file by the Court, and the non-disclosing Party may make an application to have the Certifications produced for good cause*." (Doc. 224 at ¶ 6(f)).  The Court recognized the propriety of sharing the information with third parties, even allowing the Certifications to be kept confidential from the other side under the SPO.  The reasons for sealing the communication and Certifications are known to the Court, and they remained manifest on the face of the documents. Once it received the communication from Applicants' prior counsel, the Court *sua sponte* ordered the clerk to file the communication under seal, excepting it from public disclosure (Doc. 287).

**Docket Entry 322:**

Buzzfeed's request to unseal docket entry 322 should also be denied.  Having reviewed the document, the reasons for sealing it are known to the Court and remain manifest from the face of the document itself.

**Docket Entries 306 and 307:**

As for docket entries 306 and 307, in accordance with the SPO (Doc. 224), as amended, the Subpoena Respondents designated certain portions of the multiple transcripts which comprise docket entries 306 and 307 as "attorney's eyes only" and "confidential."  Although Applicants do not consent to or advocate the continued sealing of the docket entries, Applicants concede this Court's prior orders may preclude the unsealing of those portions.[1]  If the Court is inclined to

---

[1] On May 11, 2020, the Court also ordered Responsive Materials, as defined by the SPO to be destroyed within seven (7) days. (Doc. 375.)

permit the continued sealing of these documents, Applicants request the Court allow for the parties to apply for leave in the future to seek the unsealing of these documents upon good cause shown.

**Docket Entries 36, 90, 110, and 138:**

As for docket entries 36, 90, 110, and 138, Applicants' current counsel has been unable to ascertain the substance and nature of the documents, and therefore takes no position regarding the continued sealing of the documents, but presumes the grounds for their having been originally sealed to remain persuasive.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which furnished a copy of the foregoing via electronic mail to all counsel of record.

*s/ Tucker H. Byrd*
**Tucker H. Byrd**
Florida Bar No. 381632
**Scottie N. McPherson**
Florida Bar No. 085137
**BYRD CAMPBELL, P.A.**
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Primary Email: TByrd@ByrdCampbell.com
Primary Email: SMcPherson@ByrdCampbell.com
Secondary Email: MStanley@ByrdCampbell.com
*Attorney for Applicants*