**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 14-CV-24887-LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION,

Request for Discovery Pursuant to
28 U.S.C. § 1782
_____/

**ORDER**

**THIS CAUSE** is before the Court on Buzzfeed Inc.'s ("Buzzfeed") Motion to Intervene and Unseal Judicial Documents (ECF No. 377). This case was referred to the undersigned United States Magistrate Judge by the Honorable Patricia A. Seitz, United States District Judge, for all proceedings, including judgment and the entry of orders, upon the Parties' notice and consent (ECF Nos. 226; 234). Having reviewed the Motion, the pleadings and being otherwise duly advised on the matter, the Court hereby orders that the Motion be **GRANTED, in part**.

I.   **BACKGROUND**

The underlying dispute from which this discovery proceeding is base arose from the purchase of a steel mill in Ohio by three Ukrainian businessmen and its ownership by their holding company, Warren Steel Holdings, LLC, and subsequently Halliwel Assets Inc. ("Halliwel"). Over time, the relationship deteriorated and one of the businessmen, Vadim Shulman, alleged that the other two businessmen, Igor Kolomoisky and Gennadiy Bogolyubov, had engaged in self-dealing and had essentially shut Shulman out from the operations of their business. Shulman's allegations implicate several companies, individuals, and other entities in Kolomoisky and Bogolyubov's self-dealing scheme. As it pertains to this action, Shulman, through the entity Hornbeam Corporation ("Hornbeam"), brought a 28 U.S.C. § 1782 action before this Court on December 29, 2014,

1

requesting discovery for use in future foreign proceedings in the British Virgin Islands ("BVI") against Kolomoisky, Bogolyubov, and their related entities Halliwel, Marigold, and Panikos Symeou ("Symeou").

On February 11, 2015, United States Magistrate Judge William C. Turnoff granted Hornbeam's 28 U.S.C. § 1782 application for discovery (ECF No. 12), and authorized Hornbeam to serve subpoenas on 15 persons and entities for testimony and documents. Though the case was initially closed shortly thereafter, the litigation did not end there. What followed was more than three years of filings by both Parties that included motions to stay, motions to vacate, motions for reconsideration, objections, and appeals.

Relevant to the instant Motion, the Court entered a Stipulated Protective Order ("SPO") (ECF No. 224) that was later amended (ECF No. 318). The SPO laid out the process by which documents designated as confidential or attorneys' eyes only would be filed under seal; and by which the discovery materials would be disposed of, should the BVI litigation never come to fruition or otherwise end (*id.*). Pursuant to this SPO, ten docket entries were filed under seal (ECF Nos. 36; 78; 90; 110; 135; 138; 287-1; 306; 307; 322).

Ultimately, Hornbeam conceded that foreign proceedings in the BVI would not be instituted, and the Eleventh Circuit vacated the § 1782 order being appealed (ECF No. 209) and remanded for the district court to decide in the first instance whether the discovery already obtained should be destroyed as appellants requested. *In re Hornbeam Corp.*, 790 F. App'x 199, 201 (11th Cir. 2020). The undersigned ultimately ordered that all responsive documents be destroyed by the Parties no later than May 18, 2020, and closed the case on May 11, 2020 (ECF No. 375).

On August 3, 2020, roughly three months after the case was closed, Buzzfeed filed its instant Motion seeking to intervene in the action and have the ten docket entries previously filed

under seal pursuant to the SPO made public (ECF No. 377). Buzzfeed argues that this 28 U.S.C. § 1782 proceeding is of significant public concern and that the sealed documents are subject to the First Amendment and common-law right of access to judicial records (*id*.). The Motion noted that upon conferral, the unsealing of docket entry numbers 78 and 135 were unopposed, and thus the Court entered an order unsealing those documents (ECF No. 380).

Subsequently, Hornbeam and Intervenors Vadim Shulman ("Shulman") and Bracha Foundation ("Bracha") (collectively, "Applicants") filed a response to Buzzfeed's Motion. The Applicants do not oppose Buzzfeed's intervention, but jointly oppose the unsealing of docket entries 287-1 and 322 (ECF No. 384). As for docket entry numbers 306 and 307, Applicants state that they do not consent to or advocate the continued sealing of the docket entries (*id*.). Applicants further state that they take no position regarding the continued sealing of the docket entries 36, 90, 110, and 138, but presume the grounds for their having been originally sealed remain persuasive (*id*.).

