**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-CV-24887- LOUIS

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782
_____/

**ORDER**

This cause comes before the Court on Applicants Hornbeam Corporation's ("Hornbeam"), Vadim Shulman, and Bracha Foundation (collectively "Applicants") Motion to Amend the March 17, 2020 Order (ECF No. 392). Halliwel Assets, Inc., Panikos Symeou, and Subpoena Respondents[1] (collectively "Respondents") responded in opposition (ECF No. 394), to which Applicants replied (ECF No. 397). The matter being fully briefed, and the Court being otherwise duly advised on the matter, the Motion is ripe for disposition.

**I.   BACKGROUND**

This matter stems from an underlying 28 U.S.C. § 1782 proceeding though which Applicants sought to obtain discovery from Respondents for use in contemplated litigation in the British Virgin Isles ("BVI Litigation"). During the course of the proceedings, this Court entered a Stipulated Protective Order ("SPO") (ECF No. 224) that was then modified (ECF No. 318). The SPO laid out the process by which the discovery materials (the "Responsive Materials") would be disposed of, should the BVI Litigation never come to fruition or otherwise end. It states in Section 15(c):

---

[1] The "Subpoena Respondents" are CC Metals and Alloys, LLC; Felman Production, LLC; Felman Trading, Inc.; Georgian American Alloys, Inc.; Mordechai Korf; Optima Acquisitions, LLC; Optima Group, LLC; Optima Fixed Income, LLC; Optima Ventures, LLC; Optima International of Miami, Inc.; and 5251 36ST, LLC.

1

> The Responsive Materials must be destroyed if Hornbeam does not initiate the BVI Litigation within one year of the date of issuance of this Amended Protective Order. The one-year period shall be tolled during any time period this Court or the United States Court of Appeals for the Eleventh Circuit stays the use of the Responsive Materials. Any Party may request an extension of this one-year deadline by Motion to this Court, and non-requesting party can object by letter within three business days.

(ECF No. 224).

The BVI Litigation was not brought within a year of the Order, and though the time to destroy the Responsive Materials was once extended (ECF No. 328), Applicants filed yet another motion to extend the deadline for destruction in August of 2019 (ECF No. 335). In January of 2020, before the motion to extend the destruction deadline was ruled upon, the Eleventh Circuit vacated the § 1782 order allowing for discovery, holding that:

> Given Hornbeam's recent concession that legal proceedings in the British Virgin Islands will not be instituted, the discovery allowed by the district court is not for use in a foreign proceeding. *See In Re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). We therefore vacate the § 1782 order being appealed, *see* D.E. 209, and remand for the district court to decide in the first instance whether the discovery already obtained should be destroyed as appellants request.

*In re Hornbeam Corp.*, 790 F. App'x 199, 201 (11th Cir. 2020).

Thereafter, Applicants filed a Motion to Amend the SPO (ECF No. 355). In that motion Applicants averred that although they abandoned filing suit in the BVI, they instead were joining an action against many of the same entities in an action in Delaware (the "Delaware Litigation")[2] (ECF No. 355 at 7). They averred that the interests of justice dictate that they should be allowed to use the discovery so far collected to further their suit in Delaware. They stated that "[f]ederal courts have ruled that documents obtained in a § 1782 proceeding may be used in a proceeding initiated in the United States" and relied on *Glock v. Glock, Inc.*, 797 F.3d 1002, 1009 (11th Cir.

---

[2] The Delaware Litigation is captioned *Shulman v. Kolomoisky, et al.*, C.A. No. 2019-0678-JRS, and was filed in the Court of Chancery of the State of Delaware.

2

2015) for the proposition that evidence obtained in a § 1782 proceeding does not preclude the use of that evidence in subsequent litigation in the United States (ECF No. 355 at 8). That same day, Respondents filed a Motion to Compel Compliance with the SPO and for an Order to Show Cause Why the Hornbeam Parties Should Not be Held in Contempt and Pay Attorneys' Fees (ECF No. 356).

On March 17, 2020, this Court entered an order (the "March 17, 2020 Order") (ECF No. 358) denying Applicants' Motion to Further Extend the Deadline for the Destruction of Responsive Materials (ECF No. 335); denying Applicant's Motion to Amend the SPO (ECF No. 355); granting, in part, Respondents' Motion to Compel Compliance with the Stipulated Protective Order and for an Order to Show Cause Why the Hornbeam Parties Should Not be Held in Contempt and Pay Attorneys' Fees (ECF No. 356); and ordering Applicants to destroy all documents collected and retained as part of this § 1782 proceeding within 14 days and certify to this Court compliance on the date it is completed. On March 31, 2020, Applicants filed their Objections to and Appeal of the March 17, 2020 Order (ECF No. 364), which the Court struck as procedurally defective because 28 U.S.C. § 636(c)(3), Federal Rule of Civil Procedure 73(c) and Southern District of Florida Magistrate Rule 4(e) required such an appeal to be taken to the Eleventh Circuit Court of Appeals (ECF No. 373). No such appeal was ever brought.

In October 2020, Applicants filed the instant Motion to Amend the March 17, 2020 Order over six months after it was entered. Though the specific amendments Applicants seek are not clear from the Motion, they ask that the March 17, 2020 Order be amended "to allow the Delaware Court to proceed unimpeded by this Court's prior treatment of the Responsive Materials" (ECF No. 392 at 1). Specifically, Applicants claim that "[t]o avert a comity controversy between the Delaware Court and this Court, Applicants respectfully request the Court to amend the March 17,

2020 Order, acknowledging and affirming the propriety of the Delaware Court's making its own independent rulings on the discoverability of the Responsive Materials in the hands of the Intervenors" (*id.* at 2).