Intervenors Halliwel, Symeou and Subpoena Respondents[1] (collectively, "Respondents") also filed a response in opposition to Buzzfeed's Motion (ECF No. 385). Respondents do not challenge Buzzfeed's right to intervene, nor do they challenge the unsealing of the documents with the exception of docket entry 307, a notice of sealed filing with portions of a deposition transcript designated as attorneys' eyes only attached (the "AEO Transcript") (*id*.). Respondents argue that Buzzfeed has no qualified First Amendment or common-law right of access to the AEO Transcript as it is a discovery document related solely to a discovery dispute, unrelated to the merits of the case (*id*.). Respondents further argue that the Court has already found good cause to uphold the

---

[1] The "Subpoena Respondents" are: CC Metals and Alloys, LLC; Felman Production, LLC; Felman Trading, Inc.; Georgian American Alloys, Inc.; Mordechai Korf; Optima Acquisitions, LLC; Optima Group, LLC; Optima Fixed Income, LLC; Optima Ventures, LLC; Optima International of Miami, Inc.; and 5251 36ST, LLC.

AEO Transcript's designation (ECF Nos. 304; 343) and thus the AEO Transcript should not just remain sealed but be stricken from the record and destroyed (ECF No. 385). Buzzfeed filed a reply (ECF No. 389) and the matter is ripe for review.

## II.     DISCUSSION

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The common-law right of access includes the right to inspect and copy public records and documents. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). However, "the right to inspect and copy judicial records is not absolute." *Id.* Rather, the common-law right of access may be overcome by a showing of good cause, a standard that requires a court to balance the public's right of access against the party's interest in keeping information confidential. *Jankula v. Carnival Corp.*, No. 18-CV-24670, 2019 WL 8051714, at *1 (S.D. Fla. July 30, 2019) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). A judge's exercise of discretion in deciding whether to release judicial records should be informed by a "sensitive appreciation of the circumstances that led to ... [the] production [of the particular document in question]." *Nixon*, 435 U.S. at 598, 602–03, 98 S. Ct. at 1312, 1314–15. "Not unlike the Rule 26 standard, the common-law right of access requires a balancing of competing interests." *Chicago Tribune Co.*, 263 F.3d at 1311.

"Although there is some disagreement about where precisely the line should be drawn, when applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* (citations

4

omitted). "An illustrative example is the treatment of discovery material, for which there is no common-law right of access, as these materials are neither public documents nor judicial records." *Id*. (citation omitted) (holding that the "rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right."); *see also Jankula*, 2019 WL 8051714, at *1 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the public's common law right of access to judicial proceedings.") (citing *Romero*, 480 F.3d at 1245).

In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; and (6) the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246. Importantly, "the presumption of public access is much stronger with regard to dispositive documents that relate to the merits of the case." *Id*. at 1245-6.

As an initial matter, the Parties do not challenge Buzzfeed's assertion that it has standing to intervene in these proceedings to ask that court records be unsealed. The Parties' failure to challenge this aspect of the Motion is sufficient cause for the Court to accept that Buzzfeed has standing to bring the Motion. *See Jankula*, 2019 WL 8051714, at *1. Furthermore, the Parties do not contest the unsealing of docket entries 36, 90, 110, 138 and 306. Because there has been no showing of good cause to overcome the common-law right of access, and because the Court finds there is nothing within these documents that would injure the Parties if made public, the Court

orders that docket entries 36, 90, 110, 138 and 306 be unsealed.

### i. Docket Entry 287-1

Docket entry 287-1 is an *ex parte* communication that was filed as an attachment to an order directing the Clerk of the Court to file said communication under seal pursuant to Section 6(f) of the SPO (ECF No. 287). Buzzfeed does not put forth any specific argument as to why this particular document should be unsealed. Applicants argue that this *ex parte* email communication to the Court, which included certifications disclosing persons who had received confidential information in this case, lacks any substance to the adjudication of the merits in this case (ECF No. 384 at 2). Rather, the Applicants aver that this *ex parte* communication was merely provided to the Court pursuant to the SPO, which states that "[c]ertifications will be produced to and kept on file by the Court" (ECF No. 224). Applicants aver that because the document has no relation to the merits of the case, it should not be made public. The Court agrees.