Respondents filed a Joint Memorandum of Law in Opposition to the Motion to Amend (the "Response"), arguing that the Motion to Amend fails to meet the Federal Rule of Civil Procedure 60(b) standard for amending a final order, and that there is no comity conflict between this Court and the Delaware Court (ECF No. 394). In Reply, Applicants contend that exceptional circumstances exist to justify their motion under Federal Rule of Civil Procedure 60(b); that a comity conflict exists; and that Halliwell and Symeou's representation that they would "preserve the Responsive Materials in order for the Hornbeam Parties to seek discovery in the Delaware Action" should be given effect (ECF No. 397).

## II. STANDARD OF REVIEW

This Court's March 17, 2020 Order was a final order under 28 U.S.C. §1291 that was appealable to the Eleventh Circuit Court of Appeals, as previously held by this Court in its May 4, 2020 Order (ECF No. 373) (finding that Applicant's objections to and appeal of the March 17, 2020 Order needed to be brought before the Eleventh Circuit Court of Appeals). *See also Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031, 1034 (11th Cir. 2017) ("In a § 1782 proceeding, the underlying case is necessarily conducted in a foreign tribunal. Therefore, once the district court has ruled on the parties' motions concerning the evidentiary requests, there is no further case or controversy before the district court" and thus such evidentiary orders are immediately appealable) (citations omitted); *Fuhr v. Credit Suisse AG*, 687 F. App'x 810, 814 (11th Cir. 2017) (adopting sister circuits' findings "that orders under § 1782 are immediately appealable.").

Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." If a motion to amend or alter a judgment is not timely filed, it falls under Federal Rule of Civil Procedure 60(b). *See Stansell v. Revolutionary Armed Forces of Colombia (Farc)*, No. 8:09-CV-2308-T-26MAP, 2013 WL 12132056, at *4 (M.D. Fla. Apr. 12, 2013) (finding that a motion to alter or amend under Rule 59(e) that is not timely filed "is converted into a Rule 60(b) motion and must meet the exceptional circumstances standard"); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"Rule 60(b) permits a party to move for relief from a final judgment under certain specific circumstances, such as surprise, excusable neglect, newly discovered evidence, and fraud by an opposing party." *Santiago-Lugo v. Warden, FCC Coleman-USP-1*, 392 F. App'x 675, 677 (11th Cir. 2010) (citing Fed. R. Civ. P. 60(b)(1), (6)). The catchall provision, Rule 60(b)(6), authorizes relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Santiago-Lugo*, 392 F. App'x at 677 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)).

### III.   ANALYSIS

Applicants' Motion to Amend requests "this Court to amend its March 17, 2020 Order to allow the Delaware Court to proceed unimpeded by this Court's prior treatment of the Responsive Materials" but provides no legal basis for its entitlement to such relief. The Motion to Amend fails to state what rule Applicants are moving under or provide any case law to support entitlement to an amended order. In Applicants' Reply, however, it is averred that exceptional circumstances exist to meet the Rule 60(b)(6) standard, though it is not made clear what those exceptional

circumstances are. The fact that Applicants sought to discover in the Delaware Litigation all Responsive Materials that were produced in this action is not an exceptional circumstance, or even a new one. Applicants already argued their desire to use the Responsive Materials in the Delaware Litigation as grounds for amending the SPO (ECF No. 355), which the March 17, 2020 Order denied (ECF No. 358). Nor does the Court find that Halliwell and Symeou's offer to "preserve Responsive Materials in order for the [Applicants] to seek discovery in the Delaware Action" (ECF No. 356) amounts to an exceptional circumstance that would require or justify an amended order. The Court was aware of this offer at the time the March 17, 2020 Order was entered, and the Court only ordered the destruction of documents by the Applicants, not Respondents.

Perhaps most importantly, Applicants have failed to advance a reason that justifies the relief being sought, namely an amended order. Applicants claim that the March 17, 2020 Order must be amended to "avert a comity controversy" and affirm "the propriety of the Delaware Court's making its own independent rulings on the discoverability of the Responsive Materials in the hands of the Intervenors." Yet, Applicants point to nothing within in the March 17, 2020 Order that would prevent the Delaware Court from making its own independent rulings on the discoverability of certain materials.

In fact, the March 17, 2020 order specifically recognizes "the non-controversial proposition that evidence discovered through § 1782 proceedings is not categorically prohibited from being used in domestic proceedings solely on the grounds that it was so obtained" (ECF No. 358 at 6) (citing *Glock*, 797 F.3d at 1009). The March 17, 2020 Order found that this proposition did not require the amending of the SPO; it did not find that Responsive Materials in the hands of Respondents could not be produced in response to relevant discovery requests in the Delaware Litigation. As Respondents note in their Response, nothing in the March 17, 2020 Order restricts

the Applicants from serving proper document requests or third-party subpoenas in the Delaware Litigation, or the Delaware Court from ruling on objections (ECF No. 394 at 2). As the Southern District of New York also recognized in its order denying any amendment to, and ordering the enforcement of, the protective order in that related *Hornbeam* case,[3] the Responsive Materials are still available and "any determination as to the discoverability of these materials in another case is left to the judge overseeing that case" (ECF No. 392-3 at 9).

For the forgoing reasons, Applicants Motion to Amend the March 17, 2020 Order (ECF No. 392) is **DENIED**.

**DONE AND ORDERED** in Chambers this 12th day of March, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[3] The Southern District of New York action is captioned *In Re Application of Hornbeam Corp.*, Case No. 14-mc-424.