"[M]aterial filed in connection with pretrial motions *that require judicial resolution of the merits* is subject to the common-law right." *Romero*, 480 F.3d at 1245 (citing *Chicago Tribune Co.*, 263 F.3d at 1312) (emphasis added). The filing of this *ex parte* communication had no bearing on the merits of the case. It was merely filed to adhere to the SPO, which governed the Parties' discovery. As such, the Court finds that docket entry 287-1 should remain sealed.

### ii. Docket Entry 322

As for docket entry 322, Applicants aver that the reasons for sealing it are known to the Court and remain manifest from the face of the document itself, and thus the document should remain sealed (ECF No. 384 at 2). While not the most persuasive argument standing alone, upon a review of the sealed document, the undersigned agrees. Docket entry 322 includes a February 2019 court order from the Northern District of Ohio, which specifically states that the order is to

remain sealed until further order of the court. It does not appear that the Norther District of Ohio ever ordered that its February 2019 order be unsealed, and thus this Court finds that it is not proper to unseal the document against the Northern District of Ohio's order.

### iii. Docket Entry 307

The entirety of Respondents' response focuses on docket entry 307, the AEO Transcript, and why it should be permanently sealed or destroyed (ECF No. 385). Buzzfeed contends that by prior order of the Court, the document was to remain under seal only until November 30, 2019, one year after it was ordered sealed (ECF No. 304).

The AEO Transcript was not filed as part of a substantive pretrial motion that required judicial resolution of the merits. Rather, it was filed only in relation to a dispute over the confidentiality designation of the transcript. Upon review of the contested document and the docket as a whole, I find it is not relevant to any dispositive issue in the litigation.

In fact, the document bears no relevance to the case at all, which is why the document was designated as for attorneys' eyes only in the first place. During the deposition from which the AEO Transcript was derived, the deponent was asked questions beyond the scope of discovery authorized (*see* ECF Nos. 267, 343). This included personal and financial questions bearing no relevance to the case. Rather than halting the deposition to seek an additional protective order, Respondents continued in good faith under the existing SPO, and allowed the deposition to continue uninterrupted, electing instead to designate the testimony as attorneys' eyes only. As this Court has already recognized, failure to protect a party's reliance on a protective order would not only prejudice the confidentiality interests of the party, "it would undermine the effectiveness of protective orders in facilitating discovery." *In re Hornbeam Corp.*, No. 14-CV-24887, 2020 WL 1302217, at *3 (S.D. Fla. Mar. 17, 2020) (citing *State ex rel. Butterworth v. Jones Chemicals, Inc.*

7

*(Fla.)*, 148 F.R.D. 282, 288 (M.D. Fla. 1993)).

Good cause also exists for excluding the AEO Transcript from the common-law right of access. When the attorneys' eyes only designation of the AEO Transcript was challenged by Hornbeam after the deposition, this Court held that Respondents had met their burden under Federal Rules of Civil Procedure Rule 26(c) (ECF No. 343). The Court found that the AEO Transcript was properly designated as for attorneys' eyes only because the materials were sensitive, personal and beyond the scope of discovery in this case (*id.*). These findings still hold true, and the document's unsealing would harm legitimate privacy interests of the deponent.

Buzzfeed's central argument for unsealing is predicated on the expiration of the order sealing the document for one year (ECF No. 304). Its reliance on the one-year period is misplaced here, as the Court imposed a specific time frame for procedural reasons only, pursuant to Local Rule 5.4(e)(1), which states that "[a]n order granting a motion to seal shall state the period of time that the sealed filing shall be sealed." Notwithstanding the expiration of the sealing order, the document has not been unsealed. In light of the continuing objection to its unsealing of docket entry 307 due to the sensitive nature and content of the AEO Transcript, and its irrelevance to the case at hand, docket entry 307 will remain under seal and the Motion is denied with respect to this docket entry.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Buzzfeed's Motion to Intervene and Unseal Judicial Documents (ECF No. 377) be **GRANTED, in part**. The Court finds that Buzzfeed has a right to intervene in the litigation for the limited purpose of seeking access to sealed judicial documents. The clerk of the Court is **ORDERED** to unseal docket entries 36, 90, 110, 138 and 306.

The Motion is **DENIED** with respect to Buzzfeed's request to unseal docket entries 287-1, 322 and 307; these docket entries shall remain under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 4th day of October, 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